ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
adrian.barrio@gmlawyers.com

Attorneys for Plaintiff
BANAFSHEH AKHLAGHI,
on behalf of herself and all others
similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANAFSHEH AKHLAGHI, on behalf of herself and all others similarly situated, | Case No.: 4:19-cv-3754 |
| | **CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR BENEFITS, DETERMINATION OF RIGHTS AND BREACH OF FIDUCIARY DUTY UNDER ERISA** |
| v. | |
| CIGNA CORPORATION; CIGNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Defendants. | |

Plaintiff, Banafsheh Akhlaghi ("Plaintiff"), on behalf of herself and all others similarly situated, herein sets forth the allegations of her Complaint against Defendants Cigna Corporation and Cigna Health and Life Insurance Company.

## INTRODUCTION

1.      Defendants Cigna Corporation and Cigna Health and Life Insurance Company ("hereinafter "Cigna") is in the business of insuring and/or administering health insurance plans (both fully insured and self-insured), most of which are employer-sponsored and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. ("Cigna plans").

2.      With respect to all Cigna plans, Cigna Health and Life Insurance Company serves as the claims administrator, responsible for determining whether claims are covered under Cigna plans (both fully insured and self-insured) and effectuating any resulting benefit payment. Cigna Corporation aids Cigna Health and Life Insurance Company in its administrative duties by, among other things, participating with Cigna Health and Life Insurance Company in the development of coverage guidelines, including "Medical Coverage Policy No. 0531, Surgical Treatments for Lymphedema and Lipedema." Cigna Corporation also collaborates with Cigna Health and Life Insurance on the types of claims that will be approved or denied and assists it in carrying out its various other administrative duties. As such, Defendants have acted as ERISA fiduciaries with respect to all Cigna plans, including Plaintiff's plan.

3.      Plaintiff brings this action to address Cigna's practice of improperly denying claims for surgical treatment of lipedema made by patients under Cigna plans. As set forth below, Cigna denies claims for the surgical treatment of lipedema on the basis it is excluded from coverage as "experimental, investigational or unproven." Lipedema is a rare condition that is chronic, progressive, painful, and immobilizing. It involves an abnormal buildup of adipose (fat) tissue, usually in the lower body but sometimes in the arms. Often misdiagnosed as obesity or lymphedema, lipedema

primarily affects women. Surgical treatment of lipedema is not unproven. It is the only available therapy for this condition and has been the subject of various studies that show its beneficial effect.

## JURISDICTION AND VENUE

4.     This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) as it involves claims by Plaintiff for employee benefits under employee benefit plans regulated and governed by ERISA. Subject matter jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

5.     The Court has personal jurisdiction over Defendants because ERISA provides for nationwide service of process, and each Defendant has minimum contacts with the Cigna States. 29 U.S.C. § 1132(e)(2).

6.     The claims of Plaintiff and the putative class arise out of policies Defendants issued, administered, and/or implemented in this District. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (setting forth special venue rules applicable to ERISA actions).

## THE PARTIES

7.     Plaintiff was at all relevant times covered under an employee benefit plan regulated by ERISA, pursuant to which Plaintiff is entitled to health care benefits. Plaintiff resides in Alameda County which is located within this District.

8.     Cigna is a corporation with its principal place of business in Bloomfield, Connecticut. Cigna administers and makes benefit determinations related to ERISA health care plans around the country.

## SUBSTANTIVE ALLEGATIONS

**A.     Lipedema.**

9.     Lipedema is a rare condition that is chronic, progressive, painful, and immobilizing. It involves an abnormal buildup of adipose (fat) tissue, usually in the lower body but sometimes in the arms. Often misdiagnosed as obesity or lymphedema,

lipedema primarily affects women. Symptoms of lipedema include disproportionately large, column-like legs, and disproportionate hips, stomach or buttocks. As lipedema progresses, patients become increasingly heavy in the lower body and expanding fat cells interfere with the pathways of lymphatic vessels. It is estimated that lipedema affects nearly 11% of the adult female population.

10.     One of the most common misconceptions about patients with lipedema is that they suffer, instead, from lifestyle- or diet-induced obesity. Although some patients with lipedema may also have obesity and although the obesity may influence the lipedema subcutaneous adipose tissue, lipedema is a mutually exclusive diagnosis and should be considered as such. Unlike obesity, the adipocyte hypertrophy and swelling associated with lipedema are resistant to change with diet and exercise or bariatric surgery and caloric restriction.

11.     There are four stages of lipedema: Stage 1 in which there is a normal skin surface with enlarged hypodermal adipose tissue; Stage 2 with indentations of the skin and underlying adipose tissue similar to a mattress containing larger mounds of adipose tissue that grow as non-encapsulated masses, lipomas and angiolipomas; Stage 3 where large extrusions of tissue (skin and adipose tissue) cause gross deformations especially on the thighs and around the knees. Lymphedema, where lymph fluid develops dependently on the feet and hands increasing cranially due to dysfunctional lymphatics, can develop during any stage of lipedema, and is called lipolymphedema or Stage 4 lipedema.

12.     As lipedema progresses, it causes pain, mobility problems, joint disorders, and other physical problems that prevent patients from engaging in the activities of daily living.

13.     The only effective treatment for the pain and immobility caused by lipedema is a specialized form of liposuction. This is different from the techniques used for cosmetic liposuction. During this procedure, a solution is injected into the targeted areas. The solution contains epinephrine to help reduce bleeding, bruising, and

swelling and lidocaine as a local anesthetic. The surgeon uses a gentle, vacuum-like instrument to remove excess fat. The removal of this tissue allows patients to gain mobility, reduce or eliminate pain, and lead a productive life.

**B.    Cigna's wrongful denial of lipedema surgery claims.**

14.    Cigna plans exclude from coverage those medical services that Cigna considers "experimental, investigational or unproven."

15.    Cigna maintains and uses internal Medical Coverage Policies that set forth Cigna's coverage position on certain treatments. Cigna employees use these coverage positions when making coverage determinations on certain treatments.

16.    To adjudicate claims for the treatment of lipedema, Cigna uses "Medical Coverage Policy No. 0531, Surgical Treatments for Lymphedema and Lipedema." That Medical Coverage Policy provides in pertinent part:

> Liposuction for the treatment of lipedema is considered experimental, investigational or unproven.

17.    Cigna has followed Medical Coverage Policy No. 0531 and has denied claims for specialized liposuction to treat advanced lipedema in arms, legs, and other body parts on the basis the treatment is "experimental, investigational or unproven."

18.    Contrary to Cigna's position, specialized liposuction to treat the symptoms of lipedema is not experimental, investigational or unproven. It is the only available therapy for this condition and has been the subject of various studies that show its beneficial effect. It is routinely performed at Standford University Medical Center and other leading medical facilities.

**C.    Cigna's denial of Banafsheh Akhlaghi's claim.**

19.    At all relevant times, Plaintiff Banafsheh Akhlaghi was covered under an ERISA health plan through her employer.

20.    Plaintiff was diagnosed with Stage 3 lipedema. Her advanced lipedema has caused her pain, immobility, and other problems.

///

21.     Plaintiff requested that Cigna provide coverage for specialized liposuction to treat her advanced lipedema. Plaintiff's physician submitted information to Cigna setting forth her diagnosis and the proposed treatment.

22.     On April 15, 2019, Cigna sent a written communication to Plaintiff and her physician denying coverage for the proposed surgery. Cigna cited Medical Coverage Policy No. 0531 and stated "there is not enough scientific evidence that shows the safety and/or effectiveness of liposuction for the treatment of lipedema because it is considered experimental/investigational/unproven."

23.     Plaintiff appealed this decision.

24.     On June 12, 2019, Cigna denied the appeal. Cigna stated that:

> As previously noted in the denial letter you received, liposuction for the treatment of lipedema is considered to be experimental/investigational/ unproven. The quality and quantity of data in the current peer-reviewed scientific medical literature is inadequate to establish the clinical utility, safety and efficacy of this treatment for lipedema. The requested service is therefore excluded from coverage under your medical benefit plan as experimental/investigational/unproven.

> Guideline used: Medical Coverage Policy-0531 Surgical Treatment for Lymphedema and Lipedema

25.     Specialized liposuction is the only effective treatment for the pain, immobility and other problems that result from advanced lipedema. In coming to its "experimental, investigational or unproven" position, Cigna has ignored clinical evidence and various studies demonstrating that the surgery is effective and necessary for the treatment of the disabling effects of lipedema. It is routinely performed at Stanford University Medical Center and other leading medical facilities.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to Federal Rules of Civil Procedure Rule 23. Pursuant to Rule 23(b)(1) and (b)(2), Plaintiff seeks certification of the following class:

> All persons covered under ERISA health plans, self-funded or fully insured, that are administered by Cigna and whose claims for specialized liposuction for treatment of their lipedema were denied as "experimental, investigational or unproven" pursuant to Medical Coverage Policy No. 0531.

27.     Plaintiff and the class members reserve the right under Federal Rule of Civil Procedure Rule 23(c)(l)(C) to amend or modify the class to include greater specificity, by further division into subclasses, or by limitation to particular issues.

28.     This action has been brought and may be properly maintained as a class action under the provisions of Federal Rules of Civil Procedure Rule 23 because it meets the requirements of Rule 23(a) and Rule 23(b)1 and (b)(2).

**A.     Numerosity.**

29.     The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable. While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that there are a substantial number of individuals covered under Cigna plans who have been similarly affected.

**B.     Commonality.**

30.     Common questions of law and fact exist as to all members of the proposed class.

**C.     Typicality.**

31.     The claims of the named Plaintiff are typical of the claims of the proposed class. Plaintiff and all members of the class are similarly affected by Cigna's wrongful conduct.

**D.     Adequacy of representation.**

32.     Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed class. Counsel who represent Plaintiff are competent and experienced in litigating large and complex class actions, including class actions against health plans such as Cigna.

**E.     Superiority of class action.**

33.     A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individual joinder of all members of the

1  proposed class is not practicable, and common questions of law and fact exist as to all

2  class members.

3       34.     Class action treatment will allow those similarly situated persons to

4  litigate their claims in the manner that is most efficient and economical for the parties

5  and the judicial system. Plaintiff is unaware of any difficulties that are likely to be

6  encountered in the management of this action that would preclude its maintenance as a

7  class action.

8       **F.     Rule 23(b) requirements.**

9       35.     Inconsistent or varying adjudications with respect to individual members

10  of the class would establish incompatible standards of conduct for Cigna.

11       36.     Adjudications with respect to individual class members would be

12  dispositive of the interests of the other members not parties to the individual

13  adjudications or would substantially impair or impede their ability to protect their

14  interests.

15       37.     Cigna has acted or refused to act on grounds generally applicable to the

16  class, thereby making appropriate final injunctive relief or corresponding declaratory

17  relief with respect to the class as a whole.

18       **FIRST CLAIM FOR RELIEF**
   **DENIAL OF PLAN BENEFITS AND FOR CLARIFICATION OF RIGHTS**

19  **UNDER AN ERISA PLAN [29 U.S.C. § 1132(a)(1)(B)]**

20       38.     Plaintiff and the class members repeat and re-allege each and every

21  allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

22       39.     29 U.S.C. § 1132(a)(1)(B) entitles Plaintiff to recover benefits due and to

23  enforce and clarify her rights to the benefits at issue.

24       40.     As set forth above, Cigna has followed a practice of denying claims for

25  specialized liposuction for the treatment of lipedema on the basis the treatment is

26  "experimental, investigational or unproven" pursuant to Medical Coverage Policy No.

27  0531.

28  ///

41.     Pursuant to its practice, Cigna denied Plaintiff's request for liposuction surgery to treat the symptoms of her lipedema on the basis the treatment is experimental, investigational or unproven. Contrary to Cigna's position, specialized liposuction to treat the symptoms of lipedema is not experimental, investigational or unproven. It is the only available therapy for this condition and has been the subject of various studies that show its beneficial effect. It is routinely performed at Standford University Medical Center and other leading medical facilities.

42.     Plaintiff has exhausted her administrative remedies, as alleged above.

43.     Based on the foregoing, Plaintiff and the class members seek the payment of medical expenses, interest thereon, a clarification of rights, and attorney fees.

## SECOND CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY AND EQUITABLE RELIEF UNDER AN ERISA PLAN [29 U.S.C. § 1132(a)(3)]

44.     Plaintiff and the class members repeat and re-allege each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

45.     As alleged herein, Cigna has acted as an ERISA fiduciary with respect to the administration and claims decisions under Cigna plans and, in particular, has acted as an ERISA fiduciary in denying claims for liposuction to treat lipedema, as alleged herein.

46.     Cigna improperly denied Plaintiff's and the class members' claims for liposuction treatment of lipedema in beach of its fiduciary duties, as alleged herein.

47.     Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiff and the class members seek declaratory, equitable and remedial relief as follows:

        a.     An order declaring that Cigna's denials of claims for liposuction treatment for advanced lipedema are wrong and improper;

        b.     An injunction requiring Cigna to reevaluate and reprocess Plaintiff's and class members' claims without the erroneous denial basis under appropriate and valid medical criteria;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   c. An injunction requiring Cigna to provide notice of the reevaluation and reprocessing in the form and manner required by ERISA to all class members;

   d. An accounting of any profits made by Cigna from the monies representing the improperly denied claims and disgorgement of any profits;

   e. Such other equitable and remedial relief as the Court may deem appropriate; and

   f. Attorneys' fees in an amount to be proven.

<b>REQUEST FOR RELIEF</b>

 Wherefore, Plaintiff and the class members pray for judgment against Cigna as follows:

 1. Benefits denied in an amount to be proven at trial, including interest;

 2. A clarification of rights to future benefits under the plan for all class members;

 3. Injunctive and declaratory relief, as described above;

 4. An accounting of any profits made and retained through the improper denial of claims and disgorgement of any profits;

 5. Attorneys' fees; and

 6. Such other equitable and remedial relief as the Court may deem just and proper.

DATED: June 27, 2019        GIANELLI & MORRIS


            By: /s/ Adrian J. Barrio
               ROBERT S. GIANELLI
               JOSHUA S. DAVIS
               ADRIAN J. BARRIO
               Attorneys for Plaintiff
               BANAFSHEH AKHLAGHI