COOLEY LLP
MAZDA K. ANTIA (214963)
(mantia@cooley.com)
JEANNE L. DETCH (296160)
(jdetch@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121
Phone: (858) 550-6000
Fax: (858) 550-6420

MATTHEW D. CAPLAN (260388)
(mcaplan@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111
Phone: (415) 693-2000
Fax: (415) 693-2222

*Attorneys for Defendants Cigna Corporation
and Cigna Health and Life Insurance Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BANAFSHEH AKHLAGHI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION, and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. 4:19-cv-3754-JST<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Jon S. Tigar<br>Date: October 16, 2019<br>Time: 2:00 p.m.<br>Court: Courtroom 6, 2nd Floor (Oakland) |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST**

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 16, 2019, at 2:00 p.m. or as soon thereafter as this matter can be heard before the Honorable Jon S. Tigar in Courtroom 6, on the 2nd Floor of the Ronald V. Dellums Federal Building and United States Courthouse located at 1301 Clay Street, Oakland, California 94612, defendants Cigna Corporation and Cigna Health and Life Insurance Company (collectively, "Cigna") will and hereby do move the Court for an order dismissing all claims against Cigna pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Cigna moves to dismiss plaintiff Banafsheh Akhlaghi's ("Plaintiff's") first claim for denial of plan benefits and for clarification of rights under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), on the ground that it fails to state factual allegations sufficient to state a claim upon which relief can be granted. Cigna moves to dismiss Plaintiff's second claim for breach of fiduciary duty and equitable relief under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), on grounds that it fails to state a claim upon which relief can be granted.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, and such oral argument and submissions that may be presented at or before the hearing on this motion.

Dated: August 21, 2019

Respectfully submitted,

COOLEY LLP

*/s Mazda K. Antia*
Mazda K. Antia

*Attorneys for Defendants Cigna Corporation and Cigna Health and Life Insurance Company*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 6

II. PLAINTIFF'S ALLEGATIONS .................................................................................... 7

III. ARGUMENT .................................................................................................................. 8

    A. Plaintiff Has Not Pled Facts Sufficient to State a Benefits Claim. .............................. 8

    B. Plaintiff Has Not Pled Facts Sufficient to State an Equitable Claim. ........................ 10

IV. CONCLUSION ............................................................................................................. 12

Cooley LLP
Attorneys At Law
San Diego

3

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*,
  861 F.2d 1406 (9th Cir. 1988) ................................................................................................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................8, 9

*B.R. v. Beacon Health Options*,
  2017 WL 5665667 (N.D. Cal. Nov. 27, 2017) ........................................................................10, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................8, 9, 10

*Berman v. Microchip Technologies Inc.*,
  2018 WL 732667 (N.D. Cal. Feb. 6, 2018) ..............................................................................11

*Biggar v. Prudential Insurance Co. of America*,
  274 F. Supp. 3d 954 (N.D. Cal. 2017) .....................................................................................11

*Brady v. United of Omaha Life Ins. Co.*,
  902 F. Supp. 2d 1274 (N.D. Cal. 2012) ...................................................................................12

*Doe One v. CVS Pharmacy, Inc.*,
  348 F. Supp. 3d 967 (N.D. Cal. 2018) .....................................................................................8, 9

*Donovan v. Dillingham*,
  688 F.2d 1367 (11th Cir. 1982) ................................................................................................9

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Insurance Co.*,
  2011 WL 2748724 (N.D. Cal. July 13, 2011) ..........................................................................9

*Moreland v. Raytheon Co.*,
  2019 WL 3080795 (E.D. Cal. July 15, 2019) ..........................................................................9

*Moyle v. Liberty Mutual Retirement Benefit Plan*,
  823 F.3d 948 (9th Cir. 2016) ...................................................................................................11

*Schuman v. Microchip Technologies Inc.*,
  302 F. Supp. 3d 1101 (N.D. Cal. 2018) ...................................................................................11

*Serpa v. SBC Telecommunications, Inc.*,
  318 F. Supp. 2d 865 (N.D. Cal. 2004) .....................................................................................10

*Simi Surgical Center, Inc. v. Connecticut General Life Insurance Co.*,
  2018 WL 6332285 (C.D. Cal. Jan. 4, 2018) ............................................................................9, 10

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST

# TABLE OF AUTHORITIES
### (continued)

Page

*U.S. Airways, Inc. v. McCutchen*,
    569 U.S. 88 (2013) ................................................................................................................. 8

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996) ............................................................................................................... 11

*Winterrowd v. American General Annuity Insurance Co.*,
    321 F.3d 933 (9th Cir. 2003) .................................................................................................. 9

**Statutes**

29 U.S.C.
    § 1132(a)(1)(B) ............................................................................................... *passim*
    § 1132(a)(3) .................................................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ..................................................................... 2, 6, 8

Cooley LLP
Attorneys At Law
San Diego

5.

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST

Cigna moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion presents the following issues:

(1) Should Plaintiff's first claim for denial of plan benefits and for clarification of rights under section 502(a)(1)(B) of ERISA (the "Benefits Claim") be dismissed pursuant to Rule 12(b)(6), where Plaintiff has failed to allege the relevant plan and the specific plan terms entitling her to the benefits she claims were denied?

(2) Should Plaintiff's second claim for breach of fiduciary duty and equitable relief under section 502(a)(3) of ERISA (the "Equitable Claim"), be dismissed pursuant to Rule 12(b)(6), where Plaintiff failed to plead facts showing that Cigna breached any fiduciary duty or that Plaintiff is entitled to equitable relief?

## I. INTRODUCTION

Plaintiff claims she was denied "specialized liposuction" to treat her lipedema, purportedly in violation of the terms of her benefit plan. Based solely on that, she asserts two ERISA claims, one for denial of benefits and clarification of rights, and another for breach of fiduciary duty and equitable relief. These allegations fall far short of applicable pleading standards and should be dismissed.

Plaintiff's Benefits Claim is brought under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which permits a plan participant or beneficiary to sue to recover benefits or seek clarification of her rights under her plan. To state such a claim, however, a plaintiff must adequately plead the existence of an ERISA plan and the specific terms of the plan that entitle her to the claimed benefits. Plaintiff has not done so here because she has not sufficiently identified the plan at issue, nor any terms that entitle her to benefits for "specialized liposuction." Accordingly, her Benefits Claim should be dismissed.

Plaintiff's Equitable Claim is brought under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). To proceed with this claim, Plaintiff must allege a fiduciary duty under ERISA, and facts that, if proven, would constitute a breach of that duty. Plaintiff, however, does not identify any ERISA duty that was violated, nor does she allege any facts to support such a claim. Instead, she relies on the same theory as her Benefits Claim—that Cigna purportedly wrongfully denied her claim for "specialized liposuction." This is fatal to her Equitable Claim, as section 502(a)(3) allows the Court

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST

to award equitable relief *only if* other ERISA provisions fail to provide relief. Because Plaintiff's equitable claim is substantively a claim for benefits, section 502(a)(1)(B) provides her adequate relief and precludes equitable relief under section 502(a)(3) as a matter of law. In addition, Plaintiff has also failed to satisfy the bare pleading requirements for her requests for injunctive relief. Accordingly, both claims should be dismissed.

II. **PLAINTIFF'S ALLEGATIONS**[1]

Plaintiff alleges that she suffers from lipedema, a condition that involves "an abnormal buildup of adipose (fat) tissue." (¶ 9.) Symptoms allegedly include "disproportionately large, column-like legs, and disproportionate hips, stomach or buttocks." (*Id.*) According to Plaintiff, lipedema is "rare," and "[t]he only effective treatment for the pain and immobility caused by lipedema is a specialized form of liposuction." (¶¶ 9, 13.)

Plaintiff alleges that she was "covered under an ERISA health plan through her employer." (¶ 19.) At some unidentified time, an unnamed doctor allegedly diagnosed her with Stage 3 lipedema and submitted unidentified information in support of a request that "that Cigna provide coverage for specialized liposuction." (¶¶ 20–21.) On April 15, 2019, Cigna allegedly denied the request on grounds that "liposuction for the treatment of lipedema . . . is considered experimental/investigational/unproven," and cited Medical Coverage Policy No. 0531. (¶ 22.) On June 12, 2019, Cigna allegedly denied Plaintiff's appeal, explaining that "[t]he quality and quantity of data in the current peer-reviewed scientific medical literature is inadequate to establish the clinical utility, safety and efficacy of this treatment for lipedema. The requested service is therefore excluded from coverage under your medical benefit plan as experimental/investigational/unproven." (¶ 24.)

Plaintiff claims that, in denying coverage under the "experimental/investigational/unproven" exception, Cigna "ignored" unidentified clinical evidence and "various studies" that she claims "demonstrat[e] that the surgery is effective and necessary." (¶ 25.) She further alleges (still citing nothing) that the procedure is "routinely performed" at "leading medical facilities." (¶ 25.) Plaintiff does not allege whether she received liposuction and is seeking reimbursement for the cost of the

---

[1] "¶" refers to the paragraphs of Plaintiff's Complaint (ECF 1). Throughout this brief, internal quotation marks have been omitted, emphasis has been added, and quoted language has otherwise been "cleaned up" without further notation.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST

procedure, or whether she is asking the Court to require Cigna to provide coverage for liposuction in the future.

On that thin foundation, Plaintiff asserts causes of action against Cigna for (1) denial of plan benefits and clarification of rights under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and (2) breach of fiduciary duty and equitable relief under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). (¶¶ 38–47.) She seeks to litigate on behalf of a class defined as "[a]ll persons covered under ERISA health plans, self-funded or fully insured, that are administered by Cigna and whose claims for specialized liposuction for treatment of their lipedema were denied as 'experimental, investigational or unproven' pursuant to Medical Coverage Policy No. 0531." (¶ 26.)

### III.     ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege enough well-pled facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not enough for a plaintiff to allege "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

#### A.     Plaintiff Has Not Pled Facts Sufficient to State a Benefits Claim.

Regarding her Benefits Claim under section 502(a)(1)(B), Plaintiff alleges that "Cigna has followed a practice of denying claims for specialized liposuction for the treatment of lipedema on the basis the treatment is 'experimental, investigational or unproven' pursuant to Medical Coverage Policy No. 0531," but, "[c]ontrary to Cigna's position, specialized liposuction to treat the symptoms of lipedema is not experimental, investigational or unproven." (¶¶ 40–41.) She seeks "payment of medical expenses, interest thereon, a clarification of rights, and attorney fees." (¶ 43.)

ERISA's statutory scheme is "built around reliance on the face of written plan documents." *U.S. Airways, Inc. v. McCutchen*, 569 U.S. 88, 100–01 (2013). Thus, to state a benefits claim under section 502(a)(1)(B), plaintiffs must "allege plausible facts showing they were owed benefits under the Plan." *Doe One v. CVS Pharmacy, Inc.*, 348 F. Supp. 3d 967, 992 (N.D. Cal. 2018). This requires plaintiffs to (1) allege "the existence of an ERISA plan," and (2) identify "the provisions under the plan that entitle them to benefits." *Id.*

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST

Plaintiff's allegations do not meet either requirement. Plaintiff has not adequately alleged the existence of an ERISA plan because she does not allege facts sufficient to "ascertain the intended benefits, [the] class of beneficiaries, the source of financing, and procedures for receiving benefits." *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc)); *see Winterrowd v. Am. Gen. Annuity Ins. Co.*, 321 F.3d 933, 939 (9th Cir. 2003) (expressly adopting "the rule set forth in *Donovan*" to determine whether an ERISA plan exists). Instead, Plaintiff simply concludes that Plaintiff was "covered under an employee benefit plan regulated by ERISA, pursuant to which Plaintiff is entitled to health care benefits." (¶ 7; *see also* ¶ 19). These conclusory allegations do not adequately identify the plan(s) at issue, are "unclear and ambiguous," and are "insufficient to meet the *Twombly* and *Iqbal* pleading standards." *Forest*, 2011 WL 2748724, at *5 (rejecting similarly conclusory allegations); *see also, e.g.*, *Simi Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co.*, 2018 WL 6332285, at *3 (C.D. Cal. Jan. 4, 2018) (same).

Plaintiff has also failed to allege the specific plan provisions that entitle her (or anyone else) to "specialized liposuction" for lipedema. *See Doe One*, 348 F. Supp. 3d at 992 ("A plaintiff who brings a claim for benefits under ERISA must identify a ***specific*** plan term that ***confers the benefit in question***."); *Forest*, 2011 WL 2748724, at *5 (benefits claims "are insufficient without reference to the terms of the controlling plans"). Moreover, Plaintiff admits that "Cigna plans exclude from coverage . . . medical services that Cigna considers 'experimental, investigational or unproven.'" (¶ 14.) Plaintiff's allegations do not identify any plan term that confers any right to "specialized liposuction" for lipedema despite this admitted exception.

As a result, Plaintiff has failed to state a plausible benefits claim for herself or anyone else. *See Doe One*, 348 F. Supp. 3d at 992–93 (dismissing claim for denial of benefits where the plaintiffs were "unable to point to any allegation in the complaint specifying which terms under their plans entitle them to such a benefit"); *Moreland v. Raytheon Co.*, 2019 WL 3080795, at *4 (E.D. Cal. July 15, 2019) (dismissing claims for denial of benefits and clarification of rights where the complaint did not "identify a benefits plan, let alone a particular provision of the plan"); *Simi Surgical Ctr.*, 2018 WL 6332285, at *3 (dismissing claims for denial of benefits where the plaintiff failed to allege

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST

"the terms of the plan" for "each plan" at issue; "there could be 100 different plans at issue, and thus 100 different plan sponsors and terms").

### B. Plaintiff Has Not Pled Facts Sufficient to State an Equitable Claim.

Regarding her Equitable Claim under section 502(a)(3), Plaintiff alleges that Cigna "acted as an ERISA fiduciary with respect to the administration and claims decisions under Cigna plans" and "in denying claims for liposuction to treat lipedema," and that "Cigna improperly denied Plaintiff's and the class members' claims for liposuction treatment of lipedema in breach of its fiduciary duties." (¶¶ 45–46.) On that (conclusory) basis, she seeks (1) an order declaring that Cigna's denials of claims for liposuction treatment for lipedema are "wrong and improper," (2) an injunction "requiring Cigna to reevaluate and reprocess Plaintiff's and class members' claims without the erroneous denial basis under appropriate and valid medical criteria," (3) an injunction "requiring Cigna to provide notice of the reevaluation and reprocessing in the form and manner required by ERISA to all class members," (4) an "accounting of any profits made by Cigna from the monies representing the improperly denied claims and disgorgement of any profits," (5) "other equitable and remedial relief," and (6) attorneys' fees. (¶ 47.)

However, Plaintiff has not identified any ERISA-imposed fiduciary obligation that Cigna purportedly breached, nor any facts to support the existence of any such "breach." *See Serpa v. SBC Telecomm., Inc.*, 318 F. Supp. 2d 865, 873 (N.D. Cal. 2004) ("To establish an action for equitable relief under section 502(a)(3), the defendant must be an ERISA fiduciary acting in its fiduciary capacity, and must violate ERISA-imposed fiduciary obligations."); *Simi Surgical Ctr.*, 2018 WL 6332285, at *5 ("To state a claim under ERISA for breach of fiduciary duty, a plaintiff must allege that (1) a defendant was a fiduciary or the plan (2) when in acting within his or her capacity as a fiduciary (3) engaged in conduct constituting a breach of fiduciary duty."). Plaintiff's bare assertion that Cigna "improperly" denied her claim for liposuction does not satisfy federal pleading standards, and in any event, does not support a breach claim. *See Twombly*, 550 U.S. at 555 ("labels and conclusions . . . will not do"); *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406, 1414 (9th Cir. 1988) ("[A] fiduciary's mishandling of an individual benefit claim does not violate any of the fiduciary duties defined in ERISA."); *B.R. v. Beacon Health Options*, 2017 WL

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST

5665667, at *7 (N.D. Cal. Nov. 27, 2017) (rejecting inadequately alleged fiduciary duty claim, and noting that "the mere denial of an individual benefit claim does not violate the fiduciary duties owed under ERISA").

Additionally, Plaintiff's claim under section 502(a)(3) merely duplicates her claim under section 502(a)(1)(B). Plaintiff relies on the exact same allegations for both claims (*see* ¶¶ 38, 44), and the remedies she seeks on her Equitable Claim are nothing more than demands for clarification and benefits, recast in equitable terms—an order "declaring that Cigna's denials of claims . . . are wrong and improper" (clarification of benefits), injunctions requiring Cigna to reevaluate and reprocess claims and notify putative class members of the reprocessing (processing of benefits), and an accounting and disgorgement of any "profits made by Cigna from the monies representing the improperly denied claims" (payment of benefits). (¶ 47.)

Because Plaintiff's equitable claim is substantively a claim for benefits, section 502(a)(1)(B) provides her adequate relief and precludes equitable relief under section 502(a)(3) as a matter of law. *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996) (section 502(a)(3) is a "catchall" provision that offers "appropriate equitable relief for injuries caused by violations that § 502 ***does not elsewhere adequately remedy***"); *Schuman v. Microchip Tech. Inc.*, 302 F. Supp. 3d 1101, 1118 (N.D. Cal. 2018) (granting motion to dismiss equitable claims under section 502(a)(3) that were "no more than a plea to enforce the terms of the plan—a remedy which is available under section 502(a)(1)(B)"); *Berman v. Microchip Tech. Inc.*, 2018 WL 732667, at *11 (N.D. Cal. Feb. 6, 2018) (same); *see also Biggar v. Prudential Ins. Co. of Am.*, 274 F. Supp. 3d 954, 971–72 & n.15 (N.D. Cal. 2017) (Tigar, J.) (granting judgment for defendants as a matter of law because section 502(a)(3) claims for breach of fiduciary duty and equitable relief were "duplicative" and "part and parcel" of benefits claims).[2]

---

[2] In 2016, the Ninth Circuit held that plaintiffs can pursue claims under section 502(a)(1)(B) and section 502(a)(3) "simultaneously" in the "alternative." *See Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016). In *Moyle*, however, the plaintiffs sought alternative equitable relief to reform the terms of an ERISA plan—a remedy that is not available under section 502(a)(1)(B). *See id.* at 960 ("[I]f Appellants are unable to recover benefits based on an interpretation and enforcement of the Retirement Plan under § 1132(a)(1)(B), they can . . . receive reformation of the Retirement Plan as an equitable remedy under § 1132(a)(3)."). Nothing in *Moyle* allows a plaintiff to assert a section 502(a)(3) claim that merely duplicates her section 502(a)(1)(B) benefits claim, as Plaintiff does here.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

11

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST

Finally, Plaintiff has also failed to plead a basis for an injunction. An ERISA plaintiff seeking injunctive relief "must satisfy a four-factor test" by demonstrating "(1) that [she] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Brady v. United of Omaha Life Ins. Co.*, 902 F. Supp. 2d 1274, 1281–86 (N.D. Cal. 2012) (dismissing ERISA claims for injunctive relief). Plaintiff's allegations do not address these elements.

## IV. CONCLUSION

For the reasons set forth above, Cigna respectfully requests that the Court dismiss Plaintiff's Complaint for failure to state a claim.

Dated: August 21, 2019

Respectfully submitted,

COOLEY LLP

*/s Mazda K. Antia*
Mazda K. Antia

*Attorneys for Defendants Cigna Corporation and Cigna Health and Life Insurance Company*

ATTORNEYS AT LAW
SAN DIEGO

12

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM IN SUPPORT
4:19-CV-3754-JST