ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
adrian.barrio@gmlawyers.com

Attorneys for Plaintiff
BANAFSHEH AKHLAGHI,
on behalf of herself and all others
similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANAFSHEH AKHLAGHI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA CORPORATION; CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No.: 4:19-cv-3754- JST<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**<br><br>Date: October 16, 2019<br>Time: 2:00 p.m.<br>Place: Courtroom 6<br>Judge: Jon S. Tigar |

# TABLE OF CONTENTS

*Page*

MEMORANDUM OF POINTS AND AUTHORITIES..................................................1

I.     INTRODUCTION.............................................................................................1

II.    ARGUMENT......................................................................................................3

    A.     Legal standard.........................................................................................3

    B.     Akhlaghi has stated a claim for denial of benefits under
        ERISA § 1132(a)(1)(B)...........................................................................4

        1.     Akhlaghi has adequately alleged the existence of an
              ERISA plan...................................................................................4

        2.     The Complaint identifies the specific plan provision
              breached by Cigna and establishes Akhlaghi's
              entitlement to benefits for that breach.......................................6

    C.     Akhlaghi has stated a claim for breach of fiduciary duty and
        injunctive relief under ERISA § 1132(a)(3)............................................9

        1.     Akhlaghi has stated a claim for breach of fiduciary duty..............9

        2.     Akhlaghi's breach of fiduciary duty claim is distinct from
              her claim for denial of benefits....................................................10

        3.     Akhlaghi has satisfied the elements for injunctive relief..............14

III.   CONCLUSION.................................................................................................16

# TABLE OF AUTHORITIES

*Cases*

*Pages*

*Alexander v. United Behavioral Health,*
   No. 14-cv-05337, 2015 WL 1843830
   (N.D. Cal. April 7, 2015)............................................................7,9,10,11

*Arpin v. Santa Clara Valley Transp. Agency,*
   261 F.3d 912 (9th Cir. 2001)..................................................................3

*Atchison, Topeka & Santa Fe Ry. v. Buell,*
   480 U.S. 557 (1987)...............................................................................4

*Austin v. Terhune,*
   367 F.3d 1167 (9th Cir. 2004)...............................................................4

*Ballas v. Anthem Blue Cross Life & Health Ins. Co.,*
   No. CV 12-00604, 2013 WL 12119569
   (C.D. Cal. April 29, 2013)....................................................................13

*Berman v. Microchip Technology Incorporated,*
   No. 17-CV-01864-HSG, 2018 WL 732667
   (N.D. Cal. February 6, 2018)................................................................13

*Biggar v. Prudential Ins. Co. Am.,*
   274 F.Supp.3d 954 (N.D. Cal. 2017)...................................................14

*Boldon v. Humana Ins. Co.,*
   466 F.Supp.2d 1199 (D. Az. 2006).......................................................7

*Bowen v. Consolidated Elec. Distributors, Inc. Employee Welfare Ben. Plan,*
   461 F.Supp.2d 1179 (C.D. Cal. 2006)..............................................15,16

*Bradford v. Anthem Inc.,* No.
   CV 17-05098-AB (KSx), 2017 WL 8292780
   (C.D. Cal. November 2, 2017)..............................................................13

*CIGNA Corp. v. Amara,*
   563 U.S. 421 (2011)........................................................................11,12

*Des Roches v. California Physicians' Service,*
   320 F.R.D. 486 (N.D. Cal. 2017)...........................................................7

*Doe One v. CVS Pharmacy, Inc.,*
   348 F.Supp.3d 967 (N.D. Cal. 2018).....................................................8

*Donovan v. Dillingham,*
   688 F.2d 1367 (11th Cir. 1982)...........................................................4,5

*Egert v. Comm. Gen. Life Ins. Co.,*
   900 F.2d 1032 (7th Cir.1990)............................................................9,11

*Escalante v. California Physicians' Service,*
   309 F.R.D. 612 (C.D. Cal. 2015)...........................................................7

*Filipowicz v. American Stores Benefit Plans Comm.*,
  56 F.3d 807 (7th Cir. 1995).................................................................................7

*Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*,
  No. 10-CV-04911-EJD, 2011 WL 2748724
  (N.D. July 13, 2011).....................................................................................5,8

*Galbraith v. County of Santa Clara*,
  307 F.3d 1119 (9th Cir. 2002)..........................................................................4

*Glista v. Unum Life Ins. Co. of America*, 378
  F.3d 113 (1st Cir. 2004).............................................................................9,11

*Hancock v. Aetna Life Ins. Co.*,
  251 F.Supp.3d 1363 (W.D. Wash. 2017)........................................................14

*Harlick v. Blue Shield of California*,
  686 F.3d 699 (9th Cir. 2012)............................................................................8

*Henderson v. Bodine Aluminum, Inc.*,
  70 F.3d 958 (8th Cir. 1995).......................................................................14,15

*In re Managed Care Litigation*,
  No. 00-1334-MD, 2009 WL 742678 (S.D. Fla. March 20, 2009)....................5

*IT Corp. v. General American Life Ins.*,
  107 F.3d 1415 (9th Cir. 1997)..........................................................................9

*Jackson v. Carey*,
  353 F.3d 750 (9th Cir. 2003)............................................................................3

*Moyle v. Liberty Mut. Retirement Ben. Plan*,
  823 F.3d 948 (9th Cir. 2016)..................................................................10,11,14

*Rawls v. Unum Life Ins. Co. of America*,
  219 F.Supp.2d 1063 (C.D. Cal. 2002)............................................................13

*Scheuer v. Rhodes*,
  416 U.S. 232 (1974)..........................................................................................3

*Schuman v. Microchip Tech. Inc.*,
  302 F.Supp.3d 1101 (N.D. Cal. 2018)............................................................13

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*,
  770 F.3d 1282 (9th Cir. 2014)...........................................................................8

*Swierkiewicz v. Sorema N. A.*,
  534 U.S. 506 (2002)......................................................................................3,4

*United States v. LSL Biotechnologies*,
  379 F.3d 672 (9th Cir. 2004)............................................................................3

*Varity Corporation v. Howe*,
  516 U.S. 489 (1996)........................................................................................11

iii

*Velez v. Prudential Health Care Plan of New York, Inc.*,
    943 F.Supp. 332 (S.D.N.Y. 1996)...............................................14,15

*Wit v. United Behavioral Health*,
    317 F.R.D. 106 (N.D. Cal. 2016)...............................................7

*Wyler Summit Partnership v. Turner Broadcasting System, Inc.*,
    135 F.3d 658 (9th Cir. 1998)...............................................3

*Zisk v. Gannett Co. Income Prot. Plan*,
    73 F.Supp.3d 1115 (N.D. Cal. 2014)...............................................14

**Statutes**

29 C.F.R.

    § 2560.503-1...............................................9

29 U.S.C.

    § 1001...............................................11
    § 1002...............................................4,5
    § 1132...............................................*passim*
    § 1133...............................................8

Federal Rules of Civil Procedure

    Rule 8...............................................4,11

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The motion to dismiss filed by Defendants Cigna Corporation and Cigna Health and Life Insurance Company (collectively, "Cigna") should be denied in full. Cigna has simply ignored the critical allegations of the Complaint to create the misimpression that the factual allegations of the Complaint are lacking, when in fact the bases for Cigna's liability for denial of benefits and breach of fiduciary duty are distinct, fully disclosed and well-recognized under the Employee Retirement Income Act of 1974 ("ERISA").

First, Plaintiff Banafsheh Akhlaghi ("Akhlaghi") has stated a claim for denial of benefits under ERISA § 1132(a)(1)(B). Akhlaghi has not simply asserted that an ERISA plan exists without supporting facts; she has alleged specific facts establishing that her Cigna health plan meets the statutory definition of an ERISA plan. The Complaint alleges that Akhlaghi was covered under an employee benefit plan established or maintained through her employer and insured or administered by Cigna, for the purpose of providing health care benefits to Plaintiff Akhlaghi and other beneficiaries around the country. Nothing further is required to properly allege the existence of an ERISA-regulated plan.

Moreover, the Complaint identifies the specific plan provision breached by Cigna and establishes Akhlaghi's entitlement to benefits for that breach. Akhlaghi, who suffers from pain, loss of movement, gross deformations and fatty buildup in her arms and legs due to the crippling effects of lipedema, clearly alleges that Cigna violated the "experimental, investigational or unproven" exclusion of her plan by: (1) developing and implementing internal coverage guidelines, or "Medical Coverage Policies," that wrongly classify specialized liposuction to treat lipedema as an "experimental, investigational or unproven" procedure excluded from coverage under Akhlaghi's plan, despite the fact that specialized liposuction is currently the only recognized effective treatment for lipedema; (2) following the Medical

Coverage Policies when deciding claims under Cigna plans and following a consistent practice of denying claims for specialized liposuction to treat advanced lipedema on the basis the treatment is "experimental, investigational or unproven"; and (3) expressly relying on the Medical Coverage Policies in its written letters to Akhlaghi denying Akhlaghi's claim for specialized liposuction to treat her advanced lipedema, and in affirming that denial on appeal.

Cigna's contention that Akhlaghi must point to a plan provision that affirmatively entitles her to coverage for specialized liposuction, beyond merely showing that Cigna wrongly applied the "experimental, investigational or unproven" exclusion, is a red herring. The sole basis specified by Cigna for denying Akhlaghi's claim for specialized liposuction was that the requested procedure is "experimental, investigational or unproven" and excluded from coverage. Under binding Ninth Circuit precedent, if Akhlaghi invalidates Cigna's standalone "experimental, investigational or unproven" denial basis in this litigation, Akhlaghi will be entitled to coverage for specialized liposuction because Cigna has waived all other denial bases.

Second, Akhlaghi has stated a claim for breach of fiduciary duty and injunctive relief under ERISA § 1132(a)(3). To begin with, Akhlaghi has pleaded ample facts to support her claim for breach of fiduciary duty. The law is clear that Cigna's development and implementation of erroneous internal coverage guidelines and its reliance on those guidelines to systematically deny claims for medically necessary treatment constitutes a breach of fiduciary duty.

Moreover, Akhlaghi's claim for equitable relief under § 1132(a)(3) is not "duplicative" of her claim for benefits under § 1132(a)(1)(B). The Ninth Circuit has squarely held that dismissal of Akhlaghi's § 1132(a)(3) claim at the pleading stage is inappropriate and would violate Akhlaghi's statutory right to plead in the alternative under Rule 8. Indeed, whereas the denial of benefits claim is predicated upon Cigna's breach of the plan's "experimental, investigational or unproven" exclusion,

1   the breach of fiduciary duty claim is predicated upon Cigna's violation of its

2   fiduciary obligations to Akhlaghi and the class members with respect to the

3   administration and claims decisions Cigna erroneously made, and is continuing to

4   make, on the basis of the Medical Coverage Policies. Moreover, Akhlaghi is not

5   seeking an injunction compelling Cigna to pay benefits to all class members;

6   instead, she is seeking an injunction that would require Cigna to **re-review**

7   improperly denied claims for specialized liposuction without relying on its bogus

8   "experimental, investigational or unproven" denial basis.

9       Finally, Akhlaghi has pleaded each of the elements for injunctive relief

10  (irreparable harm, inadequacy of legal remedies, balance of hardships, and public

11  interest).

12  **II.    ARGUMENT**

13      **A.    Legal standard.**

14      A court may dismiss a complaint only if it is clear that no relief could be granted

15  under any set of facts that could be proved consistent with the allegations.

16  *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 514 (2002). Discovery and summary

17  judgment motions—not motions to dismiss—"define disputed facts" and "dispose of

18  unmeritorious claims." *Id.* at 512. "The issue is not whether a plaintiff will ultimately

19  prevail but whether the claimant is entitled to offer evidence to support the claims."

20  *Jackson v. Carey,* 353 F.3d 750, 755 (9th Cir. 2003) (*quoting Scheuer v. Rhodes,* 416

21  U.S. 232, 236 (1974)).

22      In ruling on a 12(b)(6) motion to dismiss, the court is limited to the allegations

23  of the complaint and may not rely on extrinsic matters. *Arpin v. Santa Clara Valley

24  Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). The allegations of the plaintiff's

25  complaint must be accepted as true and are to be construed in the light most favorable

26  to the plaintiff. *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135

27  F.3d 658, 661 (9th Cir. 1998). All inferences are to be drawn in the plaintiff's favor.

28  *United States v. LSL Biotechnologies,* 379 F.3d 672, 698 (9th Cir. 2004).

Finally, in evaluating the allegations of a complaint against a motion to dismiss, the court must keep in mind that the federal system is one of notice pleading. *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126 (9th Cir. 2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed.R.Civ.P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz, supra*, 534 U.S. at 512 (2002). *See also Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004) ("Pleadings need suffice only to put the opposing party on notice of the claim ...."). As a result, under Rule 8, a claimant has "no duty to set out all of the relevant facts in his complaint." *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 fn. 15 (1987).

## B.   Akhlaghi has stated a claim for denial of benefits under ERISA § 1132(a)(1)(B).

### 1.   Akhlaghi has adequately alleged the existence of an ERISA plan.

Cigna's contention that Akhlaghi has failed to adequately allege the existence of an ERISA plan is baseless and ignores not only the allegations of the Complaint, but the holdings of the very cases it has cited. By statute, an ERISA plan is defined as: (1) "a 'plan, fund, or program' (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries." *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982); 29 U.S.C. § 1002(1). Cigna concedes that "the rule set forth in *Donovan* to determine whether an ERISA plan exists" controls here. (Dkt. 22 at 9)[1] (internal quotations

---

[1]   Page references for documents filed and appearing on the Court's docket are to the pagination at the top of the document automatically provided by the federal courts' Case Management/Electronic Case Files (CM/ECF) system upon electronic filing of the document.

omitted).

In line with *Donovan* and the language of 29 U.S.C. § 1002(1), the Complaint alleges that (1) Plaintiff was covered under an "employee benefit plan," (2) established or maintained (3) "through her employer" and insured or administered by Cigna, (4) for the purpose of providing "health care benefits" (5) to Plaintiff Akhlaghi and other beneficiaries "around the country." (Dkt. 1 at ¶¶ 1, 6, 7, 8, 19.)

These alleged facts, which satisfy *Donovan* and the statutory definition of an ERISA plan, are sufficient to "impl[y] the existence of intended benefits, intended beneficiaries, a source of financing, and a procedure to apply for and collect benefits." *Donovan*, *supra*, 688 F.2d at 1371. Put another way, as explained in Cigna's case of *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, No. 10-CV-04911-EJD, 2011 WL 2748724 (N.D. July 13, 2011), the alleged facts are facts from which "a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Id.* at *5.

Nothing further, such as extraneous details concerning Akhlaghi's policy number and employer, are required in order to establish the existence of an ERISA plan for pleading purposes. *In re Managed Care Litigation*, No. 00-1334-MD, 2009 WL 742678 at *3 (S.D. Fla. March 20, 2009) ("[T]he allegations in the Complaint do not need to describe a given plan in detail, such as to identify each plan's policy number[.]").[2]

In sum, Akhlaghi has not simply made "conclusory allegations" regarding the existence of an ERISA plan, as the plaintiff did in Cigna's case of *Forest*, *supra*. (Dkt. 22 at 9.) Akhlaghi has alleged specific facts establishing that her Cigna health plan meets the statutory definition of an ERISA plan, thereby satisfying the "*Donovan* rule" endorsed by Cigna itself.

---

[2] *In re Managed Care Litigation* is cited with approval in Cigna's case of *Forest Ambulatory Surgical Assocs., supra.*

1
2

**2.     The Complaint identifies the specific plan provision breached by Cigna and establishes Akhlaghi's entitlement to benefits for that breach.**

3     Like its contention that Akhlaghi failed to adequately allege the existence of

4  an ERISA plan, Cigna's contention that Akhlaghi "failed to allege the specific plan

5  provisions that entitle her (or anyone else) to specialized liposuction for

6  lipedema"—is a non-starter. (Dkt. 22 at p. 9.) (internal quotations omitted).

7     Akhlaghi alleges that Cigna wrongfully denied benefits by erroneously

8  invoking the "experimental, investigational or unproven" exclusion of Akhlaghi's

9  plan. (Dkt. 1 at ¶¶ 40, 41.) Akhlaghi and the class members suffer from lipedema, a

10  rare condition involving the abnormal buildup of adipose (fat) tissue, usually in the

11  lower body but sometimes in the arms. (*Id*. at ¶ 9.) Lipedema is chronic, progressive,

12  painful and immobilizing. (*Id*. at ¶ 3.) As lipedema progresses, patients become

13  increasingly heavy in the lower body, develop gross deformations, and expanding fat

14  cells interfere with the pathways of lymphatic vessels. (*Id*. at ¶¶ 9, 11.)

15     Specialized liposuction is "[t]he only effective treatment for the pain and

16  immobility caused by lipedema[.]" (Dkt. 1 at ¶¶ 13, 18, 25.) It has been "the subject

17  of various studies that show its beneficial effect" and "is routinely performed at

18  Stanford University Medical Center and other leading medical facilities." (*Id*. at ¶¶

19  18, 25.)

20     Nevertheless, despite its proven beneficial effect in treating lipedema, Cigna

21  developed internal coverage guidelines, or Medical Coverage Policies, which state

22  that specialized liposuction is an "experimental, investigational or unproven"

23  procedure and therefore excluded from coverage under Akhlaghi's plan. (Dkt. 1 at ¶¶

24  14-16.) Cigna then implemented the Medical Coverage Polices to systematically deny

25  member claims for specialized liposuction on "experimental, investigational or

26  unproven" grounds, including Akhlaghi's claim for specialized liposuction. (*Id*. at ¶¶

27  17, 19-24.) In coming to its "experimental, investigational or unproven" coverage

28  position, Cigna "has ignored clinical evidence and various studies demonstrating that

the surgery is effective and necessary for the treatment of the disabling effects of lipedema." (*Id*. at ¶ 25.)

The crux of Akhlaghi's denial of benefits claim is that, because Cigna's internal coverage guidelines wrongly classify specialized liposuction to treat lipedema as an "experimental, investigational or unproven" procedure excluded from coverage under Akhlaghi's health plan, Cigna unreasonably relied upon those guidelines to deny Akhlaghi's claim for such treatment. This is a well-recognized denial of benefits theory in ERISA cases, in both the individual and class action contexts. *See, e.g., Alexander v. United Behavioral Health,* No. 14-cv-05337, 2015 WL 1843830, at *5-6 (N.D. Cal. April 7, 2015) (plaintiff's allegations that internal criteria created by plan administrator failed to reasonably interpret the plan's requirement that such criteria be based on "generally accepted standards of care" plausibly stated both wrongful denial of benefits and breach of fiduciary duty claims under ERISA); *Boldon v. Humana Ins. Co.*, 466 F.Supp.2d 1199 (D. Az. 2006) (ERISA insurer abused its discretion in denying coverage for medical treatment on the basis of an internal coverage guideline that incorrectly classified such treatment as "experimental or investigational" and excluded from coverage); *Filipowicz v. American Stores Benefit Plans Comm.*, 56 F.3d 807, 815 fn. 6 (7th Cir. 1995) ("interpretive guideline cannot limit coverage provided by the insurance contract"); *Escalante v. California Physicians' Service*, 309 F.R.D. 612, 617-621 (C.D. Cal. 2015) (certifying class of Blue Shield members whose claims for lumbar artificial disc replacement surgery were denied on the basis of a coverage guideline that violated the plan's "investigational" exclusion); *Des Roches v. California Physicians' Service,* 320 F.R.D. 486, 496-500 (N.D. Cal. 2017) (collecting cases and certifying class of Blue Shield members whose requests for coverage were denied on the basis of erroneous medical necessity criteria guidelines); *Wit v. United Behavioral Health*, 317 F.R.D. 106, 129 (N.D. Cal. 2016) (certifying class of United Behavioral Health members whose claims for mental health and substance abuse were denied on the

basis of erroneous coverage guidelines).

This is not a case, therefore, where Akhlaghi has "simply alleged violations of the plan without reference to the terms of the controlling plans," as Cigna suggests. *Doe One v. CVS Pharmacy, Inc*., 348 F.Supp.3d 967, 992-993 (N.D. Cal. 2018) (internal quotations omitted); *Forest*, *supra*, 2011 WL 2748724 at *5 (benefits claims "are insufficient without reference to the terms of the controlling plans"). The cases cited by Cigna at pages 9:14-10:2 of its Motion are inapplicable because Akhlaghi has pinpointed a specific plan term—the "experimental, investigational or unproven" exclusion—that Cigna violated.

Still, Cigna insists that the "experimental, investigational or unproven" exclusion is an "exception" to coverage and that Akhlaghi must identify a specific "plan term that confers [a] right to specialized liposuction for lipedema." (Dkt. 22 at p. 9.) This argument is a red herring. The only reason specified by Cigna for its denial of Akhlaghi's claim for specialized liposuction was that, pursuant to the Medical Coverage Policies, the requested procedure is "experimental, investigational or unproven" and excluded from coverage. (Dkt. 1 at ¶¶ 22, 24.)

If Akhlaghi invalidates Cigna's standalone "experimental, investigational or unproven" denial basis in this litigation—i.e., establishes that specialized liposuction is "effective and necessary for the treatment of the disabling effects of lipedema" (*id*. at ¶ 25)—then Akhlaghi will be entitled to coverage for specialized liposuction because Cigna has waived all other denial bases. *Harlick v. Blue Shield of California*, 686 F.3d 699, 719-20 (9th Cir. 2012) ("The general rule ... in this circuit and in others, is that a court will not allow an ERISA plan administrator to assert a reason for denial of benefits that it had not given during the administrative process."); *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1296 (9th Cir. 2014) ("[A]n administrator may not hold in reserve a known or reasonably knowable reason for denying a claim, and give that reason for the first time when the claimant challenges a benefits denial in court."); 29 U.S.C. 1133

(ERISA plan administrator who denies a claim must explain the "specific reasons for such denial" and provide a "full and fair review" of the denial); 29 C.F.R. 2560.503-1(g) (ERISA plan administrator must give claimant information about the denial, including the "specific plan provisions" on which denial was based and "any additional material or information necessary for the claimant to perfect the claim").

### C.   Akhlaghi has stated a claim for breach of fiduciary duty and injunctive relief under ERISA § 1132(a)(3).

#### 1.   Akhlaghi has stated a claim for breach of fiduciary duty.

Cigna's contention that Akhlaghi's Second Claim for Relief must be dismissed because Akhlaghi has not "identified any ERISA-imposed fiduciary obligation that Cigna purportedly breached, nor any facts to support the existence of any such breach," is baseless. (Dkt. 22 at 10.) Akhlaghi has done far more than merely allege that "Cigna improperly denied her claim for liposuction." (*Id*.) Akhlaghi has alleged that Cigna developed and implemented erroneous internal coverage guidelines, or Medical Coverage Policies, and then relied on those guidelines to systematically deny claims for medically necessary treatment (specialized liposuction to treat lipidema). (Dkt. 1 at ¶¶ 14-16, 17, 19-24, 25.)

Fiduciary obligations attach to the adjudication of claims under a covered plan where the decision to grant or deny a claim involves some exercise of discretion. *IT Corp. v. General American Life Ins*., 107 F.3d 1415, 1421-1422 (9th Cir. 1997). "Similarly, the creation of internal guidelines by a plan administrator typically involves the exercise of discretion and therefore, gives rise to a fiduciary duty." *Alexander*, *supra*, 2015 WL 1843830 at *6; *Glista v. Unum Life Ins. Co. of America*, 378 F.3d 113, 124 (1st Cir. 2004) ("By creating and promulgating internal guidance documents, plan administrators choose to exercise their discretion to define terms"); *Egert v. Comm. Gen. Life Ins. Co.,* 900 F.2d 1032, 1036 (7th Cir.1990) (holding that third party administrators "cannot adopt *any* guidelines they choose and then rely upon these guidelines with impunity; rather they may rely only upon those guidelines

1  that reasonably interpret their plans").

2  Here, as in *Alexander*, Akhlaghi has alleged that Cigna "promulgated internal

3  guidelines that it uses to determine whether a claimant … is entitled to coverage."

4  *Alexander*, *supra*, 2015 WL 1843830 at *7. Akhlaghi's allegations "are sufficient to

5  show, at least at the pleading stage of the case, that [Cigna] was acting as a fiduciary

6  when it adopted these guidelines and therefore may be liable for a breach of fiduciary

7  duty on the basis of this conduct." *Id*.

8  The raft of cases cited by Cigna for the unremarkable proposition that a

9  wrongful denial of benefits is insufficient to state a claim for breach of fiduciary duty

10  are irrelevant and do not apply. None of Cigna's cases involve the type of purposive

11  allegations that Akhlaghi brings against Cigna here, i.e., allegations that Cigna

12  subverted the claims handling process, on a systemic level, through the development

13  and implementation of erroneous internal coverage guidelines.

14  ## 2. Akhlaghi's breach of fiduciary duty claim is distinct from her
15  ## claim for denial of benefits.

16  Next, Cigna argues that Akhlaghi's Second Claim for Breach of Fiduciary

17  Duty and Equitable Relief should be dismissed on the independent ground that it

18  "duplicates" her First Claim for Denial of Benefits. (Dkt. 22 at p. 11.) This argument

19  is decisively foreclosed by the Ninth Circuit's decision in *Moyle v. Liberty Mut.*

20  *Retirement Ben. Plan*, 823 F.3d 948 (9th Cir. 2016).

21  In *Moyle*, the Ninth Circuit confirmed that simultaneous claims for payment of

22  benefits under § 1132(a)(1)(B) and equitable claims under § 1132(a)(3) are

23  permissible when they present (1) "alternative—rather than duplicative—theories of

24  liability" *or* (2) "plead distinct remedies." *Id*. at 961. Such claims may be pleaded in

25  the alternative and "may proceed simultaneously so long as there is no double

26  recovery" at the end of the case. *Id*. "This approach … adheres to the Federal Rules

27  of Civil Procedure, which requires [sic] that '[a] pleading that states a claim for relief

28  must contain ... a demand for the relief sought, ***which may include relief in the***

10

*alternative* or different types of relief.'" *Moyle*, *supra*, 823 F.3d at 962 (quoting Fed.R.Civ.P. 8(a)(3)) (emphasis added). Finally, allowing plaintiffs to seek relief under both § 1132(a)(1)(B) and § 1132(a)(3) is "consistent with ERISA's intended purpose of protecting participants' and beneficiaries' interests." *Moyle*, *supra*, 823 F.3d at 962. *See also* 29 U.S.C. § 1001; *Varity Corporation v. Howe*, 516 U.S. 489, 513 (1996) ("ERISA's basic purposes favor a reading ... that provides the plaintiffs with a remedy.").

In line with *Moyle*, Akhlaghi's breach of fiduciary duty claim is distinct from her denial of benefits claim in two ways. First, it is predicated upon an "alternative— rather than duplicative—theor[y] of liability." *Moyle*, *supra*, 823 F.3d at 961. Whereas the denial of benefits claim is predicated upon Cigna's breach of the plan's "experimental, investigational or unproven" exclusion, the breach of fiduciary duty claim is predicated upon Cigna's violation of its fiduciary obligations to Akhlaghi and the class members by developing and implementing erroneous Medical Coverage Policies that it used to categorically deny claims for medically necessary treatment on a class-wide basis. (Dkt. 1 at ¶¶ 14-25, 45, 46.) *Alexander*, *supra*, 2015 WL 1843830 at *6; *Glista*, *supra*, 378 F.3d at 124; *Egert, supra,* 900 F.2d at 1036.

Second, Akhlaghi's breach of fiduciary duty claim "plead[s] distinct remedies." *Moyle*, 823 F.3d at 961. Akhlaghi, on behalf of herself and other Cigna members whose claims for specialized liposuction were denied, seeks class-wide relief under § 1132(a)(3). *CIGNA Corp. v. Amara*, 563 U.S. 421, 438-442 (2011) (holding that the class-wide relief awarded by the district court to the class, which included plan reformation and an injunction that "require[d] the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed," was authorized and appropriate under 29 U.S.C. § 1132(a)(3)).

///

///

///

Specifically, Akhlaghi seeks equitable relief including, but not limited to:

- an order declaring that Cigna's denials of claims for liposuction treatment for advanced lipidema are wrong and improper;

- an injunction requiring Cigna to reevaluate and reprocess Akhlaghi's and the class members' claims without the erroneous denial basis under appropriate and valid medical criteria;

- an injunction requiring Cigna to provide notice of the reevaluation and reprocessing in the form and manner required by ERISA to all class members; and

- an accounting of any profits made by Cigna from the monies representing the improperly denied claims and disgorgement of any profits.

(Dkt. 1 at ¶ 47.)

None of the foregoing relief is available under § 1132(a)(1)(B), which only permits Akhlaghi "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." *See* ERISA § 1132(a)(1)(B); *Amara*, *supra*, 563 U.S. at 435-436 (relief available under § 1132(a)(1)(B) is strictly limited by the express language of the statute).

Cigna's contention that Akhlaghi's Second Claim for Relief "is substantively a claim for benefits" misunderstands the nature of the equitable relief sought. (Dkt. 22 at p. 11.) Akhlaghi is not seeking to compel Cigna to provide coverage for specialized liposuction to all members of the putative class. Instead, Akhlaghi is seeking to effectuate broad systemic reform regarding the *process* by which Cigna handles claims for specialized liposuction to treat lipedema.

Because Cigna relies on the erroneous Medical Coverage Policies to uniformly deny requests for specialized liposuction to treat lipedema as "experimental, investigational and unproven" and excluded from coverage, a particular class member's entitlement to specialized liposuction is not a relevant consideration herein. Indeed, as to the class, the relief sought is not the provision of the surgery itself—it is the lifting of Cigna's categorical bar, i.e., the Medical Coverage Policies, opening the

12

door to an appropriate determination of "medical necessity" for each class member. *Bradford v. Anthem Inc.*, No. CV 17-05098-AB (KSx), 2017 WL 8292780 at *3 (C.D. Cal. November 2, 2017) ("Clearly an order requiring Defendants to reevaluate wrongfully-rejected claims and to give notice to class members of the same is a distinct remedy from ordering Defendants to pay unpaid benefits."); *Ballas v. Anthem Blue Cross Life & Health Ins. Co.*, No. CV 12-00604, 2013 WL 12119569 at **11-13 (C.D. Cal. April 29, 2013) (monetary claim for benefits under ERISA held "merely incidental" to class claim for injunctive relief under § 1132(a)(3) that required the defendant "to conduct a full and fair review of each class member's claim because it had a uniform policy of denying coverage for the ProDisc-C procedure as experimental or investigative"); *Rawls v. Unum Life Ins. Co. of America*, 219 F.Supp.2d 1063, 1065-1067 (C.D. Cal. 2002) (claim for injunctive relief requiring the defendant to "re-open all claims that were [improperly] denied" pursuant to its internal appeal process and to "[r]efrain from continuing to engage in the unlawful conduct alleged herein" held to be distinct from the plaintiff's separate claim for benefits).

Cigna's case of *Schuman v. Microchip Tech. Inc.*, 302 F.Supp.3d 1101, 1118 (N.D. Cal. 2018), in which the court held that the plaintiffs' breach of fiduciary duty claim was "improperly duplicative" of their claim for denial of benefits, is distinguishable. In that case, the plaintiffs sought an order enjoining defendants from "continuing to deny Plan benefits to eligible employees" and requiring them "to pay the full amounts and benefits promised under the Plan[.]" *Id.* at 1118. The request for such redundant relief was "no more than a plea to enforce the terms of the plan—a remedy which is available under section 502(a)(1)(B)." *Id. See also Berman v. Microchip Technology Incorporated*, No. 17-CV-01864-HSG, 2018 WL 732667 at *11 (N.D. Cal. February 6, 2018) (equitable claim found duplicative where the plaintiff sought to enjoin the defendants from "continuing to deny Plan benefits to

1   eligible employees" and require them "to pay the full amounts and benefits promised
2   under the Atmel Plan").

3        Cigna's case of *Biggar v. Prudential Ins. Co. Am.*, 274 F.Supp.3d 954 (N.D.
4   Cal. 2017) (Tigar, J.), was decided at the summary judgment stage, not the pleading
5   stage, after the court had considered the evidence and determined that the plaintiff
6   was not entitled to benefits. *Id*. at 971-972. The court dismissed the plaintiff's
7   equitable claim, which sought nothing more than a declaration "of [the plaintff's]
8   right to receive future long term disability payments," because it was substantively
9   indistinguishable from the plaintiff's meritless denial of benefits claim. *Id*.

10       By contrast, here, the institutional reform Akhlaghi seeks to effect in
11  connection with her class claim for breach of fiduciary duty is not available under §
12  1132(a)(1)(B) and is unquestionably distinct from the payment of benefits.
13  Accordingly, Akhlaghi's breach of fiduciary duty claim cannot be barred as
14  "duplicative" of her denial of benefits claim. *Moyle*, *supra*, 823 F.3d at 962 (denial of
15  benefit claims and equitable claims may be asserted simultaneously under ERISA so
16  long as the claims seek "relief in the alternative or different forms of relief");
17  *Hancock v. Aetna Life Ins. Co.*, 251 F.Supp.3d 1363, 1370 (W.D. Wash. 2017)
18  (concluding, under *Moyle*, that the plaintiff's § 1132(a)(3) could proceed because she
19  "seeks different remedies under the respective statutory provisions—compensatory
20  relief for the alleged denial of benefits and injunctive relief for the alleged breach of
21  fiduciary duty"); *Zisk v. Gannett Co. Income Prot. Plan*, 73 F.Supp.3d 1115, 1118
22  (N.D. Cal. 2014) ("Courts of this district have found that (a)(3) claims remain viable
23  even when an (a)(1)(B) claim is asserted, particularly where the relief sought in
24  connection with each claim is distinct.").

25       **3.      Akhlaghi has satisfied the elements for injunctive relief.**

26       Cigna's contention that Akhlaghi has failed to plead the elements applicable to
27  claims for injunctive relief lacks merit. The first such element, irreparable harm, has
28  been found "to exist where the patient would be deprived of a valuable medical

1   treatment absent injunctive relief." *Velez v. Prudential Health Care Plan of New*

2   *York, Inc.*, 943 F.Supp. 332, 339 (S.D.N.Y. 1996); *Henderson v. Bodine Aluminum,*

3   *Inc.*, 70 F.3d 958, 961-962 (8th Cir. 1995) (finding irreparable harm even though

4   equally effective forms of treatment were available).

5        That is precisely the situation here. As explained *supra* at section II.B.2,

6   Akhlaghi and the class members suffer from lipedema, a rare but serious chronic,

7   progressive, painful and immobilizing condition involving the buildup of adipose

8   (fat) tissue, usually in the lower body but sometimes in the arms. (Dkt. 1 at ¶¶ 9-13.)

9   The crux of Akhlaghi's class action complaint is that Cigna, through its development

10  and implementation of the erroneous Medical Coverage Policies, has deprived

11  Akhlaghi and the class members of coverage for specialized liposuction, a form of

12  surgery that is "[t]he only effective treatment for the pain and immobility caused by

13  lipedema[.]" (*Id.* at ¶¶ 13, 14-25.)

14       "As lipedema progresses, it causes pain, mobility problems, joint disorders, and

15  other physical problems that prevent patients from engaging in the activities of daily

16  living." (Dkt. 1 at ¶ 12.) Thus, if the requested injunctive relief is not granted,

17  Akhlaghi and the class will imminently be subjected to the harm of "substantial

18  additional suffering[.]" *Velez*, *supra*, 943 F.Supp. at 339; *Bowen v. Consolidated*

19  *Elec. Distributors, Inc. Employee Welfar Ben. Plan*, 461 F.Supp.2d 1179, 1183-1184

20  (C.D. Cal. 2006) ("Therefore, considering that plaintiff's health appears to be at risk if

21  the defendant continues to withhold plaintiff's benefits under the Plan, the Court

22  concludes that the risk of irreparable harm to the plaintiff is sufficiently great[.]")

23       Second, as explained above, the class-wide relief Akhlaghi seeks for Cigna's

24  breach of fiduciary duty under § 1132(a)(3), aimed at reforming Cigna's claims

25  handling processes, is not available under § 1132(a)(1)(B). Plainly, therefore, the

26  remedies available to Akhlaghi and the proposed class at law, such as monetary

27  damages, are inadequate to effect the institutional reform Akhlaghi seeks.

28

Third, the balance of hardships favors Akhlaghi and the proposed class. Whereas Akhlaghi and the proposed class have been deprived of medically necessary treatment to treat their lipedema, Cigna will suffer no specific harm beyond the cost of providing the treatment. *Bowen*, *supra*, 461 F.Supp.2d at 1183 (insurer's arguments regarding the high cost of treatment deemed "not persuasive" and could not overcome the plaintiff's hardship of "suffering serious allergic reactions and hospitalization[s]" if injunction did not issue).

Finally, the public interest would not be disserved by a permanent injunction that ensures claims for medically necessary treatment, such as specialized liposuction, are decided by insurance companies on the basis of appropriate criteria and guidelines. Cigna provides no argument to the contrary.

## III. CONCLUSION

For all of the foregoing reasons, Cigna's motion to dismiss should be denied.


DATED: September 6, 2019                    GIANELLI & MORRIS


                                    By:___/s/ Adrian J. Barrio
                                    ROBERT S. GIANELLI
                                    JOSHUA S. DAVIS
                                    ADRIAN J. BARRIO
                                    Attorneys for Plaintiff
                                    BANAFSHEH AKHLAGHI