1  ROBERT S. GIANELLI, #82116
   JOSHUA S. DAVIS, #193187
2  ADRIAN J. BARRIO, #219266
   GIANELLI & MORRIS, A Law Corporation
3  550 South Hope Street, Suite 1645
   Los Angeles, CA 90071
4  Tel: (213) 489-1600; Fax: (213) 489-1611
   rob.gianelli@gmlawyers.com
5  joshua.davis@gmlawyers.com
   adrian.barrio@gmlawyers.com
6
   Attorneys for Plaintiff
7  BANAFSHEH AKHLAGHI,
   on behalf of herself and all others
8  similarly situated

9

10

11                    **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND**

13

14  BANAFSHEH AKHLAGHI, on behalf of  ) Case No.: 4:19-cv-3754- JST (JCSx)
    herself and all others similarly situated,  ) Assigned to Hon. Jon S. Tigar, CR6
15                                     )
                                       )
16                         Plaintiff,  ) **AMENDED[1] [** ~~**PROPOSED**~~ **] ORDER**
                                       ) **GRANTING MOTION FOR**
17         v.                          ) **PRELIMINARY APPROVAL OF**
                                       ) **CLASS-ACTION SETTLEMENT \*AS**
18  CIGNA CORPORATION; CIGNA           ) **MODIFIED\***
    HEALTH AND LIFE INSURANCE          )
19  COMPANY,                           )
                                       )
20                         Defendants. )
                                       )
21                                     )
                                       )
22

23

24

25

26

27

28
---

[1] This order corrects a typographical error in the order issued September 26, 2022.  See ECF Nos. 101, 102.  In all other respects, the orders are identical.

The Motion of Plaintiff Banafsheh Akhlaghi, on behalf of herself and the proposed Class, for preliminary approval of the proposed class action Settlement reached with Defendant Cigna Health and Life Insurance Company ("Cigna") in this lawsuit (the "Litigation"), came on for hearing before this Court on February 3, 2022. Mazda Antia and Matthew Caplan appeared as attorneys for Cigna, and Robert S. Gianelli and Joshua S. Davis appeared as attorneys for Plaintiff and the Class. After considering the Settlement Agreement, the moving papers, arguments of counsel, and all other matters presented to the Court, the Court finds that:

1. This class action, *Banafsheh Akhlaghi v. Cigna Health and Life Insuranc Company*, Case No. 4:19-cv-3754- JST (JCSx) arises from a Complaint for Benefits, Determination of Rights and Breach of Fiduciary Duty Under ERISA, seeking declaratory and injunctive relief on behalf of the class pursuant to 29 U.S.C. section 1132(a)(1)(B) and 29 U.S.C. section 1132(a)(3).

2. The Complaint in this action was filed on June 27, 2019 and a First Amended Complaint was filed on November 18, 2019.

3. On March 23, 2021, Defendant Cigna Corp. was dismissed without prejudice.

4. On March 25, 2021, the operative Second Amended Complaint was filed in this action.

5. Cigna denies each and every claim and contention alleged or otherwise made or pursued against it by Plaintiff in this Litigation. Cigna denies all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation.

6. The proposed Settlement was concluded only after Plaintiff and Cigna conducted their own investigations and evaluations of the factual and legal issues raised by Plaintiff's claims and Cigna's defenses.

7. Plaintiff and Class Counsel have agreed to settle the Litigation after considering such factors as (a) the benefits to Plaintiff and the Class provided by the

Agreement; (b) the risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (c) the desirability of consummating the Agreement in order to provide relief to Plaintiff and the Class. Cigna has concluded that further litigation would be protracted and expensive, and considers it desirable to settle this Action for the purpose of avoiding the expense, burden, inconvenience, and inherent risk of litigation and the concomitant disruption of its business operations.

8. The Parties have entered into a Settlement Agreement ("the Settlement") previously filed with this Court.

9. The Court has reviewed the Settlement (and all of the attachments thereto) and determined the proposed Settlement to be fair, reasonable, adequate, and within the range of possible approval. The proposed Settlement does not improperly grant preferential treatment to the Plaintiff or any segment of the Class. The proposed Settlement is sufficient to warrant sending notice to the Class Members. The procedures for establishing and administering the benefits provided by the proposed Settlement and for notice of the proposed Settlement, exclusion from the proposed Settlement, and objections to the proposed Settlement are fair, reasonable, and in the best interests of the Class.

10. Based on Plaintiff's motion, the Memorandum of Points and Authorities, the Settlement, and all supporting exhibits and attachments, the Court preliminarily certifies for settlement purposes the Class, as defined at page 3 of the Settlement, paragraph 8(c) pursuant to Rules 23(b)(1)(A), 23(b)(1)(B), and 23(b)(2).

11. The Court has reviewed the notice provisions of Paragraphs 20-26 of the Settlement and the form of the Notice of Proposed Settlement of Class Action and Final Approval Hearing attached to the Settlement as Exhibit A. The Court has determined that mailing the Notice to the last known addresses of the Class Members:

    (a) constitutes the best practicable notice under the circumstances;

    (b) is reasonably calculated to apprise Class Members of the pendency of the Litigation and of their right to object to or exclude themselves from the proposed Settlement;

    (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and

    (d) meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments.

  Accordingly, it is hereby **ORDERED AND DECREED AS FOLLOWS:**

  1. The Motion for Preliminary Approval is GRANTED. The Court preliminarily approves the proposed Settlement. All defined terms in the foregoing findings and this Order shall have the same meanings as in the Settlement Agreement.

  2. The Class, as defined at page 3 of the Settlement, paragraph 8(c) is preliminarily certified for settlement purposes only.

  3. The Court appoints the law firm of Gianelli & Morris as Class Counsel.

  4. The Court appoints Plaintiff Banafsheh Akhlaghi as Class Representative.

  5. A hearing (the "Final Approval Hearing") will be held on February 23, 2023, before the undersigned in the United States District Court for the Northern District of California to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

  6. The Court approves the proposed Notice and the plan for giving notice.

  7. Cigna and Class Counsel are authorized to:

    (a) establish the means necessary to administer the proposed Settlement, in accordance with the terms of the Agreement; and

    (b) retain a Settlement Administrator to help administer the proposed Settlement, including the Notice.

  8. The Court appoints Angeion Group, LLC, as the Settlement

Administrator to implement the terms of the Settlement.

9. The Settlement Administrator shall mail the Notice to each Class Member in the *Class* by first-class mail, postage prepaid, to his or her last known address no later than 34 days after entry of this Order, as described in the Settlement.

10. The Settlement Administrator shall file proof of the mailing of the Mailed Notices at or before the Final Approval Hearing.

11. Class Counsel shall file their petition for approval of Class Counsel's fees, expenses, and class representative service award no later than 34 days after entry of this Order.

12. Each Class Member who wishes to exclude himself or herself from the Class must submit an appropriate, timely written request for exclusion, postmarked no later than December 30, 2022, that includes all of the following: (a) the name, address, and telephone number of the person requesting exclusion; and (b) a clear and unequivocal statement that the person wishes to be excluded from the Class.

13. Any Class Member who does not submit a timely, written request for exclusion in the form set forth in this Order shall be bound by all proceedings, orders, and judgments in the Litigation.

14. Paragraph 16 of the Proposed Notice shall be amended to read as follows:

> You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.
>
> Any objection to the proposed settlement must be in writing and must clearly identify your name, address, telephone number, and signature. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your

own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (Akhlaghi v. Cigna Health & Life Ins. Co., Case No. 4:19-cv-3754- JST), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, and (c) be filed or postmarked on or before December 30, 2022.

*See* Northern District of California Procedural Guidance for Class Action Settlements, Preliminary Approval ¶ 5, available at https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/ (last visited Sep. 26, 2022)

15.  Each Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Agreement, the proposed Settlement, or to the award of attorneys' fees and expenses shall file an objection with the Court as set forth in the preceding paragraph.

15.  Any Class Member who files and serves a written objection, as described in Paragraph 14 above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement.

16.  Any Class Member who fails to file a timely objection in accordance with and containing the information required by this Order, will waive and forfeit any all rights he or she may have to appear separately and object, and will be bound by all the terms of this Agreement and by all proceedings, orders, and judgments, including but not limited to the Release, in the Litigation.

17.  Any Class Member who objects to the Settlement will be entitled to all of the benefits of the Settlement if it is approved, as long as the objecting Class

Member complies with all requirements of the Agreement.

18. The Settlement Administrator will scan and email copies of each request for exclusion in PDF format (or any other agreed format) to Cigna's Counsel and to Class Counsel not more than five (5) business days after the Settlement Administrator receives such a request.

19. As part of the motion papers in support of Final Approval of the Settlement, the Settlement Administrator or Class Counsel will provide a list of all the persons who have requested exclusion from the Class.

20. Any Class Member may retract a prior request for exclusion by providing to Class Counsel and to Cigna's Counsel a written notice stating his or her desire to retract the request for exclusion from the Class by 12:00 p.m., Pacific Standard Time, five calendar days before the Final Approval Hearing. Any written notice retracting the request for exclusion also must include a statement that the Class Member makes the retraction freely and of his or her own volition, without coercion by anyone. Any Class Member who validly retracts a request for exclusion under this Paragraph will not be excluded from the Class, will be deemed to be an Class Member, and will be bound by the Settlement.

21. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the proposed Settlement or to comply with the terms of the Agreement.

22. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement; or (b) the Settlement is terminated in accordance with the terms of Agreement. In the event this occurs, the Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor this Order may be used in the Litigation or in any other

proceeding for any purpose.

23. In no event shall the Settlement or any of its provisions, or any negotiations, statements, or proceedings relating to it be offered as, received as, used as, or deemed to be evidence in the Litigation, any other action, or in any other proceeding, except in a proceeding to enforce the Agreement. Without limiting the foregoing, neither the Agreement nor any related negotiations, statements, or proceedings shall be offered as, used as, or deemed to be evidence or an admission or concession by any person of any matter, including but not limited to any liability or wrongdoing on the part of Cigna.

24. The Court reserves the right to continue the Final Approval Hearing without further written notice to the Class, but will notify counsel for the Parties and any objectors or their counsel who have timely filed a notice of intention to appear in these proceedings. Unless the Court specifically orders otherwise, any such continuance shall not be interpreted to expand or change any deadlines contained in this Order or the Agreement.

IT IS SO ORDERED.

DATED: September 30, 2022        By: _____
                                  Honorable John S. Tigar
                                  United States District Court Judge