ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
adrian.barrio@gmlawyers.com

Attorneys for Plaintiff
BANAFSHEH AKHLAGHI,
on behalf of herself and all others
similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND

| | |
|---|---|
| BANAFSHEH AKHLAGHI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No.: 4:19-cv-3754- JST (JCSx)<br>Assigned to Hon. Jon S. Tigar, CR6<br><br>**SUPPLEMENTAL DECLARATION OF JOSHUA S. DAVIS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE SERVICE AWARD** |

I, Joshua S. Davis, declare:

1.　　I am an attorney licensed in California and duly admitted to practice law before this Court. I am an attorney in the law firm of Gianelli & Morris, attorneys of record for Plaintiff Banafsheh Akhlaghi ("Akhlaghi") and the class in this case. I submit this declaration in support of Plaintiff's motion for attorneys' fees, costs and class representative service awards.  I have been involved in all aspects of litigating this action and I have first-hand knowledge of all matters stated in this declaration. If called upon to testify, I could competently do so.

2.　　To prevent even the appearance of any collusion, neither myself nor Mr. Gianelli had any discussions regarding attorney fees and costs with counsel for defendant Cigna Health and Life Insurance Company ("Cigna") until after we had agreed upon all the other material terms in the Settlement, including changes to Medical Coverage Policy (MCP) 0531 and the relief provided to Class Members.

3.　　As requested by the Court, below is a detailed chart that shows how each attorney spent time on this case broken down into specific categories, through the date that Plaintiff filed her motion for attorneys' fees on November 3, 2022.

| TASK | Robert S. Gianelli | Joshua S. Davis | Adrian J. Barrios |
|---|---|---|---|
| Pre-suit Investigation | 5 | 0 | 0 |
| Drafting Initial complaint | 6.6 | 0 | 0 |
| Drafting amended complaints | 4.5 | 11.9 | 7.3 |
| Motion to dismiss original complaint | 0 | 0.5 | 69.4 |
| Motion to dismiss first amended complaint | 1.2 | 0 | 70.4 |
| Discovery – depositions | 1.6 | 106.25 | 22.4 |
| Discovery – interrogatories and requests for admission | 6 | 70.4 | 8.2 |

| | | | |
|---|---|---|---|
| Discovery – Doc Prod and review | 4.4 | 65.3 | 0 |
| Discovery – motions to compel  including meet and confer process | 0 | 29.75 | 18.6 |
| Discovery – Other, (e.g. initial disclosures) | 0 | 1 | 2.4 |
| Drafting Motion for Class Cert | 1.7 | 39.9 | 20.6 |
| Motion for Preliminary Approval | 2 | 41.1 | 11.9 |
| Motions for Final Approval | 0 | 0 | 63.5 |
| Other (e.g.  CMCs, Scheduling Conferences, etc.) | 13.1 | 20.2 | 15.4 |
| Settlement Negotiations | 8.2 | 32.7 | 0 |
| Motion for Fees | 0 | 13.4 | 49.9 |
| **TOTAL** | **54.3** | **432.4** | **360** |

4.     The information in above chart regarding the Gianelli & Morris firm's time is taken from the time reports prepared and maintained by my firm in the ordinary course of business.

5.     The time set forth above does not reflect additional time worked since Plaintiff filed her attorneys' fee motion on November 3, 2022. This work involved additional time spent completing the motion for final approval, and working with the settlement administrator. Not does it include the additional time Class Counsel will spend monitoring the Settlement in this matter.

6.     I am the attorney who oversaw and conducted the day-to-day activities in the litigation and reviewed these reports (and backup documentation where necessary and appropriate). The purpose of my reviews was to confirm the accuracy of the entries and the necessity for, and reasonableness, of the time committed to the

1  litigation. As a result of my reviews, I believe that the time reflected in the firm's

2  lodestar calculation, as set forth in the above chart, is reasonable in amount and was

3  necessary for the effective and efficient prosecution and resolution of the case.

4          7.      The hourly rates sought here for each timekeeper, $900/hr. for Robert

5  Gianelli, $700/hr. for Joshua S. Davis and $675/hr. for Adrian Barrios, are all

6  previously approved Bay Area market rates. Each of the attorney's hourly rates were

7  established through a contested fee application in 2016, following a successful class

8  action trial that took place in Alameda Superior Court in Oakland, California in the

9  matter entitled *Gallimore v. Kaiser Foundation Health Plan, Inc*., Case No.

10 RG12616206. In *Gallimore*, Gianelli & Morris successfully obtained a judgment

11 against Kaiser requiring it to provide insurance coverage for excess skin surgery for a

12 class of bariatric patients.  Attached as Exhibit 1 is a true and correct copy of the

13 Order Re Attorneys' Fees from the *Gallimore* action.

14         8.      Attached as Exhibit 2 is a true and correct copy of the declaration of

15 Gary Greenfield filed in support of motion for an award of attorneys fees in the

16 *Gallimore* action.

17         9.      Attached as Exhibit 3 is a true and correct copy of the supplemental

18 declaration of Gary Greenfield filed in support of motion for an award of attorney

19 fees in the *Gallimore* action.

20         10.     The same hourly rates were again approved in another Bay Area class

21 action involving mental health benefits entitled *Dion v. Kaiser Foundation Health*

22 *Plan, Inc.*, Case No. RG 14718903, which was also venued in Alameda Superior

23 Court in Oakland, California.

24         11.     Gianelli & Morris is small law firm that has employed five to six

25 attorneys during the course of this case. The Gianelli firm is not a structured law firm

26 that accords titles to its attorneys. The work is performed by attorneys based on their

27 experience and skill. Since its founding over 40 years ago, there have been only two

28 shareholders, Mr. Gianelli and Mr. Morris. The other attorneys in the firm are all

experienced class action attorneys with more than 10-years' experience who work on and manage cases in the same manner that a mid-level partner would in any large law firm. The high experience level of the attorneys results in higher efficiency (less hours billed) than in large law firms, who must push work down to junior attorneys who are still learning how to perform high level work in complex cases. Due to the experience of the attorneys here, minimal time is wasted on routine issues. Moreover, there is no incentive to waste time given that Gianelli & Morris is not paid by clients monthly based on hours billed, and receives no fees unless the cases are successful.

12.     Mr. Gianelli is a shareholder and the lead attorney on this case.  Mr. Davis (20-plus-year attorney) was primarily responsible for all the day-to-day work on the case, including depositions, law and motion, and discovery disputes and negotiating and completing the ultimate Settlement of this case. Mr. Barrios, another highly experienced attorney (20 plus years) handled law and motion.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed this 1st day of March 2023 at Los Angeles, California.

 /s/ Joshua S. Davis
JOSHUA S. DAVIS

# EXHIBIT 1

ENDORSED
FILED
ALAMEDA COUNTY

JAN 2 5 2016

CLERK OF THE SUPERIOR COURT
By _____ BRENDA HIVES
Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| **WENDY GALLIMORE, et al.,** | **No. RG12-616206** |
| **Plaintiffs,** | |
| **vs.** | **ORDER RE ATTORNEYS' FEES** |
| **KAISER FOUNDATION HEALTH PLAN, et al.,** | |
| **Defendants.** | |

The Motion of plaintiff Wendy Gallimore ("Plaintiff") For An Award Of Attorney Fees And Service Award For Plaintiff Wendy Gallimore ("Motion") came on for hearing on November 20, 2015 in Department 21, the Honorable Wynne S. Carvill presiding. Appearances are reflected in the minutes recorded that day. The court now rules.

The court issued its Statement of Decision ("SOD") on September 24, 2015, after trial to the bench, and judgment was entered thereon on October 13, 2015. Recovery by Plaintiff on behalf of the certified class was in the form of injunctive relief only. Plaintiff now moves for attorney fees under Code of Civil Procedure ("CCP") section 1021.5.

Plaintiff seeks to recover fees for attorney time incurred by the members of the Gianelli & Morris firm ("GM") in the total amount of $8,894,281.13, based on a lodestar of $3,918,052.50 with a 2.25 multiplier. This includes fees incurred to and including the instant Motion, but does not include any of the fees that will be incurred in dealing with post-judgment matters. Plaintiff also seeks a service award for herself in the amount of $25,000.00.

Defendant Kaiser Foundation Health Plan, Inc. ("Kaiser") does not contest that Plaintiff is entitled to recover fees under CCP section 1021.5. Accordingly, the court finds that the judgment obtained by Plaintiff resulted in the enforcement of an important right affecting the public interest. Kaiser does argue, however, that the amount of fees requested by Plaintiff is substantially excessive. In Kaiser's view, the appropriate attorney fees award would be $2,211,942.50. In arriving at this figure, Kaiser attacks (a) the total hours billed, (b) the hourly rates claimed by Plaintiff's counsel and (c) the 2.25 multiplier.

## THE DISPUTE OVER HOURS CLAIMED

Plaintiffs assert that GM has expended 5,348.15 hours to date in prosecuting this case, and has submitted copies of GM's billing records, with attorney client and attorney work product information redacted. (Replacement Exhibit 1 to Declaration of Robert S. Gianelli, filed on December 23, 2015.) The Gianelli declaration also includes a detailed history of the litigation.

2

Plaintiffs' fee expert does not offer any opinion regarding whether the number of hours spent is reasonable, having only been asked to opine on the reasonableness of the rates being sought.

In opposition, Kaiser challenges the number of hours submitted by GM by asserting that the GM billing records include both vague and block-billed time entries. Kaiser's fee expert includes a summary of such time entries, in chart form, as Exhibit E to his declaration. Based on its fee expert's opinion, Kaiser argues that the court should apply a 20 percent discount to all of the time entries included in his summary. The court disagrees.

As correctly argued by Plaintiff in her reply, California law does not require detailed billing records to establish the reasonableness of attorney time expended. (*Syers Properties III, Inc.* (2014) 226 Cal.App.4th 691, 698.) GM's recorded time and Gianelli's description of the history of the litigation are consistent with the court's memory and its independent review of the record and are sufficiently detailed to support the court's conclusion that the overall number of hours recorded is reasonable.

Kaiser also asserts that Plaintiff is not entitled to reimbursement for time billed to unsuccessful claims and issues, specifically her declaratory relief cause of action and her claim that subsection (e)(2) of the statute mandates automatic referral to a plastic surgeon. These issues, however, do not constitute separate and unrelated claims for which allocation and reduction of fees would be required. The declaratory relief claim was dismissed because it was duplicative, and the subsection (e)(2) issue is properly viewed as an unsuccessful "theory" as opposed to an unsuccessful "claim." The relationship between this theory and the overall scope of injunctive relief sought by Plaintiff is clear, and the modification to the injunctive relief actually obtained on behalf of the class resulting from Plaintiff's lack of success on this theory does not change the fact that Plaintiff achieved the primary goal of the litigation, i.e., the

3

overhaul of Kaiser's practices to require that all excess skin surgeries are reviewed under statutorily compliant criteria and that all communications with patients also conform with those criteria. (*Environmental Protection Information Center v. California Dept. of Forestry and Fire Protection* (2010) 190 Cal.App.4th 217, 238-239.)

Kaiser also attempts to characterize Plaintiff's failure "to prove any actual denial of covered surgery by Kaiser as to any class member" as an unsuccessful claim. Such proof, however, was neither attempted by Plaintiff nor necessary to the class claims.

## THE DISPUTE REGARDING RATES

GM sets its rates at $900/hr. for Robert S. Gianelli, $700/hr. for Joshua Davis, $675/hr. for Jully Pae, $625/hr. for Lotte Colbert, $675/hr. for Adrian Barrio, and $500/hr. for Richard R. Fruto, asserting that these rates have been approved by other courts (with the exception of Barrio), specifically the Los Angeles Superior Court in *Arce v. Kaiser Foundation Health Plan, Inc.*, Case No. BC388689 ("*Arce*") and *Glick v. Anthem Blue Cross Life & Health Ins. Co.*, Case No. BC393528 ("*Glick*") and the Central District of California Court in *Vaccarino, et al. v. Midland National Life Ins. Co.*, Case No. 11 CV 5858 CAS(MANx) ("*Vaccarino*"). In further support of the reasonableness of these rates Plaintiff has presented the Declaration of Gary Greenfield, a self-described consultant specializing in legal and expert fee analysis ("Plaintiff's fee expert"), and a Request for Judicial Notice of several documents from this court's files in *Dalao v Lifehouse Holdings, Inc.*, RG12660602. Judicial notice is GRANTED, but only as to the existence of the subject documents.

Kaiser argues that the appropriate rates would be $650/hr. for Gianelli, $450/hr. for Davis, $400/hr. for Richard Frutto and Lotte Colbert, $375/hr. for Adrian Barrio, and $350/hr.

4

for Jully Pae. The reasonableness of these rates is supported by the Declaration of Grant D. Stiefel, a self-described consultant and expert in the field of attorneys' fees ("Kaiser's fee expert"). Kaiser has also submitted a Request For Judicial Notice of several documents from *Arce*, *Glick* and *Vaccario*, contending that these document show that Plaintiff's reliance on what was done in those cases is misplaced, as well as documents from another Los Angeles Superior Court case, *Woelk v. Blue Cross of California*, Case No. BC391522 ("*Woelk*") in which the final fee award reflected a reduction of GM's lodestar in that case. Judicial notice is GRANTED, but only as to the existence of the subject documents.

With her reply Plaintiff submitted additional evidence, drawing both evidentiary objections and a sur-reply from Kaiser. Having reviewed Plaintiff's reply evidence, and considered Kaiser's sur-reply, the court concludes that the Supplemental Declaration of Gary Greenfield [Plaintiff's fee expert], paragraphs 1-11 and 20 of the Supplemental Declaration of Robert S. Gianelli, Exhibit 18 to the Supplemental Declaration of Robert S. Gianelli and Exhibit 31 to the [Reply] Declaration of Joshua Davis (which replaced Exhibit 19 to the supplemental Gianelli declaration), all of which are directly responsive to arguments and evidence relied upon by Kaiser in its opposition, were properly included with Plaintiff's reply and have been considered. Kaiser's broadly framed evidentiary objections to this evidence are OVERRULED.

Paragraphs 12-19 of, and Exhibits 20-29 to the supplemental Gianelli declaration, and the Supplemental Request For Judicial Notice, however, are unnecessary to the court's analysis. This applies equally to Plaintiff's attempt in her Reply to discredit Kaiser's fee expert by trying to show that his testimony in a different case is somehow in conflict with his testimony in this case. It was this argument that compelled Kaiser to file its sur-reply, together with a Supplemental Declaration of Grant D. Stiefel [Kaiser's fee expert]. The court views this entire exercise as a

waste of resources, both judicial and private. While the court has reviewed these materials

(judicial notice granted for this purpose only), none are included in the evidentiary basis for its

ruling on this Motion. Accordingly, the court will not rule on the specific evidentiary objections

of Kaiser to Exhibit 29 to the supplemental Gianelli declaration and Plaintiff's Supplemental

Request For Judicial Notice, or Plaintiff's specific evidentiary objections to the supplemental

Stiefel declaration.

Kaiser did not file specific evidentiary objections to the portions of, and exhibits to, the

supplemental Gianelli declaration concerning Plaintiff's attempt to obtain Kaiser's billing

records. It did argue in its sur-reply, however, that the attorney fees incurred by Kaiser are not

relevant in this context. While this is not an entirely accurate statement of California law (see,

e.g., *In re Tobacco I* (2013) 216 Cal.App.4th 570, 584-585 ["'In a contest over what time was

reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the

opposition found necessary to prepare its case would be probative. Each party must prepare to

question the same witnesses, must review the same documents and other evidence, and must

anticipate a presentation by the opposition of a complexity related to the facts in issue. Similarly,

work on pretrial motions would reflect what volume of work opposing attorneys deemed

reasonable.' (Citations)"]), Plaintiff here has not submitted any direct evidence of the rates

charged or hours billed by Kaiser's attorneys. Rather, Plaintiff only suggests that an inference

can and should be drawn from the fact that Kaiser was unwilling to share such information.

Plaintiff has offered no authority to support this suggestion, and the court declines to draw any

such inference. Kaiser did, however, submit a short Supplemental Declaration of Mark Palley

(one of Kaiser's counsel in this case) stating simply that "[t]he hourly rates that Kaiser pays for

this case, for partners and associates, are far less than the hourly rates [GM] requests here for its

6

partners and associates." Plaintiff's evidentiary objections to the Palley declaration are OVERRULED.

In the court's view, the competing declarations of the fee experts provide the most probative evidence of the reasonableness of the respective "reasonable" rates advanced by each party. However, neither of the approaches taken by the experts is without certain weaknesses. For example, in compiling lists of comparators (Exhibits 8-13 to the opening Greenfield declaration) based on years of experience, Plaintiff's fee expert apparently chose firms that handle complex class action litigation in the Bay Area, but did not differentiate between litigators and transactional attorneys within those firms. While Mr. Greenfield explains in his supplemental declaration, correctly, that the most important comparison criterion is experience level, the inclusion of non-litigators in the "Range of Rates" charts gives some credence to Kaiser's characterization of Greenfield's comparators as "cherry-picked." Nevertheless, Greenfield also clarifies in his supplemental declaration that his opinions in his opening declaration are based not only on the charts, but also on his considerable experience and knowledge of rates charged and awarded for work in class action litigation in the San Francisco Bay Area.

For his part, Kaiser's fee expert, in addition to criticizing Greenfield's conclusions, argues that the standard to be applied in determining appropriate reimbursement rates in this context is "the rate charged by reasonably competent counsel, and not counsel of unusual skill or experience" and/or "what rate is sufficient 'to entice competent counsel' to take on this sort of work locally." As an extension of this argument, Stiefel relies in substantial part on the TyMetrix/CEB 2014 Real Rate Report (Stiefel declaration, Exhibit B.) This report, however, which is based on data regarding rates actually paid by clients, does not take experience or

expertise into account. Furthermore, the authority cited by Stiefel in support of asserted "competent counsel" standard, *Yahoo!, Inc. v. Net Games, Inc.* (N.D.Cal. 2004) 329 F.Supp.2d 1179, 1183, is not persuasive in this context. That case addressed a different issue, i.e., whether the rate that a prevailing party client agrees to pay its counsel in a trademark infringement case is necessarily a reasonable rate for purposes of a fee award against the losing party.

For purposes of fee awards, the reasonable hourly rate is that prevailing in the community for similar work. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1085 ["*PLCM Group*"].) As correctly argued by Plaintiff, the "similar work" analysis embraces the concepts of comparable skill, expertise and experience, none of which are reflected in the Real Rate Report.

Having reviewed the competing reports of the parties' respective fee experts and the materials upon which their opinions are based, including the various trial court orders in other cases, the court, in its discretion, concludes that the opinions expressed by Plaintiff's fee expert, that the rates advanced by GM for each of its attorneys are reasonable, are consistent with the authorities cited and the court's own experience, while the opinions of Kaiser's fee expert are not. The rates of $900/hr. for Robert S. Gianelli, $700/hr. for Joshua Davis, $675/hr. for Jully Pae, $625/hr. for Lotte Colbert, $675/hr. for Adrian Barrio, and $500/hr. for Richard R. Fruto, are within the range of rates appropriate to the community of attorneys with comparable skill, expertise and experience in class action litigation in the San Francisco Bay Area and are hereby approved.

## THE MULTIPLIER ISSUE

Inherent in the court's conclusion regarding the reasonableness of the rates ascribed by Plaintiff to the various GM attorneys is the recognition that those rates are consistent with the

8

*rates of plaintiff-side class action attorneys.* That is to say, these rates already reflect the contingency risks and other factors that Plaintiff advances in support of her request for a multiplier. (See, e.g., *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1138 ["a trial court should not consider those factors to the extent they are already encompassed with the lodestar"][1].) While Kaiser's counsel, Mr. Palley, declined to offer evidence of the actual hourly rate he and his colleagues charge Kaiser, the court has no reason to doubt his declaration that Kaiser does not pay for its defense services at the same or comparable rates as those sought by Plaintiff here.[2] Importantly, none of the GM attorneys have offered proof that they bill their clients at the same rates in non-contingent matters. (*Ibid.*)

Plaintiff also asserts that the recovery to the class can and should be given an economic value of $156.5 million for purposes of cross checking the lodestar analysis, including the requested multiplier, against a "percentage of recovery" analysis. This value is based on what Plaintiff characterizes as "reasonable estimates" of the number of Kaiser members who need and want excess skin surgeries, adjusted by estimates of how many of those Kaiser members will achieve a Body Mass Index ("BMI") that would or might qualify them for the surgery. The latter adjustments are supported by the Declaration of Gareth James, an expert in statistics. The numbers of surgeries are then multiplied by the costs of the various excess skin surgeries, with offsets for surgeries that were performed, plus the value of additional surgeries that will occur over the next 10 years, with a discount rate applied to arrive at a present value.

---

[1] At oral argument the court noted that, in an earlier class action case where it had allowed a 1.2 multiplier, that award was vacated by the appellate court for exactly this reason. At the hearing, Plaintiff was unable to explain why those considerations do not apply here. Importantly, this is not a case where the rates included in the lodestar were based on what petitioning counsel routinely charges and collects from hourly rate clients in the ordinary course of business as opposed to contingent fee class actions.

[2] Had Mr. Palley introduced his rates and/or the rates of other non-class action plaintiffs' attorneys with similar experience, the court could have attempted to construct a lodestar on that basis; however, under those circumstances the court would also have had to approach the multiplier issue differently.

Kaiser argues that Plaintiff's cross check analysis is flawed because it relies on both unsupported assumptions and speculation. The court agrees. The economic value of the injunctive relief obtained on behalf of the class has not been established by Plaintiff with a level of certainty that would be of any real use in the fee analysis generally and does not serve to support the multiplier request in any way. Further, based on the testimony in the case, the court seriously doubts that the relief obtained by Plaintiff will result in any where near the number of additional surgeries suggested by Plaintiff's statistician. It was clear from the testimony that a large proportion of the class will not qualify for excess skin removal surgery due to uncontested medical criteria such as BMI restrictions, the non-smoker requirement, etc.

**INCENTIVE PAYMENT**

Kaiser does not dispute the propriety of an incentive award to Plaintiff, but argues that the award should be limited to $15,000.00. The court disagrees. Where, as here, Plaintiff has not only submitted to discovery but the case has proceeded to trial where she testified and had the details of her medical history made a matter of record, an award of $25,000.00 is reasonable. Indeed, that amount pales in comparison to cost bill she would have been potentially liable for had she lost.

**RULING**

Plaintiff shall recover attorneys' fees from Kaiser at the rates and for the number of hours requested, i.e., the lodestar of **$3,918,052.50**. This number is taken directly from paragraph 40 of the Gianelli declaration. The court has not attempted to duplicate Gianelli's calculations or to

10

cross check his totals against the time records themselves but assumes that Kaiser has done so.

For the reasons articulated above, the lodestar will not by adjusted.

Plaintiff shall also recover a service/incentive award from Kaiser in the amount of

**$25,000.00**.

**IT IS SO ORDERED.**

Dated: January 25, 2016

Judge Wynne Carvill

# EXHIBIT 2

1   ROBERT S. GIANELLI, #82116
    JOSHUA S. DAVIS, #193187
2   ADRIAN J. BARRIO, #219266
    GIANELLI & MORRIS, A Law Corporation
3   550 South Hope Street, Suite 1645
    Los Angeles, CA 90071
4   Tel: (213) 489-1600; Fax: (213) 489-1611

5

6   Attorneys for Plaintiff
    WENDY GALLIMORE, on behalf of herself
7   and all others similarly situated

8

9

ENDORSED
FILED
ALAMEDA COUNTY

OCT 1 5 2015

CLERK OF THE SUPERIOR COURT
By _Maria Carrera_
       Maria Carrera, Deputy

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      FOR THE COUNTY OF ALAMEDA

12

| | |
|---|---|
| 13  WENDY GALLIMORE, on behalf of herself )<br>and all others similarly situated, )<br>14                                  )<br>                   )<br>15          Plaintiff,         )<br>                                       )<br>16                                       )<br>                                       )<br>17                                       )<br>       v.                              )<br>18                                       )<br>                                       )<br>19  KAISER FOUNDATION HEALTH PLAN,   )<br>    INC.; and DOES 1 through 20, Inclusive )<br>20                                       )<br>                                       )<br>21          Defendants.          )<br>                                       )<br>22                                       )<br>                                       )<br>23  _____ ) | CASE NO.: RG12616206<br>Assigned to Hon. Wynne Carvill Dept. 21<br><br>**DECLARATION OF GARY GREENFIELD<br>IN SUPPORT OF MOTION FOR AN<br>AWARD OF ATTORNEY FEES AND<br>SERVICE AWARD FOR WENDY<br>GALLIMORE**<br><br>**Date:  November 19, 2015**<br>**Time:  8:30 a.m.**<br>**Dept: 21**<br><br>**_R1675882_**<br><br>Filed Concurrently with Motion for an Award of<br>Attorney Fees and Award Service Award,<br>Request for Judicial Notice, Declaration of<br>Robert S. Gianelli, Declaration of Wendy<br>Gallimore, and Declaration of Declaration of<br>Gareth James |

24

25

26

27

28

                                    1

_Declaration of Gary Greenfield in Support of Motion for an Award of Attorney Fees_
_and Service Award for Plaintiff, Wendy Gallimore_

I, Gary Greenfield, declare:

1.      I am making this Declaration in support of the Motion for Attorneys' Fees ("Motion") by plaintiff ("plaintiff") in this action. I have personal knowledge of the matters set forth in this Declaration, and, if called upon to testify, I could and would competently testify thereto.

2.      I have been retained by plaintiff in this action to provide my analysis and opinion regarding the rates being sought for counsel for plaintiff on this Motion.

**Background**

3.      I am the founder of Litigation Cost Management (LCM), based in Oakland, California. LCM commenced business in 1991. LCM is in the business of consulting regarding legal fee-related issues. As part of our business, we regularly conduct analyses of both legal and expert witness fees in litigation with regard to the reasonableness and appropriateness of the hours and rates billed or being sought on motions or applications for fees. We also consult with clients regarding how to manage their outside litigation more effectively and efficiently. LCM works with both law firms and clients of law firms in undertaking its analyses and consulting about effective litigation management.

4.      Prior to starting LCM in January, 1991, I was a partner in the law firm of Shartsis, Friese & Ginsburg in San Francisco, California, where I was a litigator for fifteen years, having become a partner in the firm in 1981. During my career at my former law firm, I handled general commercial litigation, from pre-filing preparation and negotiations through trials and appeals. I handled litigation of varying types, including breach of contract, constitutional law, securities, fraud, bankruptcy litigation, intellectual property, unfair competition, business dissolution disputes and civil rights litigation. I represented both plaintiffs and defendants. I handled both contingency cases and cases where we were compensated on an hourly basis. I graduated from the Boalt Hall School of Law in 1975 and received my undergraduate degree from Stanford University in 1971. A copy of my Resume is attached hereto as Exhibit 6.

///

1

5.      Since LCM was founded, I have conducted several hundred analyses of the legal and expert witness fees and expenses in cases of various types and sizes.  These have included individual actions, multi-party suits and class actions.  The cases have included the full range of civil litigation, such as patent, copyright, trademark, real property, False Claims Act, ERISA, bankruptcy, tax, breach of contract, securities, antitrust, unfair competition, environmental, insurance coverage and bad faith, discrimination, disability, civil rights, constitutional law, inverse condemnation, personal injury and products liability cases.  I have myself been personally involved in, conducted analysis in and supervised each of these analyses.  As part of my work on these projects, I have prepared and submitted numerous reports on attorneys' fees issues, both on behalf of parties opposing fee applications and on behalf of law firms or clients seeking to recover their fees.

6.      I have qualified and testified previously as an expert witness in litigation regarding legal and expert witness fees on a number of occasions, again both on behalf of parties seeking to recover their attorneys' fees and parties opposing requests for attorneys' fees.

7.      I was appointed a Special Master to analyze and report to the San Francisco Superior Court regarding the fees and expenses of various law firms and experts in an insurance company conservation proceeding before that Court.

8.      As part of my work, I also consult with law firms and clients of law firms regarding law firm billing practices, effective litigation management, and legal bill analysis and auditing procedures.  I have lectured and conducted seminars for clients and law firms in each of these areas.

9.      I have taught or been a speaker at a number of programs regarding analysis of legal fees, legal bill auditing and litigation management.  I am an instructor for the National Association of Legal Fee Analysis.

10.      For purposes of my analyses in these various cases and my consulting work, we have received and I have analyzed the time entries, billing rates and expenses billed in many

1  hundreds of cases, involving law firms and law firm offices across the country.[1]   We also
2  maintain the rate information from the bills and time entries I review as well as from various
3  databases which contain rates billed to and paid by fee-paying clients.  I also regularly review
4  judicial decisions and articles dealing with attorneys' fees, billing rates and litigation
5  management issues, surveys and articles regarding billing rates being charged in the legal
6  industry and have attended seminars (including where I have been an instructor) where issues
7  relating to attorneys' fees and litigation management issues have been the topic.  As a result, I
8  am familiar with typical and commonly accepted billing practices among law firms, as well as
9  the rates typically charged by lawyers of various experience levels, practice areas and expertise
10  both nationally and in various parts of the United States.

11  **The litigation**

12  11.  This litigation was brought as a class action against defendant Kaiser Foundation
13  Health Plan, Inc. ("Kaiser" or "defendant") with causes of action for violation of California
14  Business & Professions Codes Section 17200 and declaratory relief.  Defendant vigorously
15  opposed allowing the case to proceed as a class action, but the Court granted the Motion for
16  Class Certification on December 23, 2013.  After a 15-day court trial, the Court found in favor
17  of the plaintiff.

18  12.  Plaintiff has filed this Motion to recover attorneys' fees, and I have been asked to
19  provide my opinions and conclusions regarding the reasonableness of the rates being sought.

20  **Analysis**

21  13.  The test for determining the reasonableness (or "appropriateness") of rates on a
22  motion of this type is whether the rates being sought are within the range of rates for
23  comparable lawyers, in terms of reputation, experience and expertise, doing comparable work in
24  the market.[2]  I have reviewed the rates being sought for counsel for the plaintiff on this Motion.

25

26

27  [1] I receive and review bills and rate information in many cases beyond those I work on as an expert in litigation, including for   clients for whom I do consulting work, and I also receive and review compilations of rates from various sources which I consider reliable indicators of rates in various markets.

28  [2] There is no one rate which is the only appropriate and reasonable rate for a biller in the market.  Rather, the question is whether the rate sought is within the range of rates for comparable billers doing comparable work in the market.

*Declaration of Gary Greenfield in Support of Motion for an Award of Attorney Fees*
*and Service Award for Plaintiff, Wendy Gallimore*

1   Based on my knowledge and familiarity regarding rates both from my work in reviewing legal

2   bills on a regular basis in numerous cases, including many class actions, and from my review of

3   various sources of rate information (including databases of rates of lawyers actually billed to

4   and paid by fee-paying clients, surveys and judicial decisions), in my opinion, the rates being

5   sought on this Motion are reasonable and appropriate for each of the billers, given their

6   experience, expertise and the nature of their work on this case.

7        14.    First, the rates sought on this Motion have already been found reasonable and

8   been awarded in other cases for five of the six billers in this case (Mr. Gianelli, Ms. Pae, Ms.

9   Colbert, Mr. Davis and Mr. Fruto.)[3]

10        15.    Second, when assessing rates, one must determine the rates of comparable billers

11   for comparable work in the market.  This was a class action, and the rates being charged and

12   awarded for class action work are at the top of the rate scale in today's litigation.

13        16.    Among the main factors for assessing the rates to be awarded in a case of this type

14   are the experience and expertise of counsel.  I have been involved in the analysis of fees and

15   rates in a number of class actions.   The overwhelming majority of class actions settle once the

16   class certification decision is reached, and class actions are rarely tried to a verdict, let alone a

17   successful verdict for the plaintiff.  In this case, not only did plaintiff successfully certify a class

18   over defendant's vigorous opposition, but plaintiff prevailed at trial. The fact that plaintiff

19   prevailed against a large, well-financed opponent, not only on the class action aspect of the case

20   but on the merits after a trial as well, [4] indicates a level of both experience and expertise with

21   this type of litigation, as well as a quality of work, that support rates in the upper echelon of

22   ///

23

24   [3]  The rate sought for Mr. Gianelli was found reasonable and awarded in *Arce v. Kaiser Foundation Health Plan, Inc.*,
Los Angeles Superior Court, Case No. BC388689 ("*Arce*"), *Glick v. Anthem Blue Cross Life & Health Ins. Co.*, Los

25   Angeles Superior Court, Case No. BC393528 ("*Glick")* and *Vaccarino, et al. v. Midland National Life Ins. Co.*, United
States District Court, CD Cal. Case No. 11 CV 5858 CAS(MANx) ("*Vaccarino*"); for Mr. Davis in *Vaccarino*; for Ms.

26   Pae in *Vaccarino*, *Arce* and *Glick;* for Ms. Colbert in *Vaccarino*; and for Mr. Fruto in *Vaccarino*.

27   [4]  A study by the Office of Court Research of the Judicial Council of California determined that nearly 90% of cases
where a class is certified settle, that less than 1% (.7%) go to verdict, that of the nearly 1300 cases studied only 2 cases

28   with certified classes went to verdict (less than .2%), and that "[o]verall, it is extremely uncommon for certified class
actions to reach a trial verdict in California." H. Hehman, "Highlights from the Study of California Class Action
Litigation," DataPoints, November 2009, p. 3, a copy of which is attached hereto as Exhibit 7.

*Declaration of Gary Greenfield in Support of Motion for an Award of Attorney Fees
and Service Award for Plaintiff, Wendy Gallimore*

billing rates for class action litigation and for complex litigation in general. I also considered Gianelli & Morris' substantial experience handling complex class actions and consumer insurance litigation. Gianelli & Morris has been appointed class counsel in a number of significant consumer class actions, including: *Vaccarino v. Midland National Life Insurance Company* (C.D. Cal.) Case No. 11-CV-5858 CAS; *Escalante v. California Physicians' Service* (C.D. Cal.) Case No. 14-CV-3021 DDP; *Arce v. Kaiser Foundation Health Plan, Inc.*, Los Angeles Superior Court, Case No. BC388689; *Ticconi v. Blue Shield Life & Health Ins. Co.*, Los Angeles Superior Court, Case No. BC330989; *Peterman v. North American Co. for Life and Health*, Los Angeles Superior Court, Case No. BC357194; *Clark v. National Western Life Insurance Company*, Los Angeles Superior Court, Case No. BC321681; *Stephens v. American Equity Investment Life Insurance Company*, San Luis Obispo Superior Court, Case No. CV040965 ("*Stephens*"); *Iorio v. Allianz Life Ins. Co. of North America* (S.D. Cal.) Case No. 05-CV-0633 IEG; *Chastain v. Union Security Life Insurance Company* (C.D. Cal.) Case No. 06-CV-5885 ABC; *Kavruck v. Blue Cross of California, Los Angeles Superior Court*, Case No. BC160180. Gianelli & Morris has also represented the insureds in a number of significant consumer law decisions, including: *Myers v. State Board of Equalization* (2015) ___ Cal.Rptr.3d ____, WL 565612; *Broberg v. The Guardian Life Insurance Co.* (2009) 171 Cal.App.4th 912; *Rodriguez v. Blue Cross of California* (2008) 162 Cal.App.4th 330; *Kavruck v. Blue Cross of California* (2003) 108 Cal.App.4th 773; *State Farm Mutual Auto. Ins. Co. v. Superior Court (Hill)* (2003) 114 Cal.App.4th 434; *IT Corp. v General American* (9th Cir. 1997) 107 F.3d 1415; *American States Ins. Co. v. Borbor* (9th Cir. 1987) 826 F.2d 888; *Hansen v. Blue Cross* (9th Cir. 1989) 891 F.2d 1384; and *Allstate v. Overton* (1984) 160 Cal.App.3d 843.

17.     As stated above, the rates being sought on this Motion have been found reasonable and awarded in prior cases for five of the six billers who worked on this case for plaintiff, and, based on my familiarity with the rates in the Bay Area for class action practitioners, the rates being sought here are appropriate and reasonable rates for the work done.

///

5

However, in order to further evaluate the rates being sought on the Motion, I had a database created which combined the rates from various legal fee analyses I have done with rates from other sources which collect rates actually billed to and paid by clients. [5] In most litigation where fees are at issue, the rates to be applied are the rates being billed for comparable lawyers doing comparable work in the forum of the litigation. I thus looked at the rates being charged by firms active in handling class action litigation (both prosecuting and defending class actions) located in the San Francisco Bay Area or which were approved by Courts in litigation in the San Francisco Bay Area. [6] The experience of the billers is one of the factors to be looked at in determining the rates to be applied, and the number of years of experience of the lawyers, based on their year of admission to the Bar, was the starting point of my analysis. However, rates among comparable lawyers doing comparable types of work vary by size of firm, type of litigation, and other factors in addition to one's number of years as a lawyer, so I used a range of years of experience in my analyses to take those other factors into account. Finally, it is the common and accepted practice in fee applications to use the last year of the litigation (which here is 2015) to identify the appropriate rates to be awarded in a post-trial or post-settlement fee application. [7] Here, in order to expand the sample of available rate information, I used rates for 2012 through 2015 (the period of the litigation) which is a "conservative" approach because it would have the effect of reducing the rates to be awarded since rates in general have gone up since 2012. For each biller in the case, I have attached a schedule as an Exhibit showing the rates that I used to evaluate the reasonableness of the rate sought for that particular biller. The

///

---

[5] For my analysis, I only used rates from cases where the rates being sought either were actually billed to and paid by fee-paying clients or had been approved by courts. I did not use rates which were simply being sought in a case or which counsel opined were reasonable rates for their work unless the court had approved the particular rate in that case.

[6] I used rates from the San Francisco Bay Area in general, rather than just Alameda County (the forum), because firms from all over the Bay Area handle cases in Alameda County, and the rates being charged by firms handling class actions do not vary to any significant degree based on the specific county in the Bay Area the litigation is located in. Thus, the "market" for an analysis of class action litigation in this case would be the San Francisco Bay Area, not just Alameda County.

[7] The alternative is to use the rates charged in each year of the litigation and add interest and, while that approach can be used, at the option of the party seeking fees, using the last year of the litigation (and not adding interest) is far more commonly used, in part because it simplifies the process.

*Declaration of Gary Greenfield in Support of Motion for an Award of Attorney Fees and Service Award for Plaintiff, Wendy Gallimore*

rates sought range from the 20th to the 87th percentile of the rates in the database for firms handling class action litigation and are plainly within the range of reasonableness for a case of this type, given the experience and expertise of the billers in class action litigation and the fact that the rates are not just current rates but go back to 2012. I address each of the billers below.

18.     The lead lawyer for plaintiff in the litigation was Robert Gianelli. Mr. Gianelli was admitted to the Bar in 1978. He has practiced almost exclusively in the field of insurance law, representing insurance policyholders in numerous successful insurance-related class actions involving insurance benefits and other insurance-related issues. He is a Contributing Editor for the California Practice Guide, Insurance Litigation, published by The Rutter Group, and has been an Adjunct Professor of Insurance Law at Whittier Law School and at the La Verne University College of Law. He has been appointed class counsel in numerous class actions and has litigated a number of important cases resulting in published opinions. He was a finalist in 2011 for the Attorney of the Year award of the Consumer Attorneys of California for his work as lead counsel in a class action on behalf of senior citizens against an annuity company. He has been a speaker at numerous ALI/ABA and Rutter Group programs. In March of this year, he received a "California Lawyers Attorney of the Year," award also known as a CLAY Award, from California Lawyer magazine, for his work as lead counsel in two cases concerning denial of treatments by health plans, as in this case, *Arce* and *Glick*. He was also a Finalist for the 2014 Consumer Attorney of the Year for the Consumer Attorneys of California for his work as lead counsel in *Arce*. In addition, he was a Finalist for the 2011 Consumer Attorney of the Year for the Consumer Attorneys of California for his work as lead counsel in *Stephens*, a senior citizen deferred annuity class action. Plaintiff is seeking $900 per hour for his work. After a certain number of years in practice, rates are not heavily dependent on the number of years one has been a lawyer. Thus, in evaluating Mr. Gianelli's rate, I looked at all lawyers in the database who were admitted to the Bar in 1990 or earlier (i.e., who have been in practice twenty-five or more years). The range of rates in the database for lawyers with twenty-five or more years of experience is set forth on Exhibit 8. $900 per hour is at

7

1    approximately the 87th percentile of that range.  That is an appropriate and reasonable rate for

2    Mr. Gianelli's work in this case.

3          19.      Joshua Davis was responsible for the day-to-day handling of this case after class

4    certification through trial and post-trial proceedings, including depositions, written discovery,

5    motion practice, expert depositions, pre-trial preparation, including motions in limine, and post-

6    trial briefing and motion practice.  Mr. Davis second-chaired the trial of this matter.   He is a

7    1997 graduate of the University of Southern California Law School, where he was Executive

8    Editor of the Law Review.  He thus has eighteen years of experience as a lawyer.  From October

9    1997 to September 1999, he was an associate at Orrick, Herrington & Sutcliffe focusing on

10    class action defense; from October 1999 to December 2005, he was an associate at Gaims, Weil,

11    West and Epstein where his practice included class actions and unfair business practices; from

12    January 2006 to August 2013, he was a senior associate at Sedgwick in the Insurance Practices

13    Department; and since September 2013, he has worked at Gianelli & Morris on class action

14    cases. I looked at rates for Mr. Davis based on a range of thirteen to twenty-three years of

15    experience, which is set forth on Exhibit 9 hereto.  The rate being sought for his work is $700

16    per hour, which is at approximately the 57th percentile of that range.  That is a reasonable and

17    appropriate rate for his work on the case.

18          20.      Jully Pae was an associate at Gianelli & Morris during the litigation.  She was

19    admitted to the Bar in 2004, and thus has eleven years of experience.  Before joining Gianelli &

20    Morris, Ms. Pae was a research attorney at the Los Angeles Superior Court.  Ms. Pae was

21    primarily responsible for research and motion practice in the case until she left the firm in July

22    2014.  I looked at rates for her based on a range of six to sixteen years of experience, which is

23    set forth on Exhibit 10 hereto.  The rate being sought for her work is $675 per hour, which is at

24    approximately the 82nd percentile of that range in the database.  That is a reasonable and

25    appropriate rate for her work on the case.

26          21.      Lotte Colbert was an associate at Gianelli & Morris, and was responsible for the

27    day-to-day handling of this case prior to class certification, including depositions, written

28    discovery and motion practice.  She was admitted to the Bar in 2000 and thus has fifteen years

of experience.  In addition to other experience, she spent approximately five and one-half years as staff counsel in the California Department of Managed Health Care, dealing with, among other things, enforcement of the statutes governing health plans, such as the statute at issue in this litigation.  I looked at rates for her based on a range of ten to twenty years of experience, which is set forth on Exhibit 11 hereto.  The rate being sought for her work is $625 per hour, which is at approximately the 51st percentile of that range in the database.  That is a reasonable and appropriate rate for her work on the case.

22.     Adrian Barrio is an associate at Gianelli & Morris and a 1997 graduate from the University of Illinois College of Law, where he served on the Board of Editors of the University of Illinois Law Review.   After law school, he clerked for the Honorable Rebecca R. Pallmeyer, United States District Judge for the Northern District of Illinois.  After his clerkship, Mr. Barrio worked as an Assistant Attorney General in the Criminal Appeals Division of the Illinois Office of Attorney General.  In October, 2002, he became an associate at Franscell, Strickland, Roberts & Lawrence in Los Angeles, handling civil appeals on behalf of governmental entities in civil rights and employment cases.  From September 2004 to June 2014, Mr. Barrio worked as a Senior Associate at Murchison & Cumming, where his litigation practice included class actions and unfair business practices.  Since July 2014, Mr. Barrio has worked at Gianelli & Morris on the firm's consumer class action cases.  Mr. Barrio was responsible for research and motion practice on this case.   I looked at rates for Mr. Barrio based on a range of thirteen to twenty-three years of experience, which is set forth on Exhibit 12 hereto. The rate being sought for his work is $675 per hour, which is at approximately the 52nd percentile of that range.  That is a reasonable and appropriate rate for his work on the case.

23.     Richard R. Fruto is also an associate at Gianelli & Morris.  He was admitted to the Bar in 1998.   Since joining Gianelli & Morris in 2001, he has worked almost exclusively in insurance-related consumer class actions.   He was involved primarily in research and law and motion practice for this case, and assisted during the trial. I looked at rates for Mr. Fruto based on a range of twelve to twenty-two years of experience, set forth on Exhibit 13 hereto.  The

*Declaration of Gary Greenfield in Support of Motion for an Award of Attorney Fees and Service Award for Plaintiff, Wendy Gallimore*

rate being sought for his work is $500 per hour, which is at approximately the 20th percentile of that range.  That is a reasonable and appropriate rate for his work on the case.

24.     Based on the foregoing, it is my opinion that the rates being sought on the Motion are reasonable and appropriate rates for each of the billers, consistent with rates awarded in prior cases, and reflective of the experience, expertise and quality of their work.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Alameda County, California, on October 13, 2015.

Gary Greenfield

---

10

# [EXHIBIT 06]

**RESUME**

**GARY GREENFIELD**

## PROFESSIONAL EXPERIENCE

### LITIGATION COST MANAGEMENT

**January 1, 1991 to date**--Founder of Litigation Cost Management, a consulting firm which specializes in legal and expert fee analysis and consulting with clients respecting improving the management of their litigation.

#### Special Master

Appointed Special Master by San Francisco Superior Court to analyze fees and expenses of lawyers and expert witnesses

#### Expert consultant/witness

Qualified and testified in numerous court proceedings and arbitrations regarding attorneys' fees issues

#### Litigation management/auditing training and consulting

Consulting and training for both clients and law firms in litigation management and cost control and legal bill auditing and analysis

### OTHER LEGAL EXPERIENCE

**October 1, 1975 to December 31, 1990**--Litigator in San Francisco law firm of Shartsis, Friese & Ginsburg.  Handled complex litigation of various types, covering all stages of cases including trials in state and federal courts.  Became partner on January 1, 1981.

## EDUCATION

**University of California at Berkeley (Boalt Hall)**--J.D., 1975. Member, California Law Review.  Order of the Coif.

**Stanford University**--B.A., 1971.  Phi Beta Kappa. Degree with Distinction.

**RESUME** (Page 2)

**ARTICLES**

"An Auditor Speaks to Law Firms," The Recorder, August 16, 1991

"Audits Often Signal a Management Failure," Illinois Legal Times, September, 1991

"Five Early Warning Signs of Potential Overbilling," The Recorder, October 24, 1991

"Estimating the Cost of a Case," Corporate Legal Times, January, 1992

"Litigation Management: It's All in the Mind," Committee on Corporate Counsel Newsletter (ABA Section of Litigation), February, 1992

"Keep High Litigation Costs Off Your Case," Public Risk, February, 1992

"How One Company Uses In-House Audits," Corporate Legal Times, June, 1992

"Litigation Management: What Law School Never Taught You," California Lawyer, July, 1992

"Harnessing the Cost of Legal Bills," Risk Management, January, 1993

"Strategies for Reducing Your Legal Bills," Small Business Reports, June, 1993

"Efficient Litigation: An Ethical Imperative?" The American Lawyer, April, 1994

"Fee Fight (Using A Legal Fee Auditor in Billing Disputes)," Los Angeles/San Francisco Daily Journal, February 28, 1997

"Legal Bill Auditing–Problems and Perspectives," Law Governance Review, Autumn, 1997

**RESUME** (Page 3)

## SEMINARS AND WORKSHOPS CONDUCTED

**American Management Association**--Two-day seminars in effective litigation management

**Western Bankers' Association**--Multiple workshops across California on effective litigation management

**Continuing Professional Education, Inc.**--Seminars in legal bill auditing and litigation management for financial professionals

## OTHER SPEAKING ENGAGEMENTS

National Association of Legal Fee Analysis (NALFA)

ABA National Litigation Institute ("Applying TQM in Litigation")

Practising Law Institute ("Litigation Management Supercourse")

Los Angeles County Bar Association ("All About Fees")

National Association of Government Guaranteed Lenders

California Redevelopment Association

Public Risk Management Association

[EXHIBIT 07]

# DATAPOINTS

*Business intelligence for the California judicial branch*

NOVEMBER 2009

# HIGHLIGHTS FROM THE STUDY OF CALIFORNIA CLASS ACTION LITIGATION

By Hilary Hehman

*DataPoints is produced by the AOC Office of Court Research to inform the court community about empirical trends in the California judicial branch.*

For additional information on class action litigation in California:
*www.courtinfo.ca.gov/ reference/caclassactlit.htm*



Judicial Council of California
Administrative Office of the Courts
Office of Court Research
455 Golden Gate Avenue
San Francisco, California 94102-3688
*research@jud.ca.gov*
*www.courtinfo.ca.gov*

Class action lawsuits are often the focus of policy and practice discussions due to their controversial nature and impact on court workload. Unfortunately, even basic information on class action litigation in California is difficult to acquire because data specific to these cases are not collected in trial court case managment systems.

The Office of Court Research initiated the Study of California Class Action Litigation to overcome this lack of data and contribute to a more rounded dialogue about class action litigation and its effect on the court system. Through the study, data from over 1,500 class action cases filed between 2000 and mid-2006 were compiled through case-file review, resulting in the most comprehensive examination of California class action litigation to date.

This release of DataPoints provides highlights from the first interim report on class action litigation. Further detail about the Study of California Class Action Litigation and the full report on which this summary is based can be found at *www.courtinfo. ca.gov/reference/caclassactlit.htm*.

## Filings Analysis

Study courts reported a total of 3,711 class action cases filed between 2000 and 2005. Filings steadily increased by 81% in the first five years of the study. However, the number of filings fell 9.8% between 2004 and 2005, which may be attributable to changes instituted by the Class Action Fairness Act of 2005. It will be necessary to update the data for the ensuing years to determine if the filings decline continued after 2005.

Figure 1. While total unlimited civil filings declined during the study period, the subset of class action filings increased by 63 percent



The increase in the number of class action cases filed from 2000 to 2005 stands in sharp contrast to the trend in unlimited civil filings during the same period, which show an overall decrease. Total unlimited civil filings decreased 17.8% between 2000 and 2005 in comparison to the 63.3% increase in class action filings.

## Case Type Analysis

Employment and business tort cases are the most frequently filed class action case types in California, comprising more than half of all cases reviewed. Employment cases represented a yearly average of 29.3% of all class actions cases. Business tort cases represented a yearly average of 27.4% of filings during the same period.

Employment filings showed the most growth, increasing by 313.8% between 2000 and 2005. In contrast, business torts filings increased during the first two years of the study before declining in 2002.

## Primary Claim Base Analysis

As part of the case-file review, the data collection captured the claims listed in the block caption on the face of each class action complaint. These claim bases list any statutory violations and other foundations for suit and offer a means of analyzing the general statutory base or legal theory at play in the case.

Over half of employment cases cited violations of the California Labor Code relating to overtime pay and general wage violations. On average, 31.5% of the cases referred to violations of the California Labor Code Section 1194 and 20.7% referred to a generalized wage violation. The analysis also shows that usage of California Labor Code Section 512 relating to meal and rest breaks greatly increased in 2003 following the successful use of this claim base in a series of cases against Wal-Mart Stores starting in 2002. 10.5% of employment class action cited this code section as a primary claim base in 2003 in comparison to zero in 2002.


Figure 2. Employment


Figure 3. Business Torts

Combined, Employment and Business Tort cases represent over half of all class action cases filed in the study courts


Figure 4. Primary Claim Base Cited in Cases Filed as Employment

The California Business and Professions Code Section 17200 et seq., also known as the Unfair Competition Law (UCL) was the most commonly-cited claim base in class action cases filed as business tort.  On average, the UCL was used in 45.6% of all business tort cases filed in the study sample. This percentage reached a peak in 2001 wherein 69.1% of all business torts filed cited the UCL as the primary claim base of the suit.

Use of the Unfair Competition Law decreased sharply in 2002 and again between 2004 and 2005 after California Proposition 64 changed the law to include more stringent standing requirements for suit. Although Proposition 64, passed in 2004, was intended to curb the use of the UCL, it appears that Attorney General action against the misuse of the UCL in 2004 actually led to a substantial decline in its use prior to the passage of Proposition 64. Plaintiffs appear to have substituted the Consumers Legal Remedies Act as the primary claim base for the UCL in 2002 and 2004.



Figure 5.  Primary Claim Base Cited in Cases Filed as Business Torts

## Disposition Analysis

Table 1.  Frequency of Dispositions for all Disposed Class Action Cases in the Sample

| Dispositions | n | % of Total Dispositions |
|---|---|---|
| Settlement | 413 | 31.9% |
| Dismissed with prejudice | 217 | 16.8% |
| Dismissed without prejudice | 163 | 12.6% |
| Coordinated | 141 | 10.9% |
| Removed to federal court | 121 | 9.4% |
| Consolidated with another case | 120 | 9.3% |
| Summary judgment for defendant | 50 | 3.9% |
| Transferred | 40 | 3.1% |
| Other disposition | 12 | 0.9% |
| Trial verdict | 9 | 0.7% |
| Stayed | 6 | 0.5% |
| Interlocutory appeal | 2 | 0.2% |
| **All Disposed Cases** | **1,294** | **100.0%** |

Settlements were the most common type of disposition in study cases, representing 31.9% of all dispositions in cases filed as class actions. However, the settlement rate skyrockets to 89.2% if the disposition analysis is confined to cases that had a certified class. Class action cases rarely proceed through trial to a verdict. Only 9 study cases ended in a verdict after trial and only 2 of these reached verdicts with a certified class. Overall, it is extremely uncommon for certified class actions to reach a trial verdict in California.

Construction defect, employment, and securities litigation class actions have the highest settlement rate with percentages that are well above the overall average for all casetypes combined.

31.9% of cases filed as class actions in the study settled.
89.2% of the cases that had a certified class settled.

## Impact of Class Action Fairness Act

41 cases were permanently removed to federal court in 2005 after CAFA took effect as compared to only 11 cases removed in 2004. The overall removal rate in California prior to CAFA was 6.6%. Post-CAFA, this removal rate increased to 19.2%. However, the post-CAFA removal rate increase does not significantly affect the class action caseload in California as the absolute number of cases removed to federal court remains low as a percentage of the statewide total.

The study also highlights that class action litigation does not lend itself to a traditional trend and long-term behavior analysis that is common for other types of litigation, for several reasons. First, class actions are relatively rare, and a small change in absolute numbers in this area translates to a large variation in the overall percentage in an analysis. Second, the field of class action practitioners is small and active which cultivates rapid change in the data as attorneys chase the latest successful claims, case outcomes, or litigation strategies.

Lastly, the trends and tendencies that do exist in class action data often exist on a local level, and a statewide analysis of class action data can obscure some of the more interesting behavior.



Figure 6.  Cases permanently removed to federal court, as a percent of yearly class action filings

*Business intelligence is the merger of data and analysis in support of organizational goals. The Office of Court Research produces business intelligence for the California judicial branch to inform strategic planning, policy development, and program evaluation. For more information, visit us at www.courtinfo.ca.gov/reference/resandstats.htm.*

OFFICE OF COURT RESEARCH STAFF

**DAG MACLEOD**
*Manager*

STATISTICS & INFORMATION UNIT

**BARRY LYNCH**
*Supervising Analyst*

**CHRIS BELLOLI**
*Senior Research Analyst*

**TARA AGNESE**
*Research Analyst*

**HUONG BUI**
*Research Analyst*

**JENNIFER CHOW**
*Research Analyst*

**CECILIA IGNACIO**
*Staff Analyst*

**CHERYL KING**
*Staff Analyst*

RESEARCH & ANALYSIS

**RON PI**
*Supervising Analyst*

**HILARY HEHMAN**
*Senior Research Analyst*

**KEVIN O'CONNELL**
*Senior Research Analyst*

**LEAH ROSE-GOODWIN**
*Senior Research Analyst*

**DAVID A. SMITH**
*Senior Research Analyst*

**KAREN VISCIA**
*Senior Research Analyst*

**SHAUNESE HENDERSON**
*Administrative Coordinator*

JUDICIAL ADMINISTRATION LIBRARY

**GARY KITAJO**
*Judicial Administration Librarian*

**BERNADINE GONSALEZ**
*Assistant Judicial Administration Librarian*

**PAUL ZOLLI**
*Administrative Coordinator*

# [EXHIBIT 08]

Litigation Cost Management          **Range of Rates -- Robert Gianelli**          <u>Gallimore v. Kaiser</u>

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Leader-Picone, Malcolm | Bartlett, Leader-Picone And Young | 1982 | 2012 | 375 |
| Swanson, Ralph | Berliner Cohen | 1975 | 2012 | 450 |
| Gebhard, Robert | Sedgwick LLP | 1986 | 2012 | 450 |
| Christianson, Shawn | Buchalter Nemer | 1984 | 2012 | 490 |
| Thompson, Robert | Sheppard Mullin Richter & Hampton LLP | 1969 | 2012 | 490 |
| Kleiner, Gregg | McKenna Long & Aldridge LLP | 1988 | 2012 | 495 |
| Moell, John | McKenna Long And Aldridge LLP | 1975 | 2013 | 500 |
| Kleiner, Gregg | McKenna Long And Aldridge LLP | 1988 | 2013 | 510 |
| Fillerup, Jeffrey | McKenna Long & Aldridge LLP | 1982 | 2012 | 520 |
| Isaacs, Michael | McKenna Long & Aldridge LLP | 1981 | 2012 | 520 |
| Maher, Charles | McKenna Long & Aldridge LLP | 1986 | 2012 | 520 |
| Milgrom, Barry | McKenna Long & Aldridge LLP | 1981 | 2012 | 520 |
| Belgum, Karl | Nixon Peabody | 1981 | 2012 | 520 |
| Melchior, Kurt | Nossaman, Guthner, Knox & Elliott | 1951 | 2012 | 525 |
| Fillerun, Jeffrev | McKenna Long And Aldridge LLP | 1990 | 2013 | 540 |
| Hill, Richard | Littler Mendelson P.C. | 1978 | 2012 | 565 |
| Lederman, Henry | Littler Mendelson | 1975 | 2012 | 575 |
| Lederman, Henry | Littler Mendelson P.C. | 1974 | 2012 | 575 |
| Egan, Pamela | Pachulski Stang Young & Jones LLP | 1989 | 2012 | 575 |
| Tom Burke | Davis Wright Tremaine | 1989 | 2012 | 585 |
| Tom Burke | Davis Wright Tremaine | 1989 | 2013 | 585 |
| MacDonnell, GJ | Littler Mendelson P.C. | 1973 | 2012 | 585 |
| Tichy, George | Littler Mendelson P.C. | 1967 | 2012 | 585 |
| Pulgram, Laurence | Fenwick & West | 1984 | 2012 | 600 |
| Manierre, William | Sheppard Mullin Richter & Hampton LLP | 1975 | 2012 | 635 |
| Anderson, James | DLA Piper | 1989 | 2012 | 650 |
| Hungerford, Charles | Jones Day | 1975 | 2012 | 650 |
| Oliner, Aron | Duane Morris LLP | 1990 | 2012 | 655 |
| Boddy, James | Morrison & Foerster LLP | 1975 | 2012 | 660 |
| Sacks, Steven | Sheppard Mullin Richter & Hampton LLP | 1980 | 2012 | 670 |
| Reddy, Thomas | Bingham McCutchen LLP | 1973 | 2012 | 675 |
| Rockett, James | Bingham McCutchen LLP | 1969 | 2012 | 690 |
| David Leo Huard | Manatt | 1983 | 2012 | 695 |
| Livingston, Andrew | Orrick, Herrington & Sutcliffe LLP | 1990 | 2012 | 695 |
| Stumpf, Robert | Sheppard Mullin | 1976 | 2012 | 700 |
| Goodwin, David | Covington & Burling | 1982 | 2012 | 716 |
| David Leo Huard | Manatt | 1983 | 2013 | 720 |
| Ford, Robert | Jones Day | 1975 | 2012 | 725 |
| Telfer, James | DLA Piper | 1986 | 2012 | 740 |
| Lapallo, Francis | Manatt, Phelps & Phillips, LLP | 1977 | 2012 | 740 |
| Fiero, John | Pachulski Stang Young & Jones LLP | 1988 | 2012 | 745 |
| Fiero, John | Pachulski Stang Ziehl & Jones LLP | 1988 | 2013 | 745 |
| Dempsey, Karen | Orrick, Herrington & Sutcliffe LLP | 1988 | 2012 | 760 |
| Mitchell, Thomas | Orrick, Herrington & Sutcliffe LLP | 1985 | 2012 | 760 |

Litigation Cost Management          **Range of Rates -- Robert Gianelli**          <u>Gallimore v. Kaiser</u>

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Brown, Kenneth | Pachulski Stang Young & Jones LLP | 1981 | 2012 | 765 |
| Eisenbach, Robert | Cooley LLP | 1985 | 2012 | 770 |
| Keller, Tobias | Jones Day | 1990 | 2012 | 775 |
| Roger Cook | Kilpatrick Townsend & Stockton LLP | 1964 | 2012 | 775 |
| Lenard G. Weiss | Manatt | 1963 | 2012 | 780 |
| Eisenbach, Robert | Cooley LLP | 1985 | 2013 | 790 |
| Bolding, Grady | Orrick, Herrington & Sutcliffe LLP | 1977 | 2012 | 790 |
| Timothy Moore | Cooley | 1985 | 2012 | 795 |
| Timothy Moore | Cooley | 1985 | 2013 | 795 |
| Goodwin, David | Covington & Burling | 1982 | 2012 | 795 |
| Hobel, Lawrence | Covington & Burling LLP | 1976 | 2012 | 795 |
| Engel, G. | Morrison & Foerster LLP | 1972 | 2012 | 795 |
| Murphy, David | Morrison & Foerster LLP | 1974 | 2012 | 800 |
| Kevane, Henry | Pachulski Stang Young & Jones LLP | 1986 | 2012 | 815 |
| Gross, David | DLA Piper | 1978 | 2012 | 820 |
| Plewa, David | DLA Piper | 1987 | 2012 | 825 |
| Benvenutti, Peter | Jones Day | 1974 | 2012 | 825 |
| Hoxie, Timothy | Jones Day | 1985 | 2012 | 825 |
| Colker, David | DLA Piper | 1978 | 2012 | 845 |
| Clowes, Howard | DLA Piper | 1982 | 2012 | 850 |
| Schrotenboer, Ronald | Fenwick & West | 1980 | 2012 | 850 |
| Berry, William | Orrick, Herrington & Sutcliffe LLP | 1972 | 2012 | 850 |
| Hoffman, William | DLA Piper | 1989 | 2012 | 860 |
| Mayer, Steven | Arnold & Porter LLP | 1974 | 2012 | 875 |
| Kevane, Henry | Pachulski Stang Ziehl & Jones LLP | 1986 | 2015 | 895 |
| Gordon Atkinson | Cooley | 1986 | 2012 | 920 |
| Bush, Philip | Baker & McKenzie LLP | 1974 | 2012 | 925 |
| Denwood, Peter | Baker & McKenzie LLP | 1990 | 2012 | 925 |
| Mitchell, Emery | Baker & McKenzie LLP | 1989 | 2012 | 925 |
| Penner, Michael | Baker & McKenzie LLP | 1990 | 2012 | 925 |
| Schultz, Matthew | Baker & McKenzie LLP | 1984 | 2012 | 925 |
| Kennedy, David | Gibson, Dunn & Crutcher LLP | 1982 | 2012 | 955 |
| Gordon Atkinson | Cooley | 1986 | 2013 | 975 |
| Guernsey, Kenneth | Cooley LLP | 1978 | 2013 | 1,020 |
| Silverman, Karen | Latham And Watkins LLP | 1988 | 2012 | 1,035 |

# [EXHIBIT 09]

Litigation Cost Management                **Range of Rates -- Joshua Davis**                <u>Gallimore v. Kaiser</u>

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Palazzolo, Laura | Berliner Cohen | 2000 | 2012 | 320 |
| Hayes, Jennifer | McKenna Long & Aldridge LLP | 1994 | 2012 | 370 |
| Coleman, Jennifer | Hopkins & Carley | 2000 | 2012 | 370 |
| Herman, Diana | McKenna Long & Aldridge LLP | 1997 | 2012 | 390 |
| Waggoner, Anne-Marie | Littler Mendelson P.C. | 1994 | 2012 | 395 |
| Gibson, Steve | DLA Piper | 2002 | 2012 | 395 |
| Francois, Matthew | Sedgwick LLP | 1996 | 2012 | 395 |
| Payson, Kenneth | Davis Wright Tremaine LLP | 1996 | 2012 | 428 |
| Herman, Diana | McKenna Long And Aldridge LLP | 1997 | 2013 | 445 |
| Guillou, Celine | Pachulski Stang Young & Jones LLP | 1998 | 2012 | 450 |
| Greer, Julie | Coblentz Patch Duffy & Bass, LLP | 1999 | 2012 | 460 |
| Picone, John | Hopkins & Carley | 1996 | 2012 | 465 |
| Stimeling, Kathleen | Schiff Hardin LLP | 2000 | 2012 | 490 |
| Gehrke, Michele | Sheppard Mullin Richter & Hampton LLP | 2001 | 2012 | 495 |
| Miller, Ann | DLA Piper | 2002 | 2012 | 510 |
| Heaton, Geoffrey | Duane Morris LLP | 1999 | 2012 | 515 |
| Barrett, Michelle | Littler Mendelson P.C. | 1998 | 2012 | 535 |
| Barmak Sani | Kilpatrick Townsend & Stockton LLP | 1997 | 2012 | 540 |
| Porter, Scott | Orrick, Herrington & Sutcliffe LLP | 1997 | 2012 | 555 |
| Bartlett, Jason | Morrison & Foerster LLP | 1998 | 2012 | 559 |
| Kurlekar, Amit | Akin Gump Strauss Hauer & Feld LLP | 2001 | 2012 | 560 |
| Khatiblou, Miriam | Pachulski Stang Young & Jones LLP | 1995 | 2012 | 575 |
| Rivas, Carlos | DLA Piper | 2001 | 2012 | 580 |
| Hung, Richard | Morrison & Foerster LLP | 1998 | 2012 | 582 |
| Greenwood, Gail | Pachulski Stang Young & Jones LLP | 1993 | 2012 | 595 |
| Thorpe, Andrew | Morrison & Foerster LLP | 1999 | 2012 | 595 |
| Joiner, Scott | Cooley Godward | 2002 | 2012 | 600 |
| Mazza, Mia | Morrison & Foerster LLP | 1996 | 2012 | 605 |
| Gershon, David | Bingham McCutchen LLP | 1992 | 2012 | 620 |
| Brynda, Janel | Baker & McKenzie LLP | 2000 | 2012 | 625 |
| Terri Forman | Cooley | 1999 | 2012 | 630 |
| Joiner, Scott | Cooley Godward | 2002 | 2012 | 630 |
| Aronson, Jeffrey | DLA Piper | 1996 | 2012 | 650 |
| Sikes, David | Jones Day | 2002 | 2012 | 650 |
| Ferreira, G. | Greenberg Traurig LLP | 1995 | 2012 | 655 |
| Lange, Barbara | Orrick, Herrington & Sutcliffe LLP | 1994 | 2012 | 660 |
| Andrew Bassak | Manatt | 1992 | 2012 | 665 |
| Benjamin Gross Shatz | Manatt | 1992 | 2012 | 665 |
| Schwaab, Andrew | DLA Piper | 1998 | 2012 | 665 |
| Terri Forman | Cooley | 1999 | 2013 | 670 |
| Andrew Bassak | Manatt | 1992 | 2013 | 690 |
| McDaniels, Keith | Cooley LLP | 1996 | 2013 | 695 |
| Griebe, Benjamin | DLA Piper | 1999 | 2012 | 695 |
| Agenbroad, Aaron | Jones Day | 1997 | 2012 | 700 |

Litigation Cost Management          **Range of Rates -- Joshua Davis**          Gallimore v. Kaiser

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Sheen, Raymond | Jones Day | 1997 | 2012 | 700 |
| Lee, Victoria | DLA Piper | 1993 | 2012 | 725 |
| Yamashita, Brent | DLA Piper | 1997 | 2012 | 725 |
| Keegan, Christopher | Kirkland & Ellis LLP | 2002 | 2012 | 725 |
| Litvak, Maxim | Pachulski Stang Young & Jones LLP | 1997 | 2012 | 725 |
| Wit, Terry | Quinn Emanuel | 2002 | 2012 | 730 |
| Briggs, Todd | Quinn Emanuel | 2000 | 2012 | 735 |
| Adelson, Eliot | Kirkland & Ellis LLP | 1999 | 2012 | 745 |
| Paz, Stacy | DLA Piper | 2002 | 2012 | 750 |
| Limbach, Alan | DLA Piper | 1994 | 2012 | 755 |
| Lohse, Timothy | DLA Piper | 1994 | 2012 | 755 |
| McKane, Mark | Kirkland & Ellis LLP | 1997 | 2012 | 765 |
| McKane, Mark E. | Kirkland & Ellis LLP | 1997 | 2012 | 765 |
| Huibonhoa, Katherine | Paul Hastings | 1998 | 2012 | 765 |
| Tang, John | Jones Day | 1996 | 2012 | 775 |
| McKitterick, Nate | DLA Piper | 1994 | 2012 | 790 |
| McKitterick, Nathaniel | DLA Piper | 1994 | 2012 | 790 |
| Bertenthal, David | Pachulski Stang Ziehl & Jones LLP | 1993 | 2012 | 795 |
| Maroulis, Victoria | Quinn Emanuel | 1996 | 2012 | 815 |
| Doolittle, Patrick | Quinn Emanuel | 2000 | 2012 | 895 |
| Eandi, Susan | Baker & McKenzie LLP | 1997 | 2012 | 925 |
| Flores, Victor | Baker & McKenzie LLP | 1998 | 2012 | 925 |
| Derek L. Shaffer | Quinn | 2001 | 2014 | 930 |
| Robert W. Stone | Quinn | 1992 | 2012 | 955 |
| Robert W. Stone | Quinn | 1992 | 2013 | 955 |
| Travers, Mischa | Davis Polk & Wardwell LLP | 1996 | 2012 | 985 |
| Simon, Spencer | Sullivan & Cromwell LLP | 1999 | 2012 | 990 |
| Robert W. Stone | Quinn | 1992 | 2014 | 995 |
| Brian Cannon | Quinn | 1997 | 2014 | 995 |
| Brian Cannon | Quinn | 1997 | 2015 | 995 |
| Robert W. Stone | Quinn | 1992 | 2015 | 1,015 |
| Charles K. Verhoeven | Quinn | 1994 | 2013 | 1,075 |
| Mousavi, Nader | Sullivan & Cromwell LLP | 1997 | 2012 | 1,150 |

# [EXHIBIT 10]

Litigation Cost Management     **Range of Rates -- Jully Pae**     <u>Gallimore v. Kaiser</u>

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Mason, Tracy | Bryan Cave LLP | 2008 | 2012 | 225 |
| Amanda Levin | Quinn | 2009 | 2013 | 290 |
| Keller, Ivo | Buchalter Nemer | 2006 | 2012 | 310 |
| Magaline, Nicole | Schiff Hardin LLP | 2007 | 2012 | 310 |
| Palazzolo, Laura | Berliner Cohen | 2000 | 2012 | 320 |
| Vorhis, James | Nossaman, Guthner, Knox & Elliott | 2006 | 2012 | 325 |
| Huynh, Doe | Orrick, Herrington & Sutcliffe LLP | 2009 | 2012 | 330 |
| McConnell, Kathleen | Coblentz Patch Duffy & Bass, LLP | 2005 | 2012 | 335 |
| Webb, Clifford | Fenwick & West | 2008 | 2012 | 345 |
| Coleman, Jennifer | Hopkins & Carley | 2000 | 2012 | 370 |
| Kim, Esther | Morrison & Foerster LLP | 2008 | 2012 | 372 |
| Mahoney, Patrick | Schiff Hardin LLP | 2004 | 2012 | 375 |
| Gibson, Steve | DLA Piper | 2002 | 2012 | 395 |
| Johnson, Jennifer | Fenwick & West | 2007 | 2012 | 395 |
| Obaro, Bambo | Weil Gotshal | 2009 | 2012 | 395 |
| Colosi, Peter | Cooley Godward | 2007 | 2012 | 405 |
| Kushner, Dina | Morrison & Foerster LLP | 2009 | 2012 | 405 |
| Barnard, Justin | Quinn Emanuel | 2008 | 2012 | 420 |
| Sabri, Nathan | Morrison & Foerster LLP | 2007 | 2012 | 424 |
| Eric Hutchins | Kilpatrick Townsend & Stockton LLP | 2006 | 2012 | 425 |
| So, Andrew | Kirkland & Ellis LLP | 2009 | 2012 | 430 |
| Robert Tadlock | Kilpatrick Townsend & Stockton LLP | 2005 | 2012 | 450 |
| Lee, Jacqueline | Jones Day | 2006 | 2012 | 450 |
| White, Martin | Sheppard Mullin | 2007 | 2012 | 455 |
| Greer, Julie | Coblentz Patch Duffy & Bass, LLP | 1999 | 2012 | 460 |
| Ordikhani, Naghmeh | Morrison & Foerster LLP | 2009 | 2012 | 465 |
| Stimeling, Kathleen | Schiff Hardin LLP | 2000 | 2012 | 490 |
| Largent, Craig | Kilpatrick Townsend & Stockton LLP | 2004 | 2012 | 490 |
| Flaherty, Jason | Orrick, Herrington & Sutcliffe LLP | 2003 | 2012 | 495 |
| Gehrke, Michele | Sheppard Mullin Richter & Hampton LLP | 2001 | 2012 | 495 |
| Holbrook, Adam | Kirkland & Ellis LLP | 2009 | 2012 | 495 |
| Guerra, Marcelo | Morrison & Foerster LLP | 2004 | 2012 | 498 |
| Scullion, Alyssa | Jones Day | 2007 | 2012 | 500 |
| Jack Stoddard | Manatt | 2006 | 2012 | 500 |
| Lauter, Michael | Sheppard Mullin Richter & Hampton LLP | 2006 | 2012 | 505 |
| Sacks, Michael | Sheppard Mullin Richter & Hampton LLP | 2006 | 2012 | 505 |
| Miller, Ann | DLA Piper | 2002 | 2012 | 510 |
| Tara Seshadri Kaushik | Manatt | 2004 | 2012 | 510 |
| Heaton, Geoffrey | Duane Morris LLP | 1999 | 2012 | 515 |
| Christopher Aaron Rheinhe| Manatt | 2007 | 2013 | 525 |
| Jack Stoddard | Manatt | 2006 | 2013 | 525 |
| Kelly Lynn Knudson | Manatt | 2006 | 2013 | 525 |
| Susanna Lynn Chenette | Manatt | 2008 | 2013 | 525 |
| Hiensch, Kristin | Morrison & Foerster LLP | 2006 | 2012 | 525 |

Litigation Cost Management                    **Range of Rates -- Jully Pae**                    <u>Gallimore v. Kaiser</u>

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Chitbangonsyn, Joybell | Dechert LLP | 2007 | 2012 | 535 |
| Kurlekar, Amit | Akin Gump Strauss Hauer & Feld LLP | 2001 | 2012 | 560 |
| Kevin Dwight | Manatt | 2005 | 2012 | 560 |
| Hollman, Hugh | Jones Day | 2005 | 2012 | 575 |
| Kiernan, Kelli | Jones Day | 2005 | 2012 | 575 |
| Kiernan, Killi | Jones Day | 2005 | 2012 | 575 |
| Rivas, Carlos | DLA Piper | 2001 | 2012 | 580 |
| Kevin Dwight | Manatt | 2005 | 2013 | 580 |
| Darren Pluth | Quinn | 2009 | 2012 | 580 |
| Nokes, Casey | Kirkland & Ellis LLP | 2005 | 2012 | 585 |
| Hinderliter, Justine | Locke Lord LLP | 2006 | 2012 | 586 |
| Thorpe, Andrew | Morrison & Foerster LLP | 1999 | 2012 | 595 |
| Lucas, John | Pachulski Stang Ziehl & Jones LLP | 2004 | 2014 | 595 |
| Joiner, Scott | Cooley Godward | 2002 | 2012 | 600 |
| Appelbaum, Mark | Jones Day | 2003 | 2012 | 600 |
| Novak, Vincent | Morrison & Foerster LLP | 2004 | 2012 | 610 |
| Kacprowski, Nickolas | Kirkland & Ellis LLP | 2004 | 2012 | 620 |
| Belytschko, Justine | Baker & McKenzie LLP | 2007 | 2012 | 625 |
| Brynda, Janel | Baker & McKenzie LLP | 2000 | 2012 | 625 |
| Goulding, Matthew | Krikland And Ellis | 2009 | 2012 | 625 |
| Terri Forman | Cooley | 1999 | 2012 | 630 |
| Joiner, Scott | Cooley Godward | 2002 | 2012 | 630 |
| Kroupa, Lesley | Cooley LLP | 2006 | 2013 | 640 |
| Mitchell, Jeffrey | DLA Piper | 2003 | 2012 | 650 |
| Sikes, David | Jones Day | 2002 | 2012 | 650 |
| Unger, Sean | Paul Hastings | 2004 | 2012 | 655 |
| Terri Forman | Cooley | 1999 | 2013 | 670 |
| Kelleher, Brendan | Latham And Watkins LLP | 2007 | 2012 | 675 |
| Griebe, Benjamin | DLA Piper | 1999 | 2012 | 695 |
| Zaltzman, Haim | Latham And Watkins LLP | 2005 | 2012 | 725 |
| Keegan, Christopher | Kirkland & Ellis LLP | 2002 | 2012 | 725 |
| Wit, Terry | Quinn Emanuel | 2002 | 2012 | 730 |
| Briggs, Todd | Quinn Emanuel | 2000 | 2012 | 735 |
| Adelson, Eliot | Kirkland & Ellis LLP | 1999 | 2012 | 745 |
| Paz, Stacy | DLA Piper | 2002 | 2012 | 750 |
| Puri, Vanita | Latham And Watkins LLP | 2005 | 2012 | 895 |
| Amy Candido | Quinn | 2005 | 2012 | 895 |
| Amy Candido | Quinn | 2005 | 2013 | 895 |
| Doolittle, Patrick | Quinn Emanuel | 2000 | 2012 | 895 |
| Malm, Kirsten | Baker & McKenzie LLP | 2004 | 2012 | 925 |
| Derek L. Shaffer | Quinn | 2001 | 2014 | 930 |
| Amy Candido | Quinn | 2005 | 2014 | 935 |
| Simon, Spencer | Sullivan & Cromwell LLP | 1999 | 2012 | 990 |

# [EXHIBIT 11]

Litigation Cost Management     **Range of Rates -- Lotte Colbert**     <u>Gallimore v. Kaiser</u>

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Palazzolo, Laura | Berliner Cohen | 2000 | 2012 | 320 |
| McConnell, Kathleen | Coblentz Patch Duffy & Bass, LLP | 2005 | 2012 | 335 |
| Coleman, Jennifer | Hopkins & Carley | 2000 | 2012 | 370 |
| Mahoney, Patrick | Schiff Hardin LLP | 2004 | 2012 | 375 |
| Herman, Diana | McKenna Long & Aldridge LLP | 1997 | 2012 | 390 |
| Gibson, Steve | DLA Piper | 2002 | 2012 | 395 |
| Francois, Matthew | Sedgwick LLP | 1996 | 2012 | 395 |
| Payson, Kenneth | Davis Wright Tremaine LLP | 1996 | 2012 | 428 |
| Herman, Diana | McKenna Long And Aldridge LLP | 1997 | 2013 | 445 |
| Guillou, Celine | Pachulski Stang Young & Jones LLP | 1998 | 2012 | 450 |
| Robert Tadlock | Kilpatrick Townsend & Stockton LLP | 2005 | 2012 | 450 |
| Greer, Julie | Coblentz Patch Duffy & Bass, LLP | 1999 | 2012 | 460 |
| Picone, John | Hopkins & Carley | 1996 | 2012 | 465 |
| Stimeling, Kathleen | Schiff Hardin LLP | 2000 | 2012 | 490 |
| Largent, Craig | Kilpatrick Townsend & Stockton LLP | 2004 | 2012 | 490 |
| Flaherty, Jason | Orrick, Herrington & Sutcliffe LLP | 2003 | 2012 | 495 |
| Gehrke, Michele | Sheppard Mullin Richter & Hampton LLP | 2001 | 2012 | 495 |
| Guerra, Marcelo | Morrison & Foerster LLP | 2004 | 2012 | 498 |
| Miller, Ann | DLA Piper | 2002 | 2012 | 510 |
| Tara Seshadri Kaushik | Manatt | 2004 | 2012 | 510 |
| Heaton, Geoffrey | Duane Morris LLP | 1999 | 2012 | 515 |
| Barrett, Michelle | Littler Mendelson P.C. | 1998 | 2012 | 535 |
| Barmak Sani | Kilpatrick Townsend & Stockton LLP | 1997 | 2012 | 540 |
| Porter, Scott | Orrick, Herrington & Sutcliffe LLP | 1997 | 2012 | 555 |
| Bartlett, Jason | Morrison & Foerster LLP | 1998 | 2012 | 559 |
| Kurlekar, Amit | Akin Gump Strauss Hauer & Feld LLP | 2001 | 2012 | 560 |
| Kevin Dwight | Manatt | 2005 | 2012 | 560 |
| Khatiblou, Miriam | Pachulski Stang Young & Jones LLP | 1995 | 2012 | 575 |
| Hollman, Hugh | Jones Day | 2005 | 2012 | 575 |
| Kiernan, Kelli | Jones Day | 2005 | 2012 | 575 |
| Kiernan, Killi | Jones Day | 2005 | 2012 | 575 |
| Rivas, Carlos | DLA Piper | 2001 | 2012 | 580 |
| Kevin Dwight | Manatt | 2005 | 2013 | 580 |
| Hung, Richard | Morrison & Foerster LLP | 1998 | 2012 | 582 |
| Nokes, Casey | Kirkland & Ellis LLP | 2005 | 2012 | 585 |
| Thorpe, Andrew | Morrison & Foerster LLP | 1999 | 2012 | 595 |
| Lucas, John | Pachulski Stang Ziehl & Jones LLP | 2004 | 2014 | 595 |
| Joiner, Scott | Cooley Godward | 2002 | 2012 | 600 |
| Appelbaum, Mark | Jones Day | 2003 | 2012 | 600 |
| Mazza, Mia | Morrison & Foerster LLP | 1996 | 2012 | 605 |
| Novak, Vincent | Morrison & Foerster LLP | 2004 | 2012 | 610 |
| Kacprowski, Nickolas | Kirkland & Ellis LLP | 2004 | 2012 | 620 |
| Brynda, Janel | Baker & McKenzie LLP | 2000 | 2012 | 625 |
| Terri Forman | Cooley | 1999 | 2012 | 630 |

Litigation Cost Management     **Range of Rates -- Lotte Colbert**     Gallimore v. Kaiser

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Joiner, Scott | Cooley Godward | 2002 | 2012 | 630 |
| Aronson, Jeffrey | DLA Piper | 1996 | 2012 | 650 |
| Mitchell, Jeffrey | DLA Piper | 2003 | 2012 | 650 |
| Sikes, David | Jones Day | 2002 | 2012 | 650 |
| Ferreira, G. | Greenberg Traurig LLP | 1995 | 2012 | 655 |
| Unger, Sean | Paul Hastings | 2004 | 2012 | 655 |
| Schwaab, Andrew | DLA Piper | 1998 | 2012 | 665 |
| Terri Forman | Cooley | 1999 | 2013 | 670 |
| McDaniels, Keith | Cooley LLP | 1996 | 2013 | 695 |
| Griebe, Benjamin | DLA Piper | 1999 | 2012 | 695 |
| Agenbroad, Aaron | Jones Day | 1997 | 2012 | 700 |
| Sheen, Raymond | Jones Day | 1997 | 2012 | 700 |
| Zaltzman, Haim | Latham And Watkins LLP | 2005 | 2012 | 725 |
| Yamashita, Brent | DLA Piper | 1997 | 2012 | 725 |
| Keegan, Christopher | Kirkland & Ellis LLP | 2002 | 2012 | 725 |
| Litvak, Maxim | Pachulski Stang Young & Jones LLP | 1997 | 2012 | 725 |
| Wit, Terry | Quinn Emanuel | 2002 | 2012 | 730 |
| Briggs, Todd | Quinn Emanuel | 2000 | 2012 | 735 |
| Adelson, Eliot | Kirkland & Ellis LLP | 1999 | 2012 | 745 |
| Paz, Stacy | DLA Piper | 2002 | 2012 | 750 |
| McKane, Mark | Kirkland & Ellis LLP | 1997 | 2012 | 765 |
| McKane, Mark E. | Kirkland & Ellis LLP | 1997 | 2012 | 765 |
| Huibonhoa, Katherine | Paul Hastings | 1998 | 2012 | 765 |
| Tang, John | Jones Day | 1996 | 2012 | 775 |
| Maroulis, Victoria | Quinn Emanuel | 1996 | 2012 | 815 |
| Puri, Vanita | Latham And Watkins LLP | 2005 | 2012 | 895 |
| Amy Candido | Quinn | 2005 | 2012 | 895 |
| Amy Candido | Quinn | 2005 | 2013 | 895 |
| Doolittle, Patrick | Quinn Emanuel | 2000 | 2012 | 895 |
| Malm, Kirsten | Baker & McKenzie LLP | 2004 | 2012 | 925 |
| Eandi, Susan | Baker & McKenzie LLP | 1997 | 2012 | 925 |
| Flores, Victor | Baker & McKenzie LLP | 1998 | 2012 | 925 |
| Derek L. Shaffer | Quinn | 2001 | 2014 | 930 |
| Amy Candido | Quinn | 2005 | 2014 | 935 |
| Travers, Mischa | Davis Polk & Wardwell LLP | 1996 | 2012 | 985 |
| Simon, Spencer | Sullivan & Cromwell LLP | 1999 | 2012 | 990 |
| Brian Cannon | Quinn | 1997 | 2014 | 995 |
| Brian Cannon | Quinn | 1997 | 2015 | 995 |
| Mousavi, Nader | Sullivan & Cromwell LLP | 1997 | 2012 | 1,150 |

[EXHIBIT 12]

Litigation Cost Management          **Range of Rates -- Adrian Barrio**          Gallimore v. Kaiser

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Palazzolo, Laura | Berliner Cohen | 2000 | 2012 | 320 |
| Hayes, Jennifer | McKenna Long & Aldridge LLP | 1994 | 2012 | 370 |
| Coleman, Jennifer | Hopkins & Carley | 2000 | 2012 | 370 |
| Herman, Diana | McKenna Long & Aldridge LLP | 1997 | 2012 | 390 |
| Waggoner, Anne-Marie | Littler Mendelson P.C. | 1994 | 2012 | 395 |
| Gibson, Steve | DLA Piper | 2002 | 2012 | 395 |
| Francois, Matthew | Sedgwick LLP | 1996 | 2012 | 395 |
| Payson, Kenneth | Davis Wright Tremaine LLP | 1996 | 2012 | 428 |
| Herman, Diana | McKenna Long And Aldridge LLP | 1997 | 2013 | 445 |
| Guillou, Celine | Pachulski Stang Young & Jones LLP | 1998 | 2012 | 450 |
| Greer, Julie | Coblentz Patch Duffy & Bass, LLP | 1999 | 2012 | 460 |
| Picone, John | Hopkins & Carley | 1996 | 2012 | 465 |
| Stimeling, Kathleen | Schiff Hardin LLP | 2000 | 2012 | 490 |
| Gehrke, Michele | Sheppard Mullin Richter & Hampton LLP | 2001 | 2012 | 495 |
| Miller, Ann | DLA Piper | 2002 | 2012 | 510 |
| Heaton, Geoffrey | Duane Morris LLP | 1999 | 2012 | 515 |
| Barrett, Michelle | Littler Mendelson P.C. | 1998 | 2012 | 535 |
| Barmak Sani | Kilpatrick Townsend & Stockton LLP | 1997 | 2012 | 540 |
| Porter, Scott | Orrick, Herrington & Sutcliffe LLP | 1997 | 2012 | 555 |
| Bartlett, Jason | Morrison & Foerster LLP | 1998 | 2012 | 559 |
| Kurlekar, Amit | Akin Gump Strauss Hauer & Feld LLP | 2001 | 2012 | 560 |
| Khatiblou, Miriam | Pachulski Stang Young & Jones LLP | 1995 | 2012 | 575 |
| Rivas, Carlos | DLA Piper | 2001 | 2012 | 580 |
| Hung, Richard | Morrison & Foerster LLP | 1998 | 2012 | 582 |
| Greenwood, Gail | Pachulski Stang Young & Jones LLP | 1993 | 2012 | 595 |
| Thorpe, Andrew | Morrison & Foerster LLP | 1999 | 2012 | 595 |
| Joiner, Scott | Cooley Godward | 2002 | 2012 | 600 |
| Mazza, Mia | Morrison & Foerster LLP | 1996 | 2012 | 605 |
| Gershon, David | Bingham McCutchen LLP | 1992 | 2012 | 620 |
| Brynda, Janel | Baker & McKenzie LLP | 2000 | 2012 | 625 |
| Terri Forman | Cooley | 1999 | 2012 | 630 |
| Joiner, Scott | Cooley Godward | 2002 | 2012 | 630 |
| Aronson, Jeffrey | DLA Piper | 1996 | 2012 | 650 |
| Sikes, David | Jones Day | 2002 | 2012 | 650 |
| Ferreira, G. | Greenberg Traurig LLP | 1995 | 2012 | 655 |
| Lange, Barbara | Orrick, Herrington & Sutcliffe LLP | 1994 | 2012 | 660 |
| Andrew Bassak | Manatt | 1992 | 2012 | 665 |
| Benjamin Gross Shatz | Manatt | 1992 | 2012 | 665 |
| Schwaab, Andrew | DLA Piper | 1998 | 2012 | 665 |
| Terri Forman | Cooley | 1999 | 2013 | 670 |
| Andrew Bassak | Manatt | 1992 | 2013 | 690 |
| McDaniels, Keith | Cooley LLP | 1996 | 2013 | 695 |
| Griebe, Benjamin | DLA Piper | 1999 | 2012 | 695 |
| Agenbroad, Aaron | Jones Day | 1997 | 2012 | 700 |

Litigation Cost Management  **Range of Rates -- Adrian Barrio**  <u>Gallimore v. Kaiser</u>

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|---|---|---|---|---|
| Sheen, Raymond | Jones Day | 1997 | 2012 | 700 |
| Lee, Victoria | DLA Piper | 1993 | 2012 | 725 |
| Yamashita, Brent | DLA Piper | 1997 | 2012 | 725 |
| Keegan, Christopher | Kirkland & Ellis LLP | 2002 | 2012 | 725 |
| Litvak, Maxim | Pachulski Stang Young & Jones LLP | 1997 | 2012 | 725 |
| Wit, Terry | Quinn Emanuel | 2002 | 2012 | 730 |
| Briggs, Todd | Quinn Emanuel | 2000 | 2012 | 735 |
| Adelson, Eliot | Kirkland & Ellis LLP | 1999 | 2012 | 745 |
| Paz, Stacy | DLA Piper | 2002 | 2012 | 750 |
| Limbach, Alan | DLA Piper | 1994 | 2012 | 755 |
| Lohse, Timothy | DLA Piper | 1994 | 2012 | 755 |
| McKane, Mark | Kirkland & Ellis LLP | 1997 | 2012 | 765 |
| McKane, Mark E. | Kirkland & Ellis LLP | 1997 | 2012 | 765 |
| Huibonhoa, Katherine | Paul Hastings | 1998 | 2012 | 765 |
| Tang, John | Jones Day | 1996 | 2012 | 775 |
| McKitterick, Nate | DLA Piper | 1994 | 2012 | 790 |
| McKitterick, Nathaniel | DLA Piper | 1994 | 2012 | 790 |
| Bertenthal, David | Pachulski Stang Ziehl & Jones LLP | 1993 | 2012 | 795 |
| Maroulis, Victoria | Quinn Emanuel | 1996 | 2012 | 815 |
| Doolittle, Patrick | Quinn Emanuel | 2000 | 2012 | 895 |
| Eandi, Susan | Baker & McKenzie LLP | 1997 | 2012 | 925 |
| Flores, Victor | Baker & McKenzie LLP | 1998 | 2012 | 925 |
| Derek L. Shaffer | Quinn | 2001 | 2014 | 930 |
| Robert W. Stone | Quinn | 1992 | 2012 | 955 |
| Robert W. Stone | Quinn | 1992 | 2013 | 955 |
| Travers, Mischa | Davis Polk & Wardwell LLP | 1996 | 2012 | 985 |
| Simon, Spencer | Sullivan & Cromwell LLP | 1999 | 2012 | 990 |
| Robert W. Stone | Quinn | 1992 | 2014 | 995 |
| Brian Cannon | Quinn | 1997 | 2014 | 995 |
| Brian Cannon | Quinn | 1997 | 2015 | 995 |
| Robert W. Stone | Quinn | 1992 | 2015 | 1,015 |
| Charles K. Verhoeven | Quinn | 1994 | 2013 | 1,075 |
| Mousavi, Nader | Sullivan & Cromwell LLP | 1997 | 2012 | 1,150 |

# [EXHIBIT 13]

Litigation Cost Management          **Range of Rates -- Richard Fruto**          Gallimore v. Kaiser

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Palazzolo, Laura | Berliner Cohen | 2000 | 2012 | 320 |
| Hayes, Jennifer | McKenna Long & Aldridge LLP | 1994 | 2012 | 370 |
| Coleman, Jennifer | Hopkins & Carley | 2000 | 2012 | 370 |
| Herman, Diana | McKenna Long & Aldridge LLP | 1997 | 2012 | 390 |
| Waggoner, Anne-Marie | Littler Mendelson P.C. | 1994 | 2012 | 395 |
| Gibson, Steve | DLA Piper | 2002 | 2012 | 395 |
| Francois, Matthew | Sedgwick LLP | 1996 | 2012 | 395 |
| Payson, Kenneth | Davis Wright Tremaine LLP | 1996 | 2012 | 428 |
| Herman, Diana | McKenna Long And Aldridge LLP | 1997 | 2013 | 445 |
| Guillou, Celine | Pachulski Stang Young & Jones LLP | 1998 | 2012 | 450 |
| Greer, Julie | Coblentz Patch Duffy & Bass, LLP | 1999 | 2012 | 460 |
| Picone, John | Hopkins & Carley | 1996 | 2012 | 465 |
| Stimeling, Kathleen | Schiff Hardin LLP | 2000 | 2012 | 490 |
| Flaherty, Jason | Orrick, Herrington & Sutcliffe LLP | 2003 | 2012 | 495 |
| Gehrke, Michele | Sheppard Mullin Richter & Hampton LLP | 2001 | 2012 | 495 |
| Miller, Ann | DLA Piper | 2002 | 2012 | 510 |
| Heaton, Geoffrey | Duane Morris LLP | 1999 | 2012 | 515 |
| Barrett, Michelle | Littler Mendelson P.C. | 1998 | 2012 | 535 |
| Barmak Sani | Kilpatrick Townsend & Stockton LLP | 1997 | 2012 | 540 |
| Porter, Scott | Orrick, Herrington & Sutcliffe LLP | 1997 | 2012 | 555 |
| Bartlett, Jason | Morrison & Foerster LLP | 1998 | 2012 | 559 |
| Kurlekar, Amit | Akin Gump Strauss Hauer & Feld LLP | 2001 | 2012 | 560 |
| Khatiblou, Miriam | Pachulski Stang Young & Jones LLP | 1995 | 2012 | 575 |
| Rivas, Carlos | DLA Piper | 2001 | 2012 | 580 |
| Hung, Richard | Morrison & Foerster LLP | 1998 | 2012 | 582 |
| Greenwood, Gail | Pachulski Stang Young & Jones LLP | 1993 | 2012 | 595 |
| Thorpe, Andrew | Morrison & Foerster LLP | 1999 | 2012 | 595 |
| Joiner, Scott | Cooley Godward | 2002 | 2012 | 600 |
| Appelbaum, Mark | Jones Day | 2003 | 2012 | 600 |
| Mazza, Mia | Morrison & Foerster LLP | 1996 | 2012 | 605 |
| Brynda, Janel | Baker & McKenzie LLP | 2000 | 2012 | 625 |
| Terri Forman | Cooley | 1999 | 2012 | 630 |
| Joiner, Scott | Cooley Godward | 2002 | 2012 | 630 |
| Aronson, Jeffrey | DLA Piper | 1996 | 2012 | 650 |
| Mitchell, Jeffrey | DLA Piper | 2003 | 2012 | 650 |
| Sikes, David | Jones Day | 2002 | 2012 | 650 |
| Ferreira, G. | Greenberg Traurig LLP | 1995 | 2012 | 655 |
| Lange, Barbara | Orrick, Herrington & Sutcliffe LLP | 1994 | 2012 | 660 |
| Schwaab, Andrew | DLA Piper | 1998 | 2012 | 665 |
| Terri Forman | Cooley | 1999 | 2013 | 670 |
| McDaniels, Keith | Cooley LLP | 1996 | 2013 | 695 |
| Griebe, Benjamin | DLA Piper | 1999 | 2012 | 695 |
| Agenbroad, Aaron | Jones Day | 1997 | 2012 | 700 |
| Sheen, Raymond | Jones Day | 1997 | 2012 | 700 |

Litigation Cost Management     **Range of Rates -- Richard Fruto**     <u>Gallimore v. Kaiser</u>

| Name | Firm | Bar Date | Rate Year | Actual Rate |
|------|------|----------|-----------|-------------|
| Lee, Victoria | DLA Piper | 1993 | 2012 | 725 |
| Yamashita, Brent | DLA Piper | 1997 | 2012 | 725 |
| Keegan, Christopher | Kirkland & Ellis LLP | 2002 | 2012 | 725 |
| Litvak, Maxim | Pachulski Stang Young & Jones LLP | 1997 | 2012 | 725 |
| Wit, Terry | Quinn Emanuel | 2002 | 2012 | 730 |
| Briggs, Todd | Quinn Emanuel | 2000 | 2012 | 735 |
| Adelson, Eliot | Kirkland & Ellis LLP | 1999 | 2012 | 745 |
| Paz, Stacy | DLA Piper | 2002 | 2012 | 750 |
| Limbach, Alan | DLA Piper | 1994 | 2012 | 755 |
| Lohse, Timothy | DLA Piper | 1994 | 2012 | 755 |
| McKane, Mark | Kirkland & Ellis LLP | 1997 | 2012 | 765 |
| McKane, Mark E. | Kirkland & Ellis LLP | 1997 | 2012 | 765 |
| Huibonhoa, Katherine | Paul Hastings | 1998 | 2012 | 765 |
| Tang, John | Jones Day | 1996 | 2012 | 775 |
| McKitterick, Nate | DLA Piper | 1994 | 2012 | 790 |
| McKitterick, Nathaniel | DLA Piper | 1994 | 2012 | 790 |
| Bertenthal, David | Pachulski Stang Ziehl & Jones LLP | 1993 | 2012 | 795 |
| Maroulis, Victoria | Quinn Emanuel | 1996 | 2012 | 815 |
| Doolittle, Patrick | Quinn Emanuel | 2000 | 2012 | 895 |
| Eandi, Susan | Baker & McKenzie LLP | 1997 | 2012 | 925 |
| Flores, Victor | Baker & McKenzie LLP | 1998 | 2012 | 925 |
| Derek L. Shaffer | Quinn | 2001 | 2014 | 930 |
| Travers, Mischa | Davis Polk & Wardwell LLP | 1996 | 2012 | 985 |
| Simon, Spencer | Sullivan & Cromwell LLP | 1999 | 2012 | 990 |
| Brian Cannon | Quinn | 1997 | 2014 | 995 |
| Brian Cannon | Quinn | 1997 | 2015 | 995 |
| Charles K. Verhoeven | Quinn | 1994 | 2013 | 1,075 |
| Mousavi, Nader | Sullivan & Cromwell LLP | 1997 | 2012 | 1,150 |

**PROOF OF SERVICE**
GALLIMORE V. KAISER
CASE NO. RG12616206

**STATE OF CALIFORNIA,**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 550 S. Hope Street, Suite 1645, Los Angeles, CA 90071.

On October 15, 2015, 1 served the foregoing document described as **DECLARATION OF GARY GREENFIELD IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES AND SERVICE AWARD FOR WENDY GALLIMORE** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

BRIAN S. LEE                          **COUNSEL FOR DEFENDANT**
MARK PALLEY                       KAISER FOUNDATION HEALTH PLAN, INC.
MARION'S INN LLP
1611 Telegraph Ave., Ste 707
Oakland, CA 94612
Tel: (510) 451-6770
Fax: (510) 451-1711
Email: bl@marionsinn.com
Email: mp@marionsinn.com

**X**_____ **(By Federal Express)** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence or packages for the delivery via Federal Express. Under that practice it would be deposited in a box or other facility regularly maintained by Federal Express or delivered to an authorized Federal Express courier authorized by Federal Express to receive documents on that same day, with delivery fees paid, addressed to the person on whom it is to be served, at the last office address as given by that person on the last documents filed in the cause and served on this office, or at that person's place of residence.

**X**_____ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 15, 2015 at Los Angeles, California.

Leticia Shaw

1

EXHIBIT 3

ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611

Attorneys for Plaintiff
WENDY GALLIMORE, on behalf of herself
and all others similarly situated

ENDORSED
FILED
ALAMEDA COUNTY

2015 NOV 12  PM 12: 42

CLERK OF THE SUPERIOR COURT
H. SALCIDO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| WENDY GALLIMORE, on behalf of herself and all others similarly situated, | CASE NO.: RG12616206 |
| | Assigned to Hon. Wynne Carvill Dept. 21 |
| Plaintiff, | **SUPPLEMENTAL DECLARATION OF GARY GREENFIELD IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES AND A SERVICE AWARD FOR WENDY GALLIMORE** |
| v. | |
| KAISER FOUNDATION HEALTH PLAN, INC.; and DOES 1 through 20, Inclusive | **Date:  November 19, 2015** |
| | **Time:  8:30 a.m.** |
| Defendants. | **Dept: 21** |
| | _**R1675882**_ |
| | [Filed Concurrently with Reply Brief in Support of Motion for an Award of Attorney Fees; Supplemental Request for Judicial Notice; Supplemental Declaration of Robert S. Gianelli; and Objections to Defendant's Evidence] |

1

*SUPPLEMENTAL DECLARATION OF GARY GREENFIELD IN SUPPORT OF MOTION FOR AN AWARD OF*
*ATTORNEY FEES AND A SERVICE AWARD FOR WENDY GALLIMORE*

1  ROBERT S. GIANELLI, #82116
   JOSHUA S. DAVIS, #193187
2  GIANELLI & MORRIS, A Law Corporation
   550 South Hope Street, Suite 1645
3  Los Angeles, CA 90071
   Tel: (213) 489-1600; Fax: (213) 489-1611
4
5  Attorneys for Plaintiff
   WENDY GALLIMORE, on behalf of herself
6  and all others similarly situated

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF ALAMEDA

11

12 WENDY GALLIMORE, on behalf of herself   )  CASE NO.: RG12616206
   and all others similarly situated,      )  Assigned to Hon. Wynne Carvill Dept. 21
13                                          )
                                            )
14              Plaintiff,                  )  **SUPPLEMENTAL DECLARATION OF**
                                            )  **GARY GREENFIELD IN SUPPORT OF**
15                                          )  **MOTION FOR AN AWARD OF**
        v.                                  )  **ATTORNEY FEES AND A SERVICE**
16                                          )  **AWARD FOR WENDY GALLIMORE**
                                            )
17                                          )
   KAISER FOUNDATION HEALTH PLAN,           )  **Date:  November 19, 2015**
18 INC.; and DOES 1 through 20, Inclusive   )  **Time:  8:30 a.m.**
                                            )  **Dept: 21**
19              Defendants.                 )
                                            )  **_R1675882_**
20 _____)

21                                             [Filed Concurrently with Reply Brief in Support
                                               of Motion for an Award of Attorney Fees;
22                                             Supplemental Request for Judicial Notice;
                                               Supplemental Declaration of Robert S. Gianelli;
23                                             and Objections to Defendant's Evidence]

24

25

26

27

28

                                    1
─────────────────────────────────────────────────────────────
*SUPPLEMENTAL DECLARATION OF GARY GREENFIELD IN SUPPORT OF MOTION FOR AN AWARD OF*
*ATTORNEY FEES AND A SERVICE AWARD FOR WENDY GALLIMORE*

I, Gary Greenfield, declare:

1.     I am making this Declaration in support of the Motion for Attorneys' Fees ("Motion") by plaintiff Wendy Gallimore ("plaintiff") in this action.  I have personal knowledge of the matters set forth in this Declaration, and, if called upon to testify, I could and would competently testify thereto. I filed a Declaration in support of the Motion (the "Original Declaration"). I have been asked to respond to various of the statements in the Declaration of Grant D. Stiefel filed in support of the Opposition to the Motion ("Stiefel Declaration").

2.     First, I want to clarify that my opinions regarding the reasonableness of the rates being sought for plaintiff's counsel on this Motion were not based simply or even primarily on the rate analyses attached as Exhibits to my original Declaration in support of the Motion.  My opinions are based on my experience and knowledge of the rates charged and awarded for work in class action litigation in the San Francisco Bay Area based on my having received, reviewed and analyzed rates in hundreds of cases involving various types of litigation during the course of my work covering the last twenty-four years.  These have involved individual cases, multi-party cases and class actions, but, in the last two years alone, I have reviewed fees and rates as a consultant or expert witness in at least ten cases involving class actions.  Based on that work, as well as my review of articles, cases, surveys and databases of rates (as explained in my Original Declaration), I am extremely familiar with the rates billed and awarded in class action litigation, and my opinions in the Original Declaration are based on that knowledge and experience.  The purpose of the Exhibits attached to my Original Declaration was to show the range of rates charged by firms handling class action litigation based on the cases I had worked on and in publicly available rate data, and that the rates being sought on this Motion fell within that range.   (All of the firms in the Exhibits handle class action work, either or both as plaintiffs' lawyers or defense counsel.)

3.     Mr. Stiefel's critique that there were "a number" of unspecified non-litigators in the rates analysis is misplaced.  As I explained in my original declaration, I used hourly rates of law firms that handle complex class action litigation in the Bay Area.  These include many large law firms that handle both litigation and transactional work for their clients. While there is some variation by specialty, the hourly rates of these law firms generally follow experience level, and

2

1    the rates of attorneys from these law firms, regardless of department, generally indicate the hourly

2    rates of other lawyers in other departments of similar experience level.  In any event, in the Bay

3    Area, the rates billed for class action litigation is at the higher end of the rate structure for these

4    firms.

5         4.    Mr. Stiefel also criticizes my Original Declaration on the grounds that there are

6    numerous duplicate entries in the analysis.  We have reviewed those analyses.  To the extent that

7    Mr. Stiefel is referring to the same biller who charged a different rate in a different year, those are

8    not duplicates.  They are appropriately included just as would the rate of a different biller who

9    charged the same rate in the "second" year.  However, we identified a few "true" duplicates in the

10   analysis (which would happen because sometimes names were spelled differently and would not

11   be caught in a search or for other reasons.)  The impact of removing them from the analysis was

12   minimal.  The percentile that each biller's rate reflected of the rates in the Exhibits to the Original

13   Declaration were as follows:  Mr. Gianelli's rate moved from the 86th percentile to the 87th

14   percentile; Mr. Davis's rate moved from the 57th percentile to the 58th percentile; Ms. Pae

15   remained at the 82nd percentile; Mr. Barrio's rate moved from the 52nd percentile to the 53rd;

16   Ms. Colbert's rate remained at the 51st percentile; and Mr. Fruto's rate moved from the 20th

17   percentile to the 21st percentile.

18        5.    Throughout Mr. Stiefel's Declaration, he criticizes how I define the market of

19   rates to use against which to evaluate the rates sought on the Motion.  He states, for example, that

20   the rates I used "do not actually reflect the prevailing market rate for competent litigators in the

21   Bay Area" (Stiefel Declaration, para. 20), "do not reflect the average market rate in the local legal

22   community as a whole" (Stiefel Declaration, para. 21) and are not "rates typically charged by

23   most Bay Area litigators" (Stiefel Declaration, para. 23).  However, the market to be looked at are

24   not the rates of "competent" litigators, "the average market rate in the local legal community as a

25   whole," or the rates charged "by most Bay Area litigators."  The rates to be looked at are the rates

26   charged by lawyers of comparable skill, experience, and reputation in the market.  If one were

27   looking at the average rates in the market, or the rates of "competent" lawyers, or the rates

28

*SUPPLEMENTAL DECLARATION OF GARY GREENFIELD IN SUPPORT OF MOTION FOR AN AWARD OF
ATTORNEY FEES AND A SERVICE AWARD FOR WENDY GALLIMORE*

1    typically charged by "most Bay Area litigators," the type of work would be irrelevant, as would

2    the skill, experience, and reputation of the lawyers.

3         6.       Much of the work on this case was done by Robert Gianelli and Joshua Davis and

4    I want to further address in particular the appropriateness of the rates being sought for them on

5    this Motion.

6         7.       Mr. Gianelli is a highly regarded expert in the field of both complex insurance

7    litigation and class actions.  His expertise and skill is demonstrated by plaintiff's prevailing not

8    only in the hard fought class action aspects of the case but in the trial.  Moreover, reputation is

9    one of the elements in assessing rates, and Mr. Gianelli is widely recognized for his expertise and

10   skill as demonstrated by the honors he has won as described in my Original Declaration.  There

11   are many highly skilled, excellent litigators handling class action work in the Bay Area who bill

12   and are paid $900 per hour, but who do not have Mr. Gianelli's reputation.

13        8.       Mr. Davis is a lawyer with 18 years of experience and substantial expertise and

14   experience in both insurance litigation and class actions, the two major areas of this litigation.

15   The fact that he is not a "partner" in the Gianelli firm is irrelevant to a rate analysis (as discussed

16   in more detail below.)  The Gianelli firm is not a structured law firm that accords titles to its

17   attorneys. Mr. Davis handled major aspects of this complex case on day-to-day level in the

18   manner that a "partner" at a big law firm would handle the case, including depositions (including

19   expert depositions), motions and second-chairing the trial. The rate of $700 per hour is well

20   within the range of rates for lawyers of his skill experience and reputation in the Bay Area, as

21   demonstrated in my Original Declaration.

22        9.       Mr. Stiefel's basic criticism is that the rates are drawn heavily from large law

23   firms, but that ignores the fact that, in the Bay Area (which is a major center for class action

24   litigation), class action litigation has become the province of various large firms and smaller

25   highly skilled firms that charge equivalent rates.  That is the "market" of firms handling class

26   action litigation.  While smaller firms, such as the Gianelli firm, also handle class action

27   litigation, they are commonly awarded rates that are commensurate with the rates charged by

28   class action litigators at large firms (as the awards to the Gianelli firm in other litigation

4

1    demonstrates.)  Moreover, in undertaking a rate analysis for determining market rates in fee-
2    shifting litigation, the size of the law firms whose rates are being looked at (either because they
3    are seeking fees or because they are part of the market being analyzed) is irrelevant.  Courts do
4    not penalize lawyers who are comparable to lawyers in large firms and doing comparable work
5    just because they choose to practice in small firms.  The fact that large law firms may charge
6    higher rates in part because of a higher overhead structure (Stiefel Declaration, para. 35) is not
7    considered relevant to a rate analysis in this type of case.  Courts have rejected the notion of
8    having to analyze the overhead and other aspects of the cost structure of various firms in trying to
9    determine what rates to apply in fee-shifting cases, in part because of the enormous complexities
10   it would inject into the process for each case.  One is supposed to look at the rates of comparable
11   lawyers handling comparable work in the market, regardless of the size of firm.

12          10.     Mr. Stiefel does a rate analysis by dividing lawyers into partners and associates
13   and then attempting to determine rates based on that dichotomy (presumably because the
14   Tymetrix data he attaches to his Declaration has no experience information other than using
15   partners and associates.)  However, there are a number of problems with this approach.  First,
16   dividing the world of law firm lawyers up into partners and associates does not provide a viable
17   method of assessing rates.  Two lawyers with four years of experience who open their own law
18   firm may decide to be "partners," but that does not mean they have the equivalent experience of
19   an 18-year lawyer such as Mr. Davis, let alone a 37-year lawyer such as Mr. Gianelli.  Yet, under
20   Mr. Stiefel's approach, the 4-year lawyers would be "grouped" with Mr. Gianelli.  "Partner" and
21   "associate" may be a meaningful term within a particular firm, but they are not useful terms as the
22   only method of determining the rates in the legal market.  For this reason, one has to look at
23   actual experience, not labels.

24          11.     In addition, Mr. Stiefel attempts to use the rates in Mr. Pearl's Declaration to
25   support his analysis by stating that the median rates for partners and associates are in line with
26   what he is suggesting is appropriate, but there is no way to identify the partners and associates in
27   Mr. Pearl's analysis with respect to a number of the firms so it is not apparent how Mr. Stiefel
28

1   arrives at his conclusions.  Mr. Pearl's information on firms' hourly rates were by years of

2   experience as in my analysis.

3       12.   Mr. Stiefel attempts to use a few pages from a Tymetrix report to support his

4   analysis.  However, the Tymetrix data does not address levels of experience (other than the

5   partner/associate distinction discussed above), nor the reputation or skill of the lawyers, nor the

6   areas of litigation being analyzed, except, in one analysis, all work other than insurance defense

7   and, in the second analysis, general liability, insurance defense and intellectual property.

8

9   I declare under penalty of perjury under the laws of the State of California that the foregoing is

10  true and correct and that this declaration was executed this ___11th___ day of November 2015 at New

11  York, New York.

12

13                                                          GARY GREENFIELD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28