ROBERT S. GIANELLI, #82116
JOSHUA S. DAVIS, #193187
ADRIAN J. BARRIO, #219266
GIANELLI & MORRIS, A Law Corporation
550 South Hope Street, Suite 1645
Los Angeles, CA 90071
Tel: (213) 489-1600; Fax: (213) 489-1611
rob.gianelli@gmlawyers.com
joshua.davis@gmlawyers.com
adrian.barrio@gmlawyers.com

Attorneys for Plaintiff
BANAFSHEH AKHLAGHI,
on behalf of herself and all others
similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, OAKLAND**

| | |
|---|---|
| BANAFSHEH AKHLAGHI, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CIGNA CORPORATION; CIGNA HEALTH AND LIFE INSURANCE COMPANY, <br> Defendants. | Case No.: 4:19-cv-3754-JST (JCSx) <br> Assigned to Hon. Jon S. Tigar, CR6 <br><br> **[PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT AND GRANTING IN PART MOTION FOR ATTORNEY'S FEES, COSTS, AND SERVICE AWARD \*AS MODIFIED\*** <br><br> Date: February 23, 2023 <br> Time: 2:00 p.m. <br> Place: Courtroom 6 |

1      The Motion of Plaintiff Banafsheh Akhlaghi ("Plaintiff"), on behalf of herself and the Class, for final approval of the class action Settlement reached with Defendant Cigna Health and Life Insurance Company (collectively, "Cigna") in this lawsuit (the "Litigation") came on for hearing before this Court on February 23, 2023.  After the hearing, the Court ordered Plaintiff to file a supplemental brief that addressed "the effect of the *Bluetooth* factors on Plaintiff's attorney's fees request"; "how should the Court consider the fact that (1) the fee award will be paid directly by Defendant and will not alter the amount of the settlement, and (2) [a]lthough the fact is not explicitly stated in the Settlement, if the Court awards less than [$542,382.50] in fees, Defendant[] keep[s] the amount of the difference and those funds are not distributed to the class, meaning that this arrangement . . . potentially denies the class money that Defendant[] [was] willing to pay in settlement"; and "whether the 846.7 hours expended on this litigation were reasonable[.]"  ECF No. 111 (internal citations and quotations omitted).  Plaintiff filed this brief on March 3, 2023.  ECF No. 112.  Plaintiff and Cigna are collectively referred to herein as the "Parties."  Mantia Mazda and Matt Caplan appeared as attorneys for Cigna, and Robert S. Gianelli and Joshua S. Davis appeared as attorneys for Plaintiff and the Class.  After considering the Settlement, the moving papers, arguments of counsel, and all other matters presented to the Court, it is hereby ORDERED, ADJUDGED, AND DECREED, as follows:

   1.      The Motion for Final Approval of Class Action Settlement is hereby GRANTED.

   2.      This Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment") incorporates and makes part hereof: (a) the Parties' Settlement Agreement filed on November 30, 2021, including Exhibits A to E [ECF. Nos. 95, 95-1] (collectively the "Agreement"); and (b) the Court's findings and conclusions contained in its Order Granting Motion for Preliminary Approval of Class Action Settlement [ECF. No. 101] (the "Preliminary Approval Order").  All defined terms in this Final Order and Judgment shall have the same meanings as in the Agreement.

   3.      All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final.  Additionally, the Court has considered the three "warning signs" outlined in

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), and concludes that they do not weigh against approval of the settlement. The signs in question are:

> (1) when counsel receive a disproportionate distribution of the settlement, or the class gets no monetary distribution but class counsel are well compensated; (2) when the parties negotiate "clear sailing" arrangements for the payment of attorney's fees wherein the defendant agrees not to object to the fee application presented to the court; and (3) when the agreement includes a "reversion" or "kicker" provision under which any reduction in attorney's fees reverts to the defendant rather than being added to the class fund.

*Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1125 (9th Cir. 2020) (quoting *In re Bluetooth*, 654 F.3d at 947). Here, as in *Campbell*, with respect to the first factor, "it is difficult to put a dollar figure on" the injunctive relief here, but the relief obtained has "meaningful value." *Id.* at 1126. Indeed, Defendant has agreed to revise its previous position that Lipedema surgery would not be covered. The Settlement requires that Defendant cover the surgery going forward and to reprocess prior denials of the surgery. Additionally, class members whose previous coverage requests were denied and paid out-of-pocket for the surgery may make claims for reimbursement. The Ninth Circuit has explained that "[i]n situations like this one, where 'the benefit to the class' is not 'easily quantified,' district courts have discretion to award fees based on how much time counsel spent and the value of that time (a lodestar calculation) without needing to 'perform a crosscheck' in which they attempt to estimate how this compares to the recovery for the class." *Id.* The Court concludes that Plaintiff's lodestar calculation justifies Plaintiff's counsel's fees, and therefore, Plaintiff's counsel is not receiving a disproportionate distribution of the settlement. Similarly, the second and third factors do not demonstrate that the settlement was unfair. First, Plaintiff obtained the relief he requested, and the parties did not have any discussions regarding attorney's fees and costs until after they reached a settlement agreement. ECF No. 112 at 4. Second, "[a]n injunctive-relief-only class settlement, by definition, has no fund into which any fees not awarded by the court could possibly revert." *Campbell*, 951 F.3d at 1127. Moreover, neither the fact that the fee award will be paid directly by Defendant, nor the fact that if the Court were to award a lower fee than requested, Defendants keeps the difference do not counsel against approving the settlement. *Cf. Rollins v. Dignity Health*, No. 13-cv-01450-JST, 2019 WL 8165915, at *2–3 (N.D. Cal. Oct. 28, 2019). Here,

3

1  the monetary award to the class is based upon the out-of-pocket cost that individual class members
2  paid for their Lipedema surgeries.  The fees paid or not paid to Plaintiff's counsel do not impact
3  these costs because there is no cap on reimbursement of out-of-pocket costs.

4    4.  The Court has personal jurisdiction over all members of the Class.  The Court has
5  subject matter jurisdiction over the claims asserted in this Litigation to approve the Settlement, and
6  all exhibits attached thereto.  Venue is proper.  The Settlement is fair, reasonable, and adequate, and
7  consistent and in compliance with the applicable provisions of the United States Constitution, its
8  Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the
9  Settlement Class.  The Court also finds that the Litigation was concluded only after Plaintiff and
10 Cigna conducted their own investigations and evaluations of the factual and legal issues raised by
11 Plaintiff's claims, as well as Cigna's defenses, and is the result of arms-length negotiations.

12   5.  Of the 239 Class Members, only one has filed an objection. ECF No. 106.  The
13 objector challenges the provision of the Settlement that makes individuals who were not members
14 of Cigna as of October 20, 2021 and who had not paid unreimbursed amounts for Lipedema Surgery
15 ineligible for review under the Settlement.  The provision was included in the Settlement because
16 Class Members that are no longer members of Cigna may have coverage for Lipedema Surgery
17 under their new health insurance plans and can file claims with those providers. ECF No. 107 at 19.
18 Additionally, these Class Members may still pursue individual claims against Cigna because,
19 pursuant to the Settlement, they have not released any claims and the statute of limitation for any
20 claims has been tolled from the date this action filed "until the Effective Date of the Settlement."
21 *Id.*  Finally, "[t]here is no way in advance for the Parties to know which Class Members have or [do
22 not] have coverage with another plan, the scope of that coverage, or whether the Class Member
23 submitted a coverage claim to [their] new plan." *Id.*  Accordingly, while acknowledging the
24 objector's concerns, the Court nonetheless finds that the Settlement is reasonable because Class
25 Members who are ineligible for review may still pursue claims with their new health insurance
26 provider or against Cigna.  Additionally, the Parties would face challenges in determining whether
27 the Class Members are covered under their new plans, what the scope of coverage is under the new

4

plans, and whether they have filed claim under the new plans..  Therefore, the Settlement is hereby finally approved.

6. The Class, as defined at page 3 of the Settlement, paragraph 8(c) is finally certified for settlement purposes.

7. The Court hereby directs the Parties and their counsel to implement and consummate the Settlement according to its terms and provisions.

8. Pursuant to the Court's Preliminary Approval Order, the notice requirement was satisfied in that the Class Administrator sent the Notices to each Class Member in the Class, no later than 34 days after entry of the Preliminary Approval Order, by first-class mail, postage prepaid, to each Class Member's last known address, and where necessary, further steps were taken in accordance with the Agreement to obtain updated addresses when the mail was returned as undelivered and to re-send the Notice.  Class Members had the opportunity to object to the Settlement and the Agreement, or to exclude themselves from the Class, and they were informed of the date, time, and location of the Final Approval Hearing and had the opportunity to appear at the Final Approval Hearing.  These procedures afforded protections to persons in the Class and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class Members.

9. The Notices and all other instruments provided to the Class Members:

    (a) constituted the best practicable notice under the circumstances;

    (b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement and to appear at the Final Approval Hearing;

    (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

    (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments, including the Due Process Clause.

10. Class Counsel and Plaintiff adequately represented the Class for purposes of entering into and implementing the Settlement.

11. No Class Members have requested exclusion from the Class.

12. Class Counsel are hereby awarded attorney's fees in the amount of $542,382.50 and costs in the amount of $24,986.64, for a total award of $567,369.14 ("Class Counsel Payment"). The Court concludes that Plaintiff's counsel are entitled to the lodestar amount of $567,369.14 because the hours expended and the hourly rates of Plaintiff's counsel are reasonable. This amount covers any and all claims for attorney's fees, expenses, and costs incurred by any and all Class Counsel in connection with the Settlement of the Litigation and the administration of such Settlement. Class Counsel Payment shall be provided by Cigna to Gianelli & Morris in accordance with Paragraph 18 of the Settlement.

13. "[Incentive] awards are discretionary and are intended to compensate class representatives for work done on behalf of the class . . . ." *Rodriguez v. W. Pub'lg Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (internal citation omitted). In determining the amount of such awards, the Court should consider:

> (1) the actions the plaintiff has taken to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; (3) the duration of the litigation and the amount of time and effort the plaintiff expended in purs[u]ing it; and (4) the risks to the plaintiff in commencing the litigation, including reasonable fears of workplace retaliation, personal difficulties, and financial risks.

*Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *32 (N.D. Cal. Apr. 1, 2011). "[C]ourts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157, 1164 (9th Cir. 2013). In the Ninth Circuit, an incentive award of $5,000 is presumptively reasonable. *See Harris v. Vector Mktg. Corp.*, No. 08-cv-5198-EMC, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012) ("Several courts in this District have indicated that incentive payments of $10,000 or $25,000 are quite high and/or that, as a general matter, $5,000 is a reasonable amount.").[1] Courts will, however, grant an award that exceeds $5,000.00 when it is

---

[1] At some point, the common law will have to reckon with inflation. $5,000 in February 2012, when the *Harris* decision was issued, had the same buying power as $6,752 had in August 2023, the most recent period for which data are available. Bureau of Labor Stat., CPI Inflation Calculator, https://www.bls.gov/data/inflation_calculator.htm (last accessed Oct. 6, 2023). And the problem will only become more pronounced; the annual inflation rate is currently 3.7%. Bureau of Labor Stat., 12-month Percentage Change, Consumer Price Index, Selected Categories,

warranted. *See, e.g.*, *Willner v. Manpower Inc.*, No. 11-cv-02846-JST, 2015 WL 3863625, at *9 (N.D. Cal. June 22, 2015) (granting at $7,500 award, rather than the $11,000 request from a $8.75 million settlement fund; the average payment was approximately $605.02, but the named plaintiff spent fifty-four hours prosecuting the action over four years, suffered the risk of reputational and professional harm, and signed a broader release than the other class members). Plaintiff Banafsheh Akhlaghi requests $15,000 as an incentive award for participation as a Class Representative in the Action. Pursuant to the Settlement, the Class Members will not receive any payment, but they will receive the "relief requested in the . . . Second Amended Complaint." ECF No. 105-1 ¶ 7. Akhlaghi states that over two years, she spent 50 hours "on this lawsuit . . . gathering documents that had been requested by Cigna; reviewing [her] responses to Cigna's discovery requests; conferring with [her] counsel; and reviewing correspondence and documents sent to [her] by counsel." ECF No. 105-2 ¶ 7. The Court finds that a presumptively reasonable award, adjusted for inflation, adequately compensates Akhlaghi for these efforts. *See* n.1, *supra*. The Court therefore approves an incentive award in the amount of $6,752. Cigna shall pay this incentive award in accordance with Paragraph 18 of the Settlement.

14. The release of claims set forth in Paragraphs 8(s) and 14-15 of the Settlement is incorporated herein and effective as of the date of this Final Order and Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Released Claims.

15. Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement and this Order, and for any other necessary purpose; *provided*, *however*, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 18, 19, and 20 of this Final Order and Judgment. The Parties submit to the jurisdiction of the Court for purposes of administration, construction, consummation, enforcement, and interpretation of the Settlement.

---

https://www.bls.gov/charts/consumer-price-index/consumer-price-index-by-category.htm (last accessed Oct. 6, 2023).

16. The Settlement is binding on, and has res judicata and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and any other Class Members, as well as their Related Parties that allege Released Claims, as defined in the Settlement.

17. Neither this Final Order and Judgment, nor the Settlement, nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and Judgment or the Settlement is, may be construed as, or may be used as an admission or concession by or against Cigna of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Plaintiff's claims or Cigna's denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Judgment or the Settlement; provided, however, that this Final Order and Judgment and the Settlement may be filed in any action against or by Cigna or the Class Members to support a defense of res judicata, collateral estoppel, release, waiver, good-faith Settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

18. The Parties are authorized, without further approval from the Court, to agree to and adopt such non-substantive amendments, modifications, or expansions of the Settlement and all exhibits attached thereto that are consistent with this Final Order and Judgment, and that do not limit the rights of persons in the Settlement Class. Any substantive amendments, modifications, or expansions of the Settlement and the exhibits attached thereto shall require prior approval by the Court.

19. Any work product retained by Plaintiff or Class Counsel that is based on or incorporates information designated as Confidential Material pursuant to the terms of the Protective Order previously entered in this case and provided by Cigna shall be deemed Confidential Material

pursuant to the terms of the Protective Order, and the disclosure or use of such materials shall be subject to the same restrictions as Confidential Materials pursuant to the terms of the Protective Order previously entered in this case.

20. Each and every Class Member who has not been excluded from the Settlement, and their Related Parties, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, except for claims to enforce the Settlement.

21. Section 1715(b) of the Class Action Fairness Act of 2005 requires a settling defendant to "serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official" a specified group of documents describing the settlement. Pursuant to section 1715(d), final approval cannot be issued earlier than 90 days after notice is given under section 1715(b). Cigna served the necessary documents upon the appropriate officials on December 10, 2021. This order is signed more than 90 days after Cigna served the documents. The Court therefore finds that Cigna is in full compliance with the Class Action Fairness Act, 28 U.S.C. section 1715.

22. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment.

**IT IS SO ORDERED.**

DATED: October 10, 2023          By: _____
                                      Honorable Jon S. Tigar
                                      United States District Court Judge

9